UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| OLYMPUS SPA, MYOON WOON LEE, SUN LEE, JANE DOE EMPLOYEE 1, JANE DOE EMPLOYEE 2, JANE DOE EMPLOYEE 3, JANE DOE PATRON 1,<br><br>Plaintiffs,<br><br>v.<br><br>SHARON ORTIZ, in her official capacity as Executive Director of the Washington State Human Rights Commission,<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]**<br><br>[Demand for Jury Trial] |

COME NOW Plaintiffs, by and through their undersigned attorneys, and allege as follows:

## INTRODUCTION

1. Unclothed women receive treatments at a traditional Korean health spa. All employees and patrons are women. A transgender woman (a male who

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 1

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

identifies as a woman) seeking access to the spa filed a complaint with the Washington State Human Rights Commission for not opening the spa's services to males in violation of the State's public accommodations law. Under Washington law, failure to comply with the State's public accommodation law can lead to prosecution, lawsuits, and fines causing ruinous financial burdens on the spa. The family-run business is owned by Christians who hold sincere, faith-based convictions against allowing persons whose genitals are exterior (males) to be present with persons whose genitals are interior (females) while in a state of partial or full undress if such persons are not married to one another. What is more, the spa's all female patrons will be subjected to visual violation, anguish, and rage if males are allowed access to the all-female facility. Not surprisingly, the customers have clearly communicated that they will not return under such circumstances, causing the business to spiral into bankruptcy. This Christian-owned and operated spa is thus caught between the Scylla of punitive sanctions imposed by the State and the Charybdis of violating religious convictions. Therefore, Plaintiffs seek redress in the courts.

## DEFINITIONS

2. For purposes of this Complaint, the following definitions are used:

a. *Male*: a person whose genitals are exterior. Unless a modifier indicates otherwise, all references to "man" or its cognates refers to a *male*.

b. *Female*: a person whose genitals are internal. Unless a modifier indicates otherwise, all references to "woman" or its cognates refers to a *female*.

c. *Gender expression or identity*: having or being perceived as having a gender identity, self-image, appearance, behavior, or expression, whether or not that gender identity, self-image, appearance, behavior, or

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 2

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

expression is different from that traditionally associated with the sex assigned to that person at birth. Wash. Rev. Code § 49.60.040(27).

    d. *Transgender woman*: a person who is biologically male but identifies as a woman.

    e. *Transgender man*: a person who is biologically female but identifies as a man.

## PARTIES

3. Olympus Spa is a business entity incorporated in the State of Washington. The Spa is specifically designed for women in which its services are closely tied to the Korean tradition which requires its users to be naked while undergoing certain services.

4. Myoon Woon Lee is the owner of Olympus Spa.

5. Sun Lee is the president of Olympus Spa.

6. Jane Doe Employee 1 is a female who works at Olympus Spa where she provides services and treatments for female patrons who are naked or in a partial state of undress.

7. Jane Doe Employee 2 is a female who works at Olympus Spa where she provides services and treatments for female patrons who are naked or in a partial state of undress.

8. Jane Doe Employee 3 is a female who works at Olympus Spa where she provides services and treatments for female patrons who are naked or in a partial state of undress.

9. Jane Doe Patron 1 is a female who frequents Olympus Spa where she is provided services and treatments while naked or in a partial state of undress.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 3

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

10. Defendant Sharon Ortiz is the executive director of the Washington State Human Rights Commission. She is charged with enforcement of the anti-discrimination laws challenged here and codified under the Revised Code of Washington §§ 49.60 et seq. Director Ortiz is sued in her official capacity.

## JURISDICTION AND VENUE

11. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2), (c)(2), and (d), because the events giving rise to the claim occurred in Lynnwood, Washington, for which the Western District of Washington maintains jurisdiction.

13. This action is brought pursuant to the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983. This Court has pendent jurisdiction over state claims.

## FACTS

14. Myoon Woon Lee is the owner, and Sun Lee serves as president, of two women's (female's) Korean spas called Olympus Spa which are located in the cities of Tacoma and Lynnwood in the State of Washington. Olympus Spa has been in business for more than 20 years.

