UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLYMPUS SPA et al.,

Plaintiff(s),

v.

SHARON ORTIZ,

Defendant(s).

CASE NO. 2:22−cv−00340−TLF

**ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT**

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 6/8/2022 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 6/15/2022 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 6/22/2022 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Gayle M Riekena, Courtroom Deputy, at gayle_riekena@wawd.uscourts.gov. If Defendants have appeared, the parties are directed to meet and confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of FRCP 26(a) and 26(f), please notify Gayle M Riekena, Courtroom Deputy, by email at

gayle_riekena@wawd.uscourts.gov.

## II. ASSIGNMENT TO MAGISTRATE JUDGE

This case has been initially assigned to Magistrate Judge Theresa L. Fricke. This assignment will become final only if all parties consent to the jurisdiction of the Magistrate Judge.

This District has adopted an "opt out" procedure for assignment of civil cases to a Magistrate Judge. See Amended General Order 02–19 dated April 5, 2019, available on the Court's website, https://www.wawd.uscourts.gov/general-orders-current.

Before all parties have entered a notice of appearance or have otherwise appeared, any parties may notify Gayle M Riekena, Courtroom Deputy, by email at gayle_riekena@wawd.uscourts.gov, to opt out of the assignment to the Magistrate Judge.

After all parties have entered a notice of appearance or have otherwise appeared, the Court will send a "Declination of Consent" notice to each party. In accordance with the Amended General Order 02–19, each party will have seven days from the date of the "Declination of Consent" notice to decide whether to opt out. If they do not opt out, then upon expiration of the 7-day period they will be deemed to have consented to the jurisdiction of the Magistrate Judge.

If any party opts out of the assignment to the Magistrate Judge, then pursuant to Amended General Order 02–19, the case will be assigned to a District Court Judge. If a party decides to opt out, the Magistrate Judge will not have access to any information that would identify any party or parties that opted out. Regardless of whether any party opts out, all parties will be required to meet the deadlines stated above, and follow the procedures described below.

## III. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by

Wednesday, June 22, 2022. This conference shall be by direct and personal communication, preferably a face–to–face meeting, but may be by a telephonic conference. The Report will be used to set a schedule for the prompt completion of the case.

The Report must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.
2. A proposed deadline for joining additional parties.
3. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

    (A) initial disclosures;

    (B) subjects, timing, and potential phasing of discovery;

    (C) electronically stored information;

    (D) privilege issues;

    (E) proposed limitations on discovery; and

    (F) the need for any discovery related orders.

4. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A) prompt case resolution;

    (B) alternative dispute resolution;

    (C) related cases;

    (D) discovery management;

    (E) anticipated discovery sought;

    (F) phasing motions;

   (G) preservation of discoverable information;

   (H) privilege issues;

   (I) Model Protocol for Discovery of ESI; and

   (J) alternatives to Model Protocol.

5. The date by which discovery can be completed.

6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

7. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

8. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

9. Any other suggestions for shortening or simplifying the case.

10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

11. Whether the trial will be jury or non–jury.

12. The number of trial days required.

13. The names, addresses, and telephone numbers of all trial counsel.

14. The dates on which the trial counsel may have complications to be considered in setting a trial date.

15. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

16. Whether any party requests a pretrial Fed. R. Civ. P. 16 conference with

the Judge before entry of any order under Rule 16 or setting the schedule in the case. If any party requests such a conference, indicate whether the request is for an in–person conference, or by phone.

17.  List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Gayle M Riekena by email at gayle_riekena@wawd.uscourts.gov.

## IV. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

## V. JUDGE SPECIFIC PROCEDURAL INFORMATION

All counsel and unrepresented parties should review Judge Fricke's web page for procedural information applicable to cases before Judge Fricke. The judges' web pages, in addition to the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

## VI. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Gayle M Riekena, Courtroom Deputy, at gayle_riekena@wawd.uscourts.gov.

//

Each of the parties is responsible for complying with the terms of this Order. The Court may impose sanctions on any party that fails to fully comply with this Order.

DATED: The 25th of March 2022

*s/ Theresa L. Fricke*
THERESA L. FRICKE
United States Magistrate Judge