1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

OLYMPUS SPA et al.,

8
                                                        Plaintiff(s),
9
                                    v.
10
      SHARON ORTIZ,
11
                                                        Defendant(s).
12

CASE NO.
2:22–cv–00340–LK

STANDING ORDER FOR ALL
CIVIL CASES

13

## PROCEDURES FOR ALL CIVIL CASES

14          This Order sets forth the procedures that govern all civil cases assigned to this
15  Court. The procedures supplement the Federal Rules of Civil Procedure and Local Rules
    of the United States District Court for the Western District of Washington. In the event
    there is an inconsistency between the Local Rules and the Federal Rules of Civil
16  Procedure, the terms of this Order control. Failure to comply with the procedures set
17  forth in this Order may result in sanctions. The terms of this Order shall have the force
    and effect of orders of the Court from this date forward. If the case was previously
18  assigned to a different District Judge, these procedures replace those that previously
    controlled, but only as to pleadings and hearings from this date forward.

19
20
21
22
23
24
25
26

1

# CONTENTS

I. Civil Cases  ...........................................................................................................  3

  A. Actions Invoking Subject Matter Jurisdiction Based on Diversity  ........................  3

  B. General Civil Cases  ...........................................................................................  3

    1. Motions  ...........................................................................................................  3

      a) Structure and Typeface  ...........................................................................  3

      b) General Motions Practice: Noting Dates and Motion Length  ...........................  4

      c) Dispositive Motions  ...........................................................................  4

      d) Motions in Limine  ...........................................................................  4

      e) Motions to Compel  ...........................................................................  4

      f) Motions to Seal  ...........................................................................  4

      g) Motions to Extend Deadlines  ...........................................................................  5

      h) Motions for Default Judgment  ...........................................................................  5

      i) Motions for Attorney's Fees  ...........................................................................  5

      j) Scheduling Oral Argument  ...........................................................................  5

    2. Proposed Orders  ...........................................................................................................  5

    3. Default and Default Judgment  ...........................................................................  5

    4. Discovery Disputes  ...........................................................................  6

    5. Stipulated Protective Orders  ...........................................................................  6

    6. Civil Trials  ...........................................................................................................  7

      a) Jury Instructions  ...........................................................................  7

      b) Civil Jury Impanelment Procedures  ...........................................................................  7

      c) The Court's General Voir Dire Questions  ...........................................................................  9

      d) Procedure for Submission of Deposition Designations  ...................................  10

      e) Procedures for Handling Exhibits  ...........................................................................  11

  C. Patent Cases  ...........................................................................................................  12

    1. Asserted Claims and Preliminary Infringement Contentions  ...............................  13

    2. Preliminary Invalidity Contentions  ...........................................................................  14

    3. Expert Reports  ...........................................................................................................  14

    4. Proposed Terms and Claim Elements and Preliminary Claim
      Chart ...........................................................................................................  15

    5. Joint Claim Chart and Prehearing Statement  ...............................................  15

    6. Tutorial and/or Court–Appointed Neutral Expert and Claim
      Construction Hearing ...........................................................................  16

    7. Sample Joint Claim Chart  ...........................................................................  17

  D. Procedure Upon Notification of Settlement  ...........................................................................  17

  E. Commonly Used Civil Forms  ...........................................................................  18

II. Courtroom Decorum  ...........................................................................................................  18

  A. Cellular Phones and Wireless Devices  ...........................................................................  18

  B. Speaking at the Podium Not Required  ...........................................................................  18

III. Guidance for Pro Se Litigants in Civil Cases  ...........................................................................  18

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

I.   **Civil Cases**

A.   **Actions Invoking Subject Matter Jurisdiction Based on Diversity**

The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it and must be supported by competent proof. To determine a corporation's "principal place of business" for the purposes of diversity jurisdiction, the Court will apply the "nerve center" test, which was adopted by the U.S. Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

The "nerve center" test looks to the single location where the "corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80. The "nerve center" will typically be the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings. *Id.* at 81. Further, the court reminds plaintiffs that they must allege the citizenship of each owner/member of any defendant that is a limited liability company. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

If a party seeks to remove an action to this Court on the basis of diversity in a case where it is not clear from the Complaint that more than $75,000 is in controversy, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Court will consider facts presented in the removal petition as well as any summary–judgment–type evidence relevant to the amount in controversy at time of removal. *Id.* Conclusory allegations as to the amount in controversy are insufficient. *Id.*

Parties must file an Amended Complaint or Amended Notice of Removal within fifteen days from the date the action is assigned to Judge King if there is a doubt as to whether they have established the citizenship of the parties or whether they have established the amount in controversy. Failure to comply may result in dismissal or remand.