15. Olympus Spa is specifically designed for females. The facility has a bath area containing multiple whirl-pools, a traditional Korean body-scrub service area, standing showers, sit-down showers, a steam room, and a dry sauna.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 4

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

Patrons are typically fully naked when using these sections of the spa and have visual access to other patrons.

16. A female receiving a Korean body scrub service or massage at Olympus Spa must do so unclothed. The employees who provide body scrubs (*ddemiri*) and massages are all females. Indeed, every employee who works on site is a female. Nudity is required for certain procedures called "Seshin" according to Korean tradition. It is Olympus Spa's business purpose to provide traditional Korean kiln saunas and exfoliation therapy experiences. (*Exfoliation* is the removal of dead skin cells).

17. As traditional, theologically conservative Christians, the president and owners believe in modesty as between the sexes. They hold the conviction that a male and a female should not ordinarily be in each other's presence while in the nude unless married to each other.

18. The spa policy admits females who are older than 13 years of age. In theory, the spa will admit a transgender woman who has gone through post-operative sex confirmation surgery. If someone physically presents in the nude as a female, the spa does not ask questions. Indeed, it would be impertinent to do so. In like manner, a transgender man who has had sex reassignment surgery and presents in the nude as a male would not be allowed access to the spa.

19. Jane Doe Employee 1 is a female who works at Olympus Spa. She is a Christian who believes that males and females should not be together in a state of full or partial undress if not married to each other. As such, she will not perform services such as massages and body scrubs on naked men (males). Her religious convictions are sincerely held and are consistent with her employer. She

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 5

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

is faced with the dilemma of losing her job or violating her conscience which is informed by her faith.

20. Jane Doe Employee 2 is a female who works at Olympus Spa. She is a Christian who believes that males and females should not be together in a state of full or partial undress if not married to each other. As such, she will not perform services such as massages and body scrubs on naked men (males). Her religious convictions are sincerely held and are consistent with her employer. She is faced with the dilemma of losing her job or violating her conscience which is informed by her faith.

21. Jane Doe Employee 3 is a female who works at Olympus Spa. She is a Christian who believes that males and females should not be together in a state of full or partial undress if not married to each other. As such, she will not perform services such as massages and body scrubs on naked men (males). Her religious convictions are sincerely held and are consistent with her employer. She is faced with the dilemma of losing her job or violating her conscience which is informed by her faith.

22. Jane Doe Patron 1 is a female who frequently receives treatments at Olympus Spa. As per the traditional Korean treatments for females, the treatments that she receives are done while naked or in a state of partial undress. She is a Christian who believes that men and women should not be viewing each other's naked bodies unless married to each other. Further, she chooses to associate with like-minded females at Olympus Spa. This is based on her sincerely held religious convictions.

23. There have been incidents where a male was able to penetrate the interior of the facility without asking about the Olympus Spa policy. A particular

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 6

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

incident occurred about six years ago when a female patron came up to the front of the spa to notify employees that a customer with male genitals was roaming around the spa. The manager on duty went to talk to the male and at the moment that individual was walking from the restroom stall with an open front robe. This was where the manager was able to confirm that the patron was a transgender woman with male genitals. The manager politely asked to speak with the patron in private and explained Olympus Spa's female-only policy. Luckily, the patron understood and left the spa. A few upset customers who were visiting that day asked for refunds and left the spa.

24. In other incidents, female patrons noticed male genitals exposed in the locker room and/or pool area. During these incidents, the female patrons experienced humiliation, trauma, and rage that a male was present and asked for refunds and cancelled their appointments, leaving and never coming back.

25. Haven Wilvich self-describes as a transgender woman. Haven Wilvich is biologically male and has not undergone sex reassignment surgery, but nonetheless identifies as a woman. On May 2, 2020, Haven Wilvich filed a complaint, arising from discrimination in public accommodation, with the Washington Human Rights Commission. Haven Wilvich's complaint alleges that Haven Wilvich visited the Lynnwood spa in January 2020, but that Wilvich was denied "equal services due to my sexual orientation." Haven Wilvich further alleged that the "[o]wner denied me services and stated that transgender women without surgery are not welcome because it could make other customers and staff uncomfortable." Based on the above allegations, Haven Wilvich claimed "an unfair practice and/or aiding and abetting in the commission of an unfair practice

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 7

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

as defined by the Washington State Law Against Discrimination, Chapter 49.60." The complaint is attached as Exhibit 1 to the Declaration of Sun Lee.