B.   **General Civil Cases**

1.   **Motions**

a)   ***Structure and Typeface***

A motion and the legal argument supporting the motion shall be filed as a single document. In general, counsel and pro se litigants should follow the guidelines in Local Rule 10(c) except that **all motions, oppositions, objections, replies, and sur–replies must be in 12–point Times New Roman font in the body of the document and 10–point Times New Roman font in the footnotes**.

Substantive information and discussion must appear in the body of the brief; footnotes are to be reserved for explanatory and supplemental information. Citations should be in Blue Book format and must be included in the body of the briefing – the

Court does not allow citations in footnotes or endnotes, with the exceptions of citations for explanatory and supplemental information.

Filings that do not comply with these instructions may be summarily denied or stricken.

### b)      General Motions Practice: Noting Dates and Motion Length

Judge King follows Local Civil Rule ("LCR") 7 in scheduling matters for consideration by the court. Counsel and pro se parties should follow the guidelines specified in Local Rule 7(d). The Court may re–note or strike motions that have been improperly noted for consideration or may take other appropriate action. The Court may also re–note motions as needed to manage its docket.

Parties must comply with the length restrictions specified in LCR 7(e). The Court may decline to consider arguments presented beyond the specified page limits. Motions to exceed the page limitations will be granted only where the matter is one of extraordinary complexity.

Motions for leave to file overlength briefs must be filed and noted for consideration to provide the Court sufficient time to rule on the motion before the brief at issue is due. Counsel shall not file a motion for leave to file an overlength brief concurrently with the overlength brief.

### c)      Dispositive Motions

Parties must make a meaningful effort to confer prior to filing a dispositive motion. Such motions must contain a certification of conferral. The certification should be clearly visible within either the first substantive paragraph or the final paragraph of the motion. Parties should provide for at least three business days between attempts to confer and a motion's filing and shall explain their specific efforts to comply in the certification if contact was not successfully made.

In addition, parties shall endeavor not to oppose timely motions to amend.

### d)      Motions in Limine

Before filing motions in limine, a party must make a good faith effort to meet and confer with the opposing party, and must comply with all other requirements of Local Rule 7(d)(4). Parties are discouraged from filing motions in limine which do not identify specific evidence or exhibits to be excluded, which request relief at a high level of generality, or which merely ask the Court to apply the Federal Rules of Evidence.

### e)      Motions to Compel

See Section I.A.4, Discovery Disputes.

### f)      Motions to Seal

Judge King expects strict compliance with Local Civil Rule 5(g).

STANDING ORDER FOR ALL CIVIL CASES – 4

It is the Court, not the parties, that determines whether a document can be filed under seal. The Court will only permit filings under seal if the party seeking to seal the information demonstrates why the public's traditional right of access to court documents and the public policies favoring disclosure are outweighed by good cause (if the motion is not case−dispositive) or compelling reasons (if the motion is case−dispositive or the information is included in the operative complaint) that support keeping the information under seal. The fact that a party has designated a particular document "Confidential" is not sufficient to convince the Court that good cause or compelling reasons exist to seal that document.

### g)   *Motions to Extend Deadlines*

Deadlines remain operational until the Court has ruled on a motion to extend those deadlines, so parties should file motions to extend a deadline well in advance of the deadline. The Court will not prioritize such motions simply because the parties have waited until a deadline is imminent before filing a motion to extend.

Judge King will not decrease the amount of time between the dispositive motion deadline and the trial date unless the parties set forth an extraordinary basis for doing so.

### h)   *Motions for Default Judgment*

See Section I.B.3, Default and Default Judgment.

### i)   *Motions for Attorney's Fees*

All motions seeking attorney's fees must be accompanied by an appropriate declaration that attaches all relevant timesheets and costs.

### j)   *Scheduling Oral Argument*

After briefing has been completed, the Court will decide whether to grant a request for oral argument. Should oral argument be allowed, the Court will contact the parties to schedule a date and time.