26. On November 24, 2020, the Human Rights Commission served its Notice of Complaint of Discrimination. The Human Rights Commission opened an investigation and demanded a response from the respondent, Olympus Spa. The Commission also stated that refusing to turn over requested evidence during the investigation will subject the business to legal actions pursuant to Washington Administrative Code §§ 162-08-097 and 162-08-09501. This includes prosecution as a misdemeanor. Wash. Rev. Code § 30.610. The notice and demand are attached as Exhibit 2 to the Declaration of Sun Lee.

27. On March 12, 2021, the Commission delivered a second Notice of Complaint of Discrimination to Olympus Spa. The Notice of Complaint demanded that Olympus Spa provide a response with a statement of plaintiff Olympus Spa's position by March 29, 2021. This second notice and demand are attached as Exhibit 3 to the Declaration of Sun Lee.

28. On March 25, 2021, Olympus Spa responded to the Commission denying that it's women-only rule violates § 49.60 of the Washington Revised Code. The Spa stated that the nudity requirement is consistent with Washington Administrative Code § 162-32-050. Olympus Spa's position is that nudity is required for certain procedures called "Seshin" according to Korean tradition. In addition, Olympus Spa's female-only policy, allowing only biological women and excluding transgender women without surgery, fits Snohomish County Code §§ 10.04.035 and 10.04.025. Allowing female minors to be exposed to naked persons with male genitalia could potentially give rise to criminal liability for staff and/or guests. Olympus Spa is unwilling to take the risk of placing

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 8

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

themselves, their employees, or their customers in legal jeopardy. The response of Olympus Spa is attached as Exhibit 4 to the Declaration of Sun Lee.

29. Despite no proof that Haven Wilvich ever set foot in either of Olympus Spa's locations, in a letter dated April 14, 2021 (attached as Exhibit 5 to the Declaration of Sun Lee) the Human Rights Commission deemed Olympus Spa as having violated the Washington Law Against Discrimination in a place of public accommodation for two reasons: (1) Female Language and (2) Female Only Policy. These are described by the Human Rights Commission as follows:

a. *Female Language ("Biological Women")*: First, Olympus Spa has a female-only policy and actually uses the term "biological women" on the Olympus Spa website. The Human Rights Commission stated that the language violates Washington's antidiscrimination laws. Beyond that, the Human Rights Commission demanded removal of the term "biological women" from Olympus Spa's website. This state censorship was backed by the threat of referral to the Attorney General's Office for prosecution.

b. *Female Only Policy*: In official correspondence with Sun Lee, the president of Olympus Spa, the representative of the Human Rights Commission wrote:

> When dress and grooming standards are applied only to a protected class and are applied specifically *because of* the protected class status, the standards are discriminatory. This is the case with Olympus Spa's policy, which denies services to transgender women who have not had surgery specifically because their physical appearance is not 'consistent' with the traditional understanding of biological women. 'Gender identity' is defined in law as "having or being perceived as having a gender identity, self-image, appearance, behavior, or expression, whether or not that gender identity, self-image, appearance, behavior, or expression is different from that

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 9

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

traditionally associated with the sex assigned to that person at birth."
[RCW 49.60.040(27)]. This definition does not use genitals to define
gender identity and it recognizes that a person's gender identity can
be different from the biological sex assigned to that person at birth.
Ex. 5, p. 1-2.

The statutory phrase "sex assigned to that person at birth" carries the implication that medical providers that fill out a birth certificate act with either caprice, bureaucratic indifference, or ignorance. There is nothing in the legislative record evidencing that medical professionals filling out birth certificates are acting in a manner that is inconsistent with their training in the physical sciences, including biology. The letter continues:

> However, Olympus Spa's 'biological women' policy focuses on the genitals of patrons rather than allowing transgender women to access your facilities based on their gender identity, as required by WAC 162-32-060. Additionally, any dress and grooming standards Olympus Spa cites are clearly applied unequally to patrons of the spa, as cisgender women are allowed to be fully nude in the spa while transgender women who have not had surgery are prohibited from even entering the spa. Ex. 5, p. 2.