## 2.   Proposed Orders

Under Local Rule 7(b)(1), any motion requiring the signature of the Court must be presented along with a proposed order.

Pursuant to the WAWD's Electronic Filing Procedures, the moving party must email a Microsoft Word version of a proposed order to kingorders@wawd.uscourts.gov at the time of filing. The subject heading of the email should include the case number, the case name, and the title of the motion (i.e., it should not simply read "Proposed Order").

See Local Rule 10(e)(7) for guidance on the form of proposed orders.

## 3.   Default and Default Judgment

Under Federal Rule of Civil Procedure 55(a) and LCR 55(a), default is a two−step process. To obtain default judgment under Rule 55, a plaintiff must first request entry

of default from the Clerk of the Court and then, after the Clerk has issued an entry of default, apply to the Court for default judgment. The motion for default judgment should be filed promptly after the Clerk of Court grants the entry of default. *See also* Section I.B.1.h), Motions for Default Judgment.

Under LCR 7(b)(1), all motions for default, just like all other motions, must be properly supported in order to receive the relief requested. Judge King will deny motions for default judgment that do not provide sufficient information for the Court to enter judgment. Specifically:

1. Plaintiffs shall support a motion for default judgment with a declaration.

2. Plaintiffs shall separately state the amounts owing on the principal claim, liquidated damages (if applicable), pre– and post–judgment interest on the principal claim (if applicable), and reasonable attorneys fees (if applicable).

3. Plaintiffs shall provide a concise explanation of how all amounts were calculated, and shall support this explanation with adequate evidence establishing the amount of the principal claim, the interest owing, the attorneys fees, and other relevant amounts.

4. If the claim is based on a contract, Plaintiff shall provide the Court with a copy of the contract and draw the Court's attention to the relevant provisions.

5. If an interest rate other than that provided by 28 U.S.C. § 1961 applies, Plaintiffs shall state the rate and the reasons for applying it, and include all interest calculations.

### 4.    Discovery Disputes

Before filing a motion to compel, a party must make a good faith effort to meet and confer with the opposing party. *Parties are encouraged to submit discovery disputes jointly through the procedure set forth in Local Rule 37(a)(1)(B).*

When presented with disputes regarding discovery issues that are particularly time–sensitive, counsel may *jointly* contact the Court's deputy clerk, Natalie Wood, by email at natalie_wood@wawd.uscourts.gov to make arrangements for a telephone conference with the Court.

Discovery disputes shall be raised in a timely manner so as to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior.

### 5.    Stipulated Protective Orders

LCR 26(c) discusses and contains a link to the district's model protective order, which the parties are encouraged to use and which is also available on the Western

District Court's website. The rule requires that when parties submit a stipulated protective order for the Court's approval, they must also provide the Court with a redlined version, identifying departures from the model. LCR 26(c)(2). The redlined version should be submitted to kingorders@wawd.uscourts.gov.

### 6.    Civil Trials

#### a)    *Jury Instructions*

Judge King instructs every jury twice: prior to opening statements and at the conclusion of the evidence.

The Court recommends the latest version of the <u>Ninth Circuit Model Jury Instructions</u> as the preferred proposed instructions. Between the pretrial conference and the date and time set for hearing on jury instructions, counsel will be expected to submit to the Court (1) copies of any further instructions upon which the opposing parties have conferred and agreed and (2) cited and uncited copies of each side's proposed jury instructions upon which no agreement has been reached.

It is the Court's preference that proposed jury instructions be submitted in electronic form via e–mail. Instructions should be sent to kingorders@wawd.uscourts.gov and natalie_wood@wawd.uscourts.gov. Each side's set of proposed instructions should also include a proposed verdict form.

Following the initial hearing on jury instructions, the Court will issue a set of opening instructions. Prior to the giving of opening instructions to the jury, each side will be permitted to take exceptions to the Court's instructions. Each juror is given a set of instructions to keep with them throughout the trial.

At the conclusion of the case, the Court will prepare with counsel the final and controlling set of instructions. Counsel is given a second opportunity to take exceptions. The first set of instructions is returned and the second, final set is substituted and read to the jury. Each juror is given a set of final instructions to use during deliberations.

#### b)    *Civil Jury Impanelment Procedures*

This summary is provided to acquaint counsel with the procedure for impaneling a civil jury in Judge King's court.