The Human Rights Commission's use of the term "cisgender women" is improper in that it does not appear in the Washington Law Against Discrimination or any other Act passed by the Legislature. By "cisgender women," Plaintiffs are informed and believe that the Human Rights Commission is adopting the language of transgender activists who use *cisgender* as a pejorative for *female*. Plaintiffs find the use of that term as based in animus against traditional females who are content with their femininity and do not wish to share intimate spaces with males with whom they are not married.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 10

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

30. The president of Olympus Spa, Sun Lee, interviewed employees and checked records. No employee has a recollection of Haven Wilvich or any other male attempting to gain entry to the Olympus Spa at either location. As such, correspondence dated May 17, 2021, was submitted by Sun Lee to a representative of the Human Rights Commission denying the allegation. This correspondence is attached as Exhibit 6 to the Declaration of Sun Lee.

31. In a letter dated June 7, 2021, in response to Sun Lee's letter confirming that there is no record of Haven Wilvich having attempted to enter the Spa, the representative of the Human Rights Commission wrote what can only be described as a puzzling response which reads in part, "The time to ensure that Haven Wilvich does not feel discriminated against has passed, as Ms. Wilvich already filed a complaint of discrimination with the Washington State Human Rights Commission." A true and correct copy of the letter is attached as Exhibit 7 to the Declaration of Sun Lee. Haven Wilvich stated in the complaint that Wilvich went to the spa and was denied services. That is a sharply disputed fact by the Olympus Spa owner and employees. The Human Rights Commission has determined guilt by the act of the filing of a complaint and is entirely incurious as to whether the predicate fact of the presence of Haven Wilvich at the spa is true or not.

32. The representative from the Human Rights Commission writes, "The WSHRC has already identified that Olympus Spa's 'biological women' entry policy is not compliant with the Washington Law Against Discrimination (WLAD), RCW 49.60, which prohibits discrimination on the basis of gender identity in places of public accommodation." The representative then gives an ultimatum to enter into a "Pre-Finding Settlement" or the representative will

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 11

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

"proceed accordingly by preparing the case for referral to the Attorney General's Office for prosecution."

33. Faced with this threat, Sun Lee responded:
Thank you for your letter. Olympus Spa would like to take the opportunity to, as you say, "correct its policies and the issues alleged by Ms. Wilvish's complaint." Although we have told you that we have never had Ms. Wilvich on the premises, nor denied entry we understand that these responses have fallen on deaf ears. We have removed the language you alleged as discriminatory from our website and would like to see the Pre-Finding Settlement details. Exhibit 8 to the Sun Lee Declaration.

34. On July 14, 2021, the representative from the Human Rights Commission wrote a letter with three terms, as follows:
- Olympus Spa has already addressed the first proposed term by changing the language on its website to remove references to "biological women". The PFS would memorialize this change and acknowledge Olympus Spa made the change prior to signing the PFS agreement.

- Secondly, the WSHRC would like to provide Olympus Spa with training materials to ensure Olympus Spa's understanding of the Washington Law Against Discrimination (RCW 49.60), give you resources for future reference, and assist Olympus Spa with maintaining legal compliance going forward.

- The third and final term we propose is for the WSHRC to review Olympus Spa's policies to ensure they comply with the Washington Law Against Discrimination (RCW 49.60).
Exhibit 9 to the Sun Lee Declaration.

35. The Commission sent a draft settlement agreement to Olympus Spa for review. The drafted settlement agreement is attached as Exhibit 10 to the Declaration of Sun Lee. Olympus Spa inserted language in the settlement

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 12

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

agreement to reserve it's right to bring a legal challenge as to the constitutionality of the agreement, the operative statutes and implementing regulations, and related policies of the Washington State Human Rights Commission. The representative of the Washington State Human Rights Commission sent a final draft to Olympus Spa which included the reservation of right to bring a legal challenge. The final version of the executed settlement agreement is attached as Exhibit 11 to the Declaration of Sun Lee. This lawsuit is an exercise of that right bargained for by the parties.

36. Both the conduct and communications by representatives of the Washington Human Rights Commission are done pursuant to the Washington Law Against Discrimination (Revised Code of Washington §§ 49.60, et seq.), the enabling regulations (Washington Administrative Code §§ 162-32-010, et seq.), and at the direction of the Executive Director, Sharon Ortiz, in executing the statutes and regulations described in this Complaint.