Before a jury panel is brought into the courtroom, counsel will be given copies of the juror information forms. These forms contain basic information about each prospective juror. Counsel will also receive a list of jurors in the order that they will be seated. The list, and therefore the order in which the jurors are seated, has been randomized by computer. The jurors will have been assigned a juror number and been seated according to that number.

The initial voir dire examination is done by the court, utilizing the Court's general voir dire questions. The Court will briefly describe the case to the panel, will ask any pro se litigants and counsel to introduce themselves and any clients present in court, and will read the lists of witnesses to be called.

The Court will use questions to screen for hardship and familiarity with the case and witnesses. Questions proposed by counsel in advance of trial may also be used; such proposed questions should be submitted prior to the pretrial conference. The questions are asked of the entire panel, and any juror whose answer would be "yes" or "probably yes" is asked to raise their juror number. The court and lawyers may make note of that juror's number for possible follow–up questions.

When the court has finished asking questions of the entire panel, an effort is made to provide an opportunity for voir dire by the lawyers. Counsel for each side may ask questions of the whole panel, of individual jurors, or both. Each side (not party) is limited to time limits set by the Court at the pretrial conference. Counsel are permitted to ask for additional time if they believe they need it.

Challenges for cause should be made at the time they arise. Peremptory challenges are made following the conclusion of counsel's follow–up questions, and should only be made against those jurors who are (1) seated in the jury box and (2) presently comprise the jury, based upon its agreed–upon size (e.g., if the jury will ultimately consist of eight members, counsel may challenge any of the 1st through 8th jurors, but not the 9th or 10th jurors seated in the box). Peremptory challenges continue until both sides are satisfied with the jurors seated, or until those challenges are exhausted. The plaintiff will exercise the first challenge, then the defendant.

Under FRCP 48, the jury will consist of not fewer than six and not more than twelve members. There will be no alternates. The court will advise counsel how many jurors will be impaneled. No jury will be seated with fewer than seven members to ensure that the panel can deliberate should a juror be excused during the trial. The jurors will be the panelists with the lowest number remaining after all challenges have been exercised.

After counsel's voir dire is completed, the parties may challenge for cause. Absent extraordinary circumstances, this is done at sidebar or during a recess. The Court will not indicate to the panel who made a challenge for cause. For example, the court may simply say "Juror No. 3 is excused," or "There are no challenges for cause that will be sustained."

The next step is peremptory challenges. Each side ordinarily has a total of three.

A form is provided which counsel, starting with plaintiff, pass back and forth and on which they write down their peremptory challenges. This assures that neither side will waste a challenge on a juror already excused by the other side. When each side has completed its challenges (or waived any further challenges), the form is signed and given to the clerk. The deputy clerk then reads the names and numbers of the jurors who will remain and places them in the jury box. The jury is sworn and impaneled and the panelists who will not be serving are thanked and excused.

This method of impanelment usually produces a jury rapidly and fairly. Counsel are, of course, free to request modifications of this procedure.

1

2
### c)      *The Court's General Voir Dire Questions*

3
1. This trial is expected to last for _____ days. However, there is no time limit on the amount of time that any particular jury may deliberate. Is there any juror who cannot be here for the anticipated duration of the trial? (**explain hardship**)

4

5
2. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

6

7
3. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

8

9
4. The court previously introduced the plaintiff and his/her attorney. Does anyone know the plaintiff or his/her attorney in this case?

10

11
5. The court previously identified the defendant and his/her attorney. Does anyone know of the defendant or his/her attorney in this case?

12

13
6. Have any of you heard or read anything about this case?

14
7. I will now ask counsel for the plaintiff to list all of the witnesses that are expected to be called to testify.
15
    a. Please raise your card if you believe that you know any of these witnesses. (counsel reads names.)

16

17
8. I will now ask counsel for the defendant to list all of the witnesses that are expected to be called to testify.
    a. Please raise your card if you believe that you know any of these witnesses. (defense counsel reads names.)
18

19
9. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc?

20

21
10. Do you have any training or work experience in the field of law?

22

23
11. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?
    a. Have you ever served as the foreperson?

24
12. Have you ever testified before in any court proceeding? (not a deposition.)

25

26

13. Does anyone know any of the other jurors from any contact other than your meeting this morning?

14. Does any juror believe that he or she has strong feelings, either positive or negative, regarding our system of compensating individuals with money damages for injuries?

15. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

16. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

17. If you were the plaintiff / defendant in this case, is there anyone who would <u>not</u> want a juror with your present state of mind sitting on the jury?

18. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

Thank you, ladies and gentlemen. I will now permit the lawyers to have _____ **minutes** per side to ask additional voir dire questions.

### *d)*     *Procedure for Submission of Deposition Designations*

Pursuant to Local Civil Rule 32, if a party intends to offer a deposition in lieu of or in addition to live testimony at trial, the party shall provide to all other parties a transcript of the deposition with the relevant portions highlighted. Other parties may offer other portions of the deposition by highlighting them, using a different color.

No later than the deadline designated by the Court, the parties shall jointly submit to chambers a single color copy of the deposition transcript, setting forth all designated highlighted testimony, and indicating any objections and responses in the chart format found on Judge King's chambers website and referenced in Section I.E herein. The parties shall then file on the docket the highlighted color transcripts, together with the form setting forth the objections.

A failure to designate objections as set forth above shall constitute a waiver, even if the objection was previously stated at the deposition.

After the court has ruled on the objections, the Court's rulings on the objections will be filed on the docket so the record is clear as to what evidence the Court considered by way of deposition testimony.

If a party intends to offer a video deposition instead of live testimony, the party must, in addition to complying with the provisions above, submit a copy of the video deposition on a DVD or thumb drive (preferred) to chambers and to all other parties no later than the deadline for filing deposition designations. The party offering the video is responsible for being familiar with the courtroom technology necessary to play it and for ensuring that the video is edited appropriately after the Court makes its rulings on any objections.

### e)    *Procedures for Handling Exhibits*

#### (1)    Non–Electronic Exhibits

Exhibit stickers/labels/tags can be obtained from the clerk at the pretrial conference or from the Clerk's Office. Exhibit tags generated electronically are also acceptable.

All trial exhibits must be pre–marked by counsel. Each exhibit shall be clearly marked.

Plaintiff(s)' exhibits shall be numbered consecutively beginning with 1; defendant(s)' exhibits shall be numbered consecutively beginning with 500. Duplicate documents shall not be listed twice. Once a party has identified an exhibit on the exhibit list or in the pretrial order, any party may use it.

Each set of exhibits shall be submitted in a three–ring binder with appropriately numbered tabs. The original and two copies of the trial exhibits are to be delivered to Natalie Wood, Courtroom Deputy, seven days before the trial date. If JEEPS (Jury Electronic Evidence Presentation) is being used, only one set of paper exhibits is required.

If the exhibit list, pretrial order, or witness list is revised at any time after it is filed with the Court, counsel shall file a revised exhibit list with the court and provide the Courtroom Deputy with a redlined version indicating the changes.

If additional exhibits are marked in the course of trial (for example, for impeachment purposes), counsel must provide extra copies of the exhibits for opposing counsel and for the Court.

Jurors have high expectations about the lawyers' ability to operate the evidence presentation devices in the courtroom. Training is strongly encouraged. See https://www.wawd.uscourts.gov/attorneys/trial–support for more information. At the pretrial conference, the parties must make arrangements with Natalie Wood, Courtroom Deputy, to schedule a time to test any equipment that the parties wish to use at trial.

#### (2)    JEEP Jury Evidence Electronic Presenter

The Court has implemented a program to use for jury trials known as JEEP (Jury Evidence Electronic Presenter). The IT Department for the US District Court will provide a laptop computer that has been prepared specifically for presentation of electronic exhibits to jurors. This laptop will not have any network access, internet browsing capability, nor tools for opening files that are not specific to viewing or hearing evidence. A mouse and AC power adaptor will also be provided with the computer.

The IT Department will also provide a portable 42" flat screen monitor and a pair of computer speakers, in a location in the jury room that will allow all jurors to have a clear view of the content on the screen.

The laptop, loaded with all admitted exhibits, will be brought into the courtroom by IT and hooked into the courtroom display system. This will allow the attorneys and court staff to confirm inclusion of the proper admitted exhibits. Once counsel has agreed to the content, the laptop will be presented to the jurors and a brief tutorial will be given.

Copies of the admitted exhibits portfolio will be provided to counsel at the conclusion of the trial.