## FIRST CAUSE OF ACTION
## Violation of the Free Exercise of Religion

(42 U.S.C. § 1983)

37. Plaintiffs allege and incorporate herein by reference the preceding paragraphs of this Complaint as though fully set forth herein.

38. The conduct of Sharon Ortiz is done under color of state law.

39. Pursuant to the First Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, the Plaintiffs have the liberty to not only believe as they do about males and females in a state of undress, but they also have the right to freely *exercise* their religious rights, i.e., to act in accordance with their faith-based convictions.

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 13

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

40. The enforcement of the Washington public accommodation laws as against these Plaintiffs, which requires them to service nude males and females in the same rooms, requires Plaintiffs to choose between violating the law or their religious convictions. This proves a substantial burden on their religious beliefs.

## SECOND CAUSE OF ACTION
### Violation of Freedom of Speech

(42 U.S.C. § 1983)

41. Plaintiffs re-allege and re-incorporate all prior allegations in the preceding paragraphs as though fully set forth herein.

42. The conduct of Sharon Ortiz is done under color of state law.

43. The Washington Human Rights Commission has required that Olympus Spa remove language from its website that has a viewpoint that "biological women" are females and distinct from males. Olympus Spa does not hold the view that transgender women are female. The Washington Human Rights Commission has forced Olympus Spa to "adopt new language on its website reflecting a nondiscriminatory policy" that affirms equal access, service, and treatment for all customers "without regard to . . . sexual orientation or gender identity." Such language compels speech about a moral issue for which the Plaintiffs disagree.

44. This viewpoint discrimination violates the Plaintiffs' right to freedom of speech as guaranteed by the First Amendment.

## THIRD CAUSE OF ACTION
### Violation of the Right of Association

(42 U.S.C. § 1983)

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 14

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

45. Plaintiffs re-allege and re-incorporate all prior allegations in the preceding paragraphs as though fully set forth herein.

46. The conduct of Sharon Ortiz is done under color of state law.

47. The Washington public accommodation laws enforced as against these Plaintiffs, which would require females in a state of nature to remain in the presence of naked males, violates the Plaintiffs' freedom protected by the Bill of Rights to selectively enter into and carry on intimate or private relationships—or refrain from such relationships.

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. A declaration that the Washington accommodation laws being enforced and applied against the Plaintiffs by the Defendant violates the Plaintiffs' freedom of speech;

2. A declaration that the Washington accommodation laws being enforced and applied against the Plaintiffs by the Defendant violates the Plaintiffs' free exercise of religion;

3. A declaration that the Washington accommodation laws being enforced and applied against the Plaintiffs by the Defendant violates the Plaintiffs' right to association;

4. An order preliminarily and permanently enjoining the Defendant from enforcing the public accommodation law and implementing regulations as against the Plaintiffs.

5. Nominal damages against Defendant;

6. Attorneys' fees;

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 15

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

7. Costs of suit; and

8. Any and all other appropriate relief to which Plaintiffs may be entitled within the scope of F.R.C.P. 54(c).

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

DATED this 21th day of March, 2022.

/s/ Tracy Tribbett
Tracy Tribbett (SBN 35922)
**PACIFIC JUSTICE INSTITUTE**
6404 Three Rivers Dr.
Pasco, WA 99301
Telephone: (509) 713-9868
E-mail: ttribbett@pji.org

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 16

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

# VERIFICATION

I, Sun Lee, am the president of Olympus Spa and am one of the Plaintiffs in the above-captioned case. I have read the VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF and am familiar with same. The contents are true and accurate and known to me by personal knowledge.

I declare under penalty of perjury, under the laws of the State of Washington and the United States, that the foregoing is true and correct.

Executed this 21 day of March , 2022, in the County of Snohomish, State of Washington.

_____
Sun Lee, Plaintiff

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 17

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

There is no parent company nor any publicly held corporation owning more than 10% of the stock of the company to identify as required by LCR 7.1(a)(1).

/s/ Tracy Tribbett
Tracy Tribbett
WSBA #35922

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF [42 U.S.C. § 1983]
[Demand for Jury Trial] - 18

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1