**Submitting Electronic Evidence**

Exhibits must be delivered to Natalie Wood, Courtroom Deputy, prior to the trial date. Exhibits are to be delivered in the following format:

- Exhibits must be on a CD or thumb–drive (preferred) in PDF format

- Each exhibit must be a single PDF document

- PDF documents should be scanned using Optical Character Recognition if possible and encoded as a searchable PDF

- Exhibits that contain audio or video must be playable in Windows Media Player

- Exhibits must be numbered as follows:

| Plaintiff: | 001 | Defendant: | 500 |
|------------|-----|------------|-----|
|            | 002 |            | 501 |
|            | 003 |            | 502 |
|            | 004 |            | 503 |

- An exhibit list in Microsoft Word format must be emailed to natalie_wood@wawd.uscourts.gov 14 days prior to the trial date. Counsel are to confer and indicate with their submissions which exhibits are agreed to.

Questions should be directed to natalie_wood@wawd.uscourts.gov.

### C.      Patent Cases

Unless another time schedule is necessitated by information provided in the Joint Status Report ("JSR"), the Court will hold a Claim Construction Hearing ("Markman Hearing") approximately 180 days (six months) from the time of issuance of the Court's Order Setting Trial Date and Related Dates (the "Scheduling Order"). The Scheduling Order will establish deadlines for the standard actions as set forth and explained in detail below. The following time frame will apply unless a party shows good cause why it should not:

| Event | Days After Scheduling Order | Patent Rule |
|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions | 15 | 120 |
| Non–infringement and Invalidity Contentions | 45 | 121 |
| Exchange of Proposed Terms and Claim Elements for Construction | 65 | 130(a) |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 95 | 131(a) |
| Joint Claim Construction and Prehearing Statement | 140 | 132(a) |
| Expert Disclosures | 140 | 132(f); FRCP 26(a)(2)(B) |
| Completion of Claim Construction Discovery | 190 | 133 |
| Opening Claim Construction Brief | 195 | 134(a) |
| Responsive Claim Construction Brief | 210 | 134(c) |
| Claim Construction Hearing | To be set by the Court | 135 |

PLEASE NOTE: The Court will not rule on dispositive motions that raise issues of claim construction prior to the Hearing, unless special circumstances warrant and leave of Court is obtained in advance of filing.

### 1.     Asserted Claims and Preliminary Infringement Contentions

A party claiming patent infringement will serve on all parties a statement of the Asserted Claims and Preliminary Infringement Contentions, which will include the following information:

1. the identity of each claim of each patent alleged to be infringed;

2. the identity of the opposing party's accused device/method/etc. by specific name/model number/etc. for each claim asserted;

3. a chart that identifies specifically where each element of each asserted claim is found within each accused device/method/etc.;

4. whether each element is literally or equivalently infringed; and

5. the priority date to which each asserted claim allegedly is entitled, if priority is an issue.

In cases where a party proposes to assert a substantial number of claims, the Court recommends that the parties discuss limiting the number of asserted claims to a representative sample so as to avoid asserting duplicative claims. The Court will not presumptively limit the number of claims that a party may assert. However, the parties should be aware that the Court "has inherent authority to reasonably limit both the number of claim terms to be construed and the number of patent claims the parties may assert." *See Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 282 (D. Del. 2013) (collecting cases); *see also In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1309, 1311–13 (Fed. Cir. 2011).

### 2.      Preliminary Invalidity Contentions

A party opposing a claim of infringement on the basis of invalidity shall serve on all parties a statement of its Preliminary Invalidity Contentions including:

1. the identity of prior art that allegedly anticipates each asserted claim or renders it obvious;

2. whether each piece of prior art anticipates or renders obvious the asserted claims;

3. a chart that identifies where in each piece of prior art each element of each asserted claim is found; and

4. any grounds for invalidity based on indefiniteness, enablement, or written description under 35 U.S.C. § 112.

### 3.      Expert Reports

If the parties wish to present expert testimony at the claim construction hearing, the parties will disclose expert reports related to claim construction by the date established in the Scheduling Order. Rebuttal expert reports will be exchanged 30 days later. These dates do not affect the more general expert report deadlines included in the Scheduling Order.

### 4.      Proposed Terms and Claim Elements and Preliminary Claim Chart

At some point prior to the formulation of the preliminary claim chart, the parties will exchange a list of Proposed Terms and Claim Elements, which will include each term that each party contends the Court should construe. Each party will also identify any claim element that it contends should be governed by 35 U.S.C. § 112(6) as a means–plus–function element. The parties will then meet to identify terms in genuine dispute and facilitate the preparation of the Joint Claim Chart.

The parties will then exchange preliminary proposed constructions for each disputed claim term that the parties have collectively identified. Each party will also provide preliminary identification of any extrinsic evidence, along with a copy of it, as well as a brief description of any witness' proposed testimony that supports its construction of the claim. The parties will then meet to narrow the issues and finalize the Joint Claim Chart and Prehearing Statement.

### 5.      Joint Claim Chart and Prehearing Statement

All allegations of infringement and invalidity will be filed with the Court in the form of a Prehearing Statement. After that time, the Court will not consider new allegations of infringement or invalidity without the asserting party showing good cause.

The parties may submit separate Prehearing Statements, or may submit one joint statement. A party claiming patent infringement must provide a list of all allegedly infringed claims. If more than one allegedly infringing product or process is at issue, the party shall identify which product(s) or process(es) infringe which claims. A party claiming invalidity of a patent or patent claims must provide a list of all claims that are allegedly invalid, and must briefly state the basis of each invalidity argument (e.g., obviousness, anticipation, lack of written description, etc.). Where an invalidity argument is based on prior art, the party shall briefly identify the prior art reference(s).

A Joint Claim Chart will also be filed, in the format provided in the Sample Joint Claim Chart found at the end of this Section. This Chart will include each party's proposed construction of disputed terms, together with specific references to the relevant portions of the specification and the prosecution history, and descriptions of the extrinsic evidence to be used. The parties will attach to the Joint Claim Chart copies of all patents in dispute, together with the relevant prosecution history. These documents need not be resubmitted upon briefing. The parties will have the complete prosecution history available at the court's request. In addition, the parties will indicate whether any witnesses are to be called, and if so, their identities. For expert witnesses, the party calling the expert will provide a summary of the opinion to be offered.

The court expects the terms to be truly in dispute, and further expects that the preparation of the Preliminary and Joint Claim Charts will narrow the terms in dispute. A party is not allowed to propose a construction when the other party is unable to respond without leave of court (e.g., in a Response Brief). If a party must propose a new construction, the Joint Claim Chart must be amended to reflect that change. At the time of the Markman Hearing, the Joint Claim Chart before the court must reflect the current proposed constructions.

Unless the parties obtain leave of court in advance, the court will construe a maximum of 10 claim terms at a Markman Hearing. Markman briefs should therefore be limited to 10 terms that the parties choose jointly, unless they receive leave of court. The parties should prioritize claims keeping in mind the twin goals of narrowing the issues and choosing the 10 claim terms for which a claim construction would be most productive in terms of setting the groundwork for possible settlement.

## 6.     Tutorial and/or Court–Appointed Neutral Expert and Claim Construction Hearing

The Court or the parties can request that the Court have a tutorial on the subject matter of the patent(s) at issue prior to the Hearing. In those instances, the Court will schedule a tutorial to occur two to four weeks prior to the Hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial, including a summary and explanation of the subject matter at issue. The length of the tutorial will depend upon the subject matter. Visual aids and suggestions for reading materials are encouraged.

Alternatively, depending on the technology involved, the Court may determine that the assistance of a neutral expert would be helpful. In such an instance, the Court may direct the parties to confer and, if possible, reach an agreement as to three experts in the field that would be appropriate to act as neutral expert to assist the Court during the claim construction proceedings and/or the trial of this matter. The Court will then choose one to appoint as a neutral expert pursuant to Federal Rule of Evidence 706. In such a situation, the parties will split the cost of the expert equally.

The claim construction hearing will be set for one full trial day (5 hours). If more or less time is required, the parties are instructed to inform Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

The parties are directed to address any specific concerns with the foregoing schedule in their joint status report. Pursuant to Federal Rule of Civil Procedure 16, a schedule set forth in accordance with this order may be modified upon a showing of good cause.

//

//

//

//

//

//

//

//

**7.      Sample Joint Claim Chart**

| Claim Language (Disputed Terms in **Bold**)<br><br>'123 Patent | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for mending **fences**<br><br>[or]<br><br>**fences**<br><br>Found in claim numbers:<br><br>'123 Patent: y, z<br>'456 Patent: a, b | **fence**<br><br><u>Proposed Construction</u>:<br>A structure that keeps things out.<br><br><u>Dictionary/Treatise Definitions</u>:<br>Merriam–Webster Dictionary ("a barrier intended to prevent...intrusion").<br><br><u>Intrinsic Evidence</u>:<br>'123 Patent col_:__("keeps stray animals out"); Prosecution History at __("this method is more effective than the prior art in reinforcing the fence, and therefore in keeping out unwanted intruders").<br><br><u>Extrinsic Evidence</u>:<br>R. Frost Depo. at xx:xx ("Good fences make good neighbors"); '000 Patent at col_:__; Vila Decl. at ¶__. | **fence**<br><br><u>Proposed Construction</u>:<br>A structure that keeps things in.<br><br><u>Dictionary/Treatise Definition</u>:<br>Random House Dictionary ("a barrier enclosing or bordering a field, yard, etc. ").<br><br><u>Intrinsic Evidence</u>:<br>'123 Patent col_:__ ("keeps young children from leaving the yard"); Prosecution History at __("dilapidated fences meant to pen in cattle are particularly amenable to this method").<br><br><u>Extrinsic Evidence</u>:<br>C. Porter Depo. at xx:xx ("Don't fence me in"); '111 Patent at col_:__; Thomas Decl. at ¶__. |

(or similar format that provides side–by–side comparison)

**D.      Procedure Upon Notification of Settlement**

        In most cases, the Court will take one of two courses when parties notify it of settlement. If the parties agree, the Court will enter a standard order of post–settlement dismissal, which will contain the language excerpted below. This is the Court's preferred course of action.

        The other option is, if the parties request, the Court will impose a deadline (typically a month or less from the notification of settlement) for the parties to submit a stipulated dismissal. If the parties do not submit a stipulated dismissal by that deadline,

the Court will enter its standard order of post–settlement dismissal.

The Court's standard order of post–settlement dismissal will contain the following language:

> The parties have notified the Court that they have reached a settlement of this case. The Court accordingly DISMISSES this case with prejudice and without court–ordered costs or attorney fees to any party. If the parties are unable to perfect their settlement, they may move to reopen this case within 60 days of this order.

### E.      Commonly Used Civil Forms

The example forms below can be found on https://www.wawd.uscourts.gov/judges/king–procedures:

- Pretrial Conference Checklist (Civil Jury Trial)

- Pretrial Conference Checklist (Civil Bench Trial)

- Objections to Designations of Deposition Excerpts

- Trial Exhibit List

- Peremptory Challenges of Jurors

## II.      Courtroom Decorum

### A.      Cellular Phones and Wireless Devices

All cellular telephones and wireless devices must be turned off or turned to airplane mode during all proceedings. Simply silencing these devices is insufficient, as they interfere with the courtroom audio system. Individuals whose devices interrupt proceedings shall be sanctioned.

### B.      Speaking at the Podium Not Required

Counsel and pro se litigants are required to stand when addressing the Court, a witness, or the jury unless the need for a disability related accommodation is obvious or requested and granted. *See* https://www.wawd.uscourts.gov/visitors/access for information regarding accommodations. However, counsel and pro se litigants are not restricted to speaking at the podium unless the judge, court reporter, witness, counsel, or a juror indicates that they are unable to hear.

## III.      Guidance for Pro Se Litigants in Civil Cases

Parties who represent themselves in civil litigation, i.e., appear pro se, should be aware that the Court extends no special consideration to pro se litigants and holds these parties to the same standards to which it holds attorneys.

1

2

   The following links may be helpful to those representing themselves in civil
matters:

- General information on forms, fees, and how to file a motion for appointment of
  counsel can be found at
  https://www.wawd.uscourts.gov/representing–yourself–pro–se

- Local Civil Rules for the Western District of Washington can be found at:
  https://www.wawd.uscourts.gov/local–rules–and–orders

- Federal Rules of Civil Procedure can be found at:
  https://www.uscourts.gov/rules–policies/current–rules–practice–procedure/
  federal–rules–civil–procedure

- To inquire into a lawyer referral, pro se parties can contact either the Washington
  State Bar Association at www.wsba.org or the King County Bar Association at
  www.kcba.org

**SO ORDERED.**

April 4, 2022

_____

Lauren King
United States District Judge