The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| OLYMPUS SPA, MYOON WOON LEE, SUN LEE, JANE DOE EMPLOYEE 1, JANE DOE EMPLOYEE 2, JANE DOE EMPLOYEE 3, JANE DOE PATRON 1, | NO. 2:22-cv-00340-LK |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS |
| v. | |
| SHARON ORTIZ, in her official capacity as Executive Director of the Washington State Human Rights Commission, | NOTE FOR MOTION: JUNE 23, 2022 |
| | ORAL ARGUMENT REQUESTED |
| Defendant. | |

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7507650.1

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................ii

I. INTRODUCTION ....................................................................................1

II. SUMMARY OF THE ARGUMENT .......................................................1

III. FACTS .................................................................................................3

IV. ARGUMENT .........................................................................................6

   A. Claim(s) for relief are sufficiently stated ...........................................6

      i. Standing ..........................................................................................6

      ii. Redressability ................................................................................9

   B. Ripeness ............................................................................................10

   C. Constitutional rights of Plaintiffs (claims which are redressable) ......11

      i. Free speech ....................................................................................11

      ii. Association ....................................................................................13

      iii. Free exercise of religion ...............................................................17

      iv. Hybrid rights ................................................................................19

   D. Voluntary settlement .........................................................................20

   E. Nominal damages ..............................................................................21

V. CONCLUSION .....................................................................................21

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

i

7507650.1

# TABLE OF AUTHORITIES

## CASES

*303 Creative Ltd. Liab. Co. v. Elenis*,
    6 F.4th 1160 (10th Cir. 2021) ................................................................. 15

*Ariz. Right to Life v. Bayless*,
    320 F.3d 1002 (9th Cir. 2003) ............................................................. 6, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 6

*Babbitt v. United Farm Workers Nat'l Union*,
    442 U.S. 289 (1979) ................................................................................ 7

*Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*,
    481 U.S. 537 (1987) ......................................................................... 14, 16

*Boy Scouts of Am. v. Dale*,
    530 U.S. 640 (2000) ......................................................................... 12, 14

*Cal. Pro-Life Council, Inc. v. Getman*,
    328 F.3d 1088 (9th Cir. 2003) ................................................... 7, 8, 10, 11

*Craig v. Boren*,
    429 U.S. 190 (1976) .............................................................................. 13

*Daniel v. Paul*,
    395 U.S. 298 (1969) ......................................................................... 14, 15

*Fair Hous. Council v. Roommate.com, LLC*,
    666 F.3d 1216 (9th Cir. 2011) .......................................................... 14, 15

*FEC v. Ted Cruz for Senate*,
    No. 21-12, 2022 U.S. LEXIS 2403 (May 16, 2022) .................................. 9

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

ii

7507650.1

*Fulton v. Philadelphia*,
    593 U.S. ___, 141 S. Ct. 1868 (2021) .................................................. 18, 20

*Lopez v. Candaele*,
    630 F.3d 775 (9th Cir. 2010) ............................................................. 7, 11

*LSO, Ltd. v. Stroh*,
    205 F.3d 1146 (9th Cir. 2000) ........................................................... 7, 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ................................................................ 6

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ................................................................ 6

*Miami Herald Publishing Co. v. Tornillo*,
    418 U.S. 241 (1974) .............................................................................. 13

*Minersville School Dist. v. Gobitis*,
    310 U.S. 586 (1940) .............................................................................. 18

*Nat'l Inst. of Family & Life Advocates v. Becerra*,
    138 S. Ct. 2361 (2018) ....................................................................... 2, 13

*Police Dep't of Chicago v. Mosley*,
    408 U.S. 92 (1972) ................................................................................ 12

*Reed v. Town of Gilbert*,
    576 U.S. 155 (2015) .............................................................................. 12

*Renee v. Duncon*,
    686 F.3d 1002 (9th Cir. 2012) ................................................................ 9

*Riley v. National Federation of Blind of N. C., Inc.*,
    487 U.S. 781(1988) .............................................................................. 13

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

iii

7507650.1

*Roberts v. U.S. Jaycees,*
    468 U.S. 609 (1984)........................................................2, 14, 15, 16, 17

*Runyon v. McCrary,*
    427 U.S. 160 (1976)................................................................... 17

*San Jose Christian College v. Morgan Hill,*
    630 F.3d 1024 (9th Cir. 2004) ...........................................3, 19

*Sherbert v. Verner,*
    374 U.S. 398 (1963)................................................................... 17

*Sullivan v. Little Hunting Park, Inc.,*
    396 U.S. 229 (1969)................................................................... 14

*Thomas v. Anchorage Equal Rights Comm'n,*
    220 F.3d 1134 (9th Cir. 2000) .......................................3, 8, 10

*Turner Broadcasting System, Inc. v. FCC,*
    512 U.S. 622 (1994)................................................................... 13

*Uzuegbunam v. Preczewski,*
    141 S. Ct. 792 (2021)................................................................. 21

*Va. v. Am. Booksellers Ass'n, Inc.,*
    484 U.S. 383 (1988)................................................................... 11

*W.E.B. DuBois Clubs of Am. v. Clark,*
    389 U.S. 309 (1967)................................................................... 21

*West Virginia Bd. of Ed. v. Barnette,*
    319 U.S. 624 (1943)................................................................... 18

*Wisconsin v. Yoder,*
    406 U.S. 205 (1972)..........................................................3, 18

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-
00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

iv

7507650.1

1

**STATUTES AND RULES**

2

Wash. Ct. Rule § 12(b)(6) ................................................................. 6

3

Wash. Rev. Code § 49.60 ..................................................... 4, 5, 20

4

Wash. Rev. Code § 4.60.040(27) ............................................... 19

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-
00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

v

# I. INTRODUCTION

By deeming the intimate spaces of nude female patrons as places of public accommodation, and further requiring female employees to work on nude males, the Executive Director of HRC extends the Washington Law Against Discrimination (WLAD) to the outer reaches of an absurd and unconstitutional frontier. The Director is not content with interfering with the associational rights and religious exercise of women who hold traditional sensibilities. Beyond that, the Director prohibits Olympus Spa[1] from publishing on its own website its message that *biological women* are females distinct from males.[2] Absent a compelling state interest that is narrowly tailored, the Defendant cannot apply WLAD in such a manner.

# II. SUMMARY OF THE ARGUMENT

The Complaint presents sufficient allegations to state claims under the First Amendment.

---

[1] For ease of reference, the term *Spa* will be used when referring collectively to the Olympus Spa corporation, its owner, and president.

[2] For purposes of this Brief and this litigation, the definition of the terms shall be those set forth in ¶ 2 of the Complaint. For example, *male*: a person whose genitals are exterior; *female*: a person whose genitals are internal.

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

1

7507650.1

*Freedom of Speech*—The Director applies WLAD to censor the Spa's message regarding biological women and further compels speech by requiring the Spa to communicate the State's message on this subject. These content-based restrictions on speech are subject to strict scrutiny. *See*, *Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2371 (2018).

*Freedom of Association*—The Spa's purpose is to bring health, healing, and renewal exclusively to females by providing services created in accordance with Korean traditions specifically for females. WLAD is being applied such that the State is intruding into choices to enter into and maintain these intimate human relationships. The constitutional right of unclothed females to not associate with naked males where there is close physical and visual contact supersedes the desires of transgender women to enter those same intimate spaces under the auspices of WLAD. *Roberts v. U.S. Jaycees,* 468 U.S. 609 (1984).

*Free Exercise of Religion*—The Director's assertion that WLAD is a neutral law of general applicability requiring rational basis review is incorrect. The application of WLAD substantially burdens the exercise of the religious rights of the Spa, its employees, and patrons who hold traditional sensibilities relative to the mixing of the sexes while in the nude. Like the Amish who hold religiously informed traditional views regarding the education of their children, the Korean

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

2

7507650.1

women's spa is an area of conduct protected by the Free Exercise Clause which is beyond the power of the State to control, even under regulations of general applicability. *Wisconsin v. Yoder*, 406 U.S. 205, 234 (1972). In addition, together the allegations in the Complaint demonstrate hybrid rights of free exercise of religion, association, and speech. *San Jose Christian College v. Morgan Hill*, 630 F.3d 1024 (9th Cir. 2004). The application of WLAD that would require accommodation of transgender women by the Spa cannot be effectuated while maintaining fidelity to the competing constitutional rights.

*Standing*—The Plaintiffs have alleged facts sufficient to show standing in a pre-enforcement challenge because (1) they have articulated a concrete plan to violate WLAD; (2) the State has communicated a specific threat to initiate proceedings; and (3) there is a history of past enforcement under WLAD. *See*, *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir. 2000).

### III. FACTS

For many generations traditional Korean spas have operated and catered to women only. A female receiving a Korean body scrub service or massage at Olympus Spa must do so unclothed. The employees who provide body scrubs (*ddemiri*) and massages are all females. Every employee who works on site is a female. Nudity is required for "Seshin" according to Korean tradition. The

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

3

7507650.1

massages are given in the open while nude amongst approximately five tables with viche showers (overhead sprinklers). It is the Spa's business purpose to provide traditional Korean kiln saunas and exfoliation therapy experiences. ECF 1, ¶ 3, 15.

There have been incidents involving pre-operative transgender individuals who presented male in the nude. These individuals were asked to leave the spa and no complaint to the HRC ensued. ECF 1, ¶ 23, 24, 1-2 at 1-2. This has been an amicable and respectful manner in which to deal with real live confrontations where the competing interest of multiple protected classes of persons intersect. Haven Wilvich, complainant, self-describes as a transgender woman. Haven Wilvich is the biologically male complainant who has not undergone sex reassignment surgery, but nonetheless identifies as a woman. Haven Wilvich alleged that the "[o]wner denied me services and stated that transgender women without surgery are not welcome because it could make other customers and staff uncomfortable." ECF 1-3 at 2.

On November 24, 2020, the HRC served its Notice of Complaint of Discrimination. Sun Lee Decl., Ex. 2; ECF 4-5, 7-8. Then on March 25, 2021, the Spa responded to the HRC denying that it's women-only rule violates Wash. Rev. Code § 49.60. The Spa stated that the nudity requirement is consistent with administrative and county codes and protects minors while allowing vaginally

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

4

presenting transgender women to gain access because they can be reasonably accommodated. ECF 1-3 at 10-13.

Despite no proof that Haven Wilvich ever set foot in either of Olympus Spa's locations, in a letter dated April 14, 2021, the HRC deemed Olympus Spa as having violated the WLAD in a place of public accommodation for two reasons: (1) Female Language, and (2) Female Only Policy. ECF 1-3 at 15-16.

The HRC official wrote, "The WSHRC has already identified that Olympus Spa's 'biological women' entry policy is not compliant with the Washington Law Against Discrimination (WLAD), RCW § 49.60, which prohibits discrimination on the basis of gender identity in places of public accommodation." The representative then gave an ultimatum to enter into a "Pre-Finding Settlement" or the representative will "proceed accordingly by preparing the case for referral to the Attorney General's Office for prosecution." *Id.*

After review of HRC's draft settlement agreement, the Spa inserted language to reserve it's right to bring a legal challenge as to the constitutionality of the signed agreement, the operative statutes and implementing regulations, and related policies of the HRC. The representative of the HRC sent a final draft to the Spa which included the reservation of right to bring a legal challenge. ECF 1-3 at 36-39. This lawsuit is an exercise of that right bargained for by the parties.

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

5

7507650.1

# IV. ARGUMENT

## A. Claim(s) for relief are sufficiently stated.

Dismissal under Rule § 12(b)(6) is appropriate "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

As will be demonstrated below, the Complaint's claim under freedom of speech, free exercise of religion, and association has facial plausibility in that the Plaintiffs have pled factual content that allows this Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009).

### i. Standing

"Constitutional challenges based on the First Amendment present unique standing considerations." *Ariz. Right to Life v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). Plaintiffs may establish an injury in fact without first suffering a direct injury from the challenged restriction. "In an effort to avoid the chilling effect of

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

6

7507650.1

sweeping restrictions, the Supreme Court has endorsed what might be called a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences." *Id; Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir. 2003). In such pre-enforcement cases, the plaintiff may meet constitutional standing requirements by "demonstrat[ing] a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000). To show such a "realistic danger," a plaintiff must "allege[] an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and . . . a credible threat of prosecution thereunder." *Babbitt*, 442 U.S. at 298; *see*, *Bayless*, 320 F.3d at 1006; *LSO*, 205 F.3d at 1154-55; *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010).

There are three factors that may aid this Court's decision in a pre-enforcement challenge: "(1) whether the plaintiffs have articulated a concrete plan to violate the law in question, (2) whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and (3) the history of past prosecution or enforcement under the challenged statute." Similar considerations inform the Court's decision when the question is expressed in terms

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

7

7507650.1

of standing and injury in fact. *Getman*, 328 F.3d at 1094 (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)(en banc)).

Here, the president of the Spa put in writing that "we are unwilling to remake the 'jjimjilbang' haven we have worked so hard over many years to build and preserve, simply for the sake of promoting gender neutrality." ECF 1-3 at 10. This written statement is a clear intent to violate the HRC's policy and their interpretation of WLAD. Thus, the Complaint alleges that the Spa cannot and will not let males into the its facility where female nudity is a requirement, because it would violate their sincerely held religious beliefs that men and women were not to be nude in each other's presence. The Spa's female staff will be forced to forgo their same rights, and the patrons will be forced to forgo their right to freely associate. Plaintiffs thus have no intention of accommodating pre-operative transgender women, because such poses an unreasonable burden and changes the fundamental nature of the business. This is different than the marital status discrimination rental ban cited by the Defendant where "[n]o prospective tenant has ever complained to the landlords." *Thomas*, 220 F.3d at 1141.

Second, the Complaint and its exhibits allege a clear communication that, absent entering into a settlement for compliance with WLAD, officials will proceed accordingly by preparing the case for referral to the Attorney General for

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

8

7507650.1

prosecution. The settlement agreement states that HRC "may seek enforcement . . . including bringing an action in court for specific performance." ECF 1-3 at 15, 37.

Third, the allegations in the Complaint, along with the specific performance clause in the settlement agreement, show a history of past enforcement under the challenged statute, WLAD. *Id* at 37 II.B.

Finally, as it relates to injury, the Defendant asserts that "self-inflicted harm" fails to satisfy the injury prong for purposes of Art. III. Recently the U.S. Supreme Court rejected that proposition. *FEC v. Ted Cruz for Senate*, No. 21-12, 2022 U.S. LEXIS 2403 (May 16, 2022). An injury resulting from the application or threatened application of an unlawful enactment remains fairly traceable to such application, even if the injury could be described in some sense as willingly incurred.

## ii. Redressability

Plaintiffs satisfy standing's redressability because they can show that their right to free speech would be restored if they received equitable relief so that they publish their own message on males and females and not that of the State. *Renee v. Duncon,* 686 F.3d 1002, 1013 (9th Cir. 2012). In addition to free speech, relief in the form of a declaration that WLAD as applied to a facility that services women in

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

9

7507650.1

their intimate spaces would protect Plaintiffs' right to association and their free

exercise of religion.

**B**. **Ripeness**

Related to standing is the concept of *ripeness*. The claim by the State that

there has been but one instance of a person with a penis attempting to gain entry to

the Spa is false. ECF 1 at ¶ 23. HRC pursued the Spa because of its female-only

policy rather than merely the filing of a complaint and the investigation of those

facts alone. ECF 1-3 at 20.

The Complaint adequately alleges facts that it cannot accommodate pre-

operative transgender women. "[W]e are unwilling to remake the 'jjimjilbang' we

have worked so hard over many years to build and preserve, simply for the sake of

promoting gender neutrality." ECF 1-3 at 10. *See*, *Thomas*, 220 F.3d at 1141. The

State itself acknowledges the Spa's intent to violate the law. ECF 13 at 17:6-8.

"Plaintiffs do not deny that their business practice of refusing their spa services to

transgender women who have not had gender transition surgery violates WLAD."

*Id.* The ripeness test allows pre-enforcement challenges of laws that allegedly

infringe on a plaintiff's constitutional rights. Under longstanding federal precedent,

a plaintiff need not await the consummation of threatened injury to obtain

preventive relief. "Courts have found standing where no one had ever been

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-
00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

10

7507650.1

prosecuted under the challenged provision." *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir. 2003). This is particularly true in the context of First Amendment free speech cases.

Here the Spa has most assuredly a "well-founded fear that the law will be enforced against [it]." *Va. v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988). The State has not suggested that WLAD will not be enforced (*Va. v. Am. Booksellers*, 484 U.S. at 393), and the State has not disavowed plans to enforce WLAD. *LSO,* 205 F.3d at 1155 (9th Cir. 2000).

Finally, the Complaint alleges "*incidents* where a male was able to penetrate the interior of the facility." ECF 1 at ¶ 23. The issue will continue unless this Court grants relief. Plaintiffs cannot operate their business under the unreasonable terms required of it by the State**.**

## C. Constitutional rights of Plaintiffs (claims which are redressable)

### i. Free Speech

The corporation, owner, and president have standing for a free speech claim. In the free speech context, there is no standing "where the enforcing authority expressly interpreted the challenged law as not applying to the plaintiffs' activities." *Lopez v. Candaele*, 630 F.3d 775, 788 (9th Cir. 2010). Not so here. HRC has memorialized in writing its intent to enforce its censorial requirement

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

11

7507650.1

regarding the prohibition on the Spa's "biological women" message. ECF 1-3 at 36-39.

But for the threat made by the HRC, Plaintiffs would not have been compelled to replace the language on the Spa's website with the language required by the HRC. While the law is free to promote all sorts of conduct in place of harmful behavior, it is not free to interfere with speech for no better reason than promoting an approved message or discouraging a disfavored one, however enlightened either purpose may strike the government. *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 643 (2000).

This violation of free speech is directly traceable to the actions of the HRC and their requirement that the website language be changed. This is the grounds upon which the action is brought, and a favorable outcome would restore free speech rights which have been abridged.

Content-based regulations "target speech based on its communicative content." *Reed v. Town of Gilbert*, 576 U.S. 155 (2015). This stringent standard reflects the fundamental principle that governments have "'no power to restrict expression because of its message, its ideas, its subject matter, or its content.'" *Id.* (quoting *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95 (1972)). When the government compels someone to speak a particular message, it of necessity alters

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

12

7507650.1

the speaker's message. *Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2371 (2018).

By requiring the Spa, its owner, and president to erase its message on the website and change it to a government approved message, the State has abridged the speech rights of the Spa. *Id.* (citing *Riley v. National Federation of Blind of N. C., Inc.*, 487 U.S. 781, 795 (1988)); *accord*, *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 642 (1994); *Miami Herald Publishing Co. v. Tornillo*, 418 U.S. 241, 256 (1974). Here the government approved message concerns the very view about men and women that the Spa opposes. *Id.* The Spa's business is not inherently expressive (ECF 13 at 21:5-11), but the website is an inherently expressive publication where Olympus Spa has constitutionally protected rights to speak in accord with its beliefs and policies as a quasi-public facility.

**ii. Association**

As an initial matter, the Spa has legal standing to bring suit on behalf of its patrons and employees. *Craig v. Boren*, 429 U.S. 190, 195 (1976). Women and men are often separate in their associations. We see this in clubs, fraternities, sororities, and many other instances where, by preference based on the type of activity, women and men associate solely with the same gender. Implicit in the right to engage in activities protected by the Constitution is a corresponding right

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

13

7507650.1

to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends. This right is crucial in preventing the majority from imposing its views on groups that would rather express other, perhaps unpopular, ideas. *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 643 (2000).

To determine whether a particular relationship is protected by the right to intimate association, the Court will look to "size, purpose, selectivity, and whether others are excluded from critical aspects of the relationship." *Fair Hous. Council v. Roommate.com, LLC*, 666 F.3d 1216, 1221 (9th Cir. 2011)(citing *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987)).

Compare the Spa with the Jaycees. The Jaycees were massive in size (7,400 chapters) and membership (295,000). *Roberts v. U.S. Jaycees,* 468 U.S. 609, 614, 621 (1984). The Jaycees had nonmembers of both genders who regularly participated in a substantial portion of the activities central to the operations of the members to associate with each other. In stark contrast, this case has two local spas with exclusively female staff, a bona-fide nudity requirement, and all vaginally presenting clients. Unlike other entities in which there is "no plan or purpose of exclusiveness," the Spa's purpose is to bring health, healing, and renewal as a service to females. *Jaycees*, 468 U.S. at 621 (quoting *Sullivan v. Little Hunting Park, Inc*., 396 U.S. 229, 236 (1969)(same)); *Daniel v. Paul*, 395 U.S. 298, 302

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

14

7507650.1

(1969)(same). To force the Spa's female employees and patrons to accept those who present as male in the nude would violate the right of a protected class to their freedom of association. It is not a discriminatory practice for a person to restrict admission to a place of public or quasi-public accommodation to individuals of one sex if such restriction has a bona fide relationship to the goods, services, facilities, privileges, advantages, or accommodations of such place of public accommodation. *303 Creative Ltd. Liab. Co. v. Elenis*, 6 F.4th 1160, 1168 (10th Cir. 2021).

The selectivity in the right to association also implies a right *not* to associate. *Roommate.com*, 666 F.3d at 1220 (citing *Jaycees*, 468 U.S. at 623). The Defendant is applying WLAD so that it violates the rights of females to their intimate spaces. Undergoing same-sex nude services is different in nature than fraternizing at a meeting of general attendance or engaging in constitutionally protected activities. As the Supreme Court recognized, "choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme." *Jaycees*, 468 U.S. at 617-18.

Naturally, the state of being unclothed requires the most intimate of settings which must be safeguarded against exploitation when that is a right bargained for by the paying parties. To be exposed to the shocking and jarring visual of a penis

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

15

7507650.1

while naked and to be viewed by someone who could become turgid due to viewing of the female form would be an extreme offense and violative of the right to feel secure in one's person and association.

HRC's application of WLAD to a traditional Korean woman's spa is different in kind than traditional places of public accommodation. The Defendant would extend WLAD to mean that all men must be allowed access to females in a state of undress at the Spa. This unwanted close visible and physical contact with naked females violates the right to freely associate that the women bargained for when paying entry. Some of these females have experienced the trauma of sexual assault. As a result, they seek their own space secluded from the presence and eyes of males. "The freedom to enter into and carry-on certain intimate or private relationships is a fundamental element of liberty protected by the Bill of Rights." *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987). But the application of WLAD to the Spa deprives them of that.

This application of WLAD undermines the State interest in preventing females from the most ubiquitous form of sexual assault and further interferes with the liberty interest of women. "Like violence or other types of potentially expressive activities that produce special harms distinct from their communicative impact, such practices are entitled to no constitutional protection." *Jaycees*, 468

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

16

7507650.1

U.S. at 628 (citing *Runyon v. McCrary*, 427 U.S. 160, 175-176 (1976)). Likewise, the claim that, in the context of this Spa, transgender women suffer a dignity injury cannot supersede the interest of females. Females often have a fear of sexual assault, which constitutes a more severe deprivation of personal dignity.

Crushing the rights of females in their intimate spaces in deference to the desires of transgender women to access those spaces when females are naked or in a state of partial undress could not have been the intent of Washington's lawmakers when passing WLAD. If that were the legislative intent, then the law is not only unconstitutional as applied by HRC but also unconstitutional on its face. There is no compelling interest to force undressed women into close physical and visual proximity to males, and the State has not narrowly tailored the application of WLAD.

### iii. Free exercise of religion

Factual allegations show that a substantial burden on Plaintiffs' First Amendment rights exists. The manner in which HRC applies WLAD imposes a substantial burden on the religious freedom of the Plaintiffs. Moreover, there is no way for HRC to narrowly tailor the State's interest and allow the interest of undressed females in their intimate spaces to remain intact. *Sherbert v. Verner*, 374 U.S. 398 (1963). "[T]here are areas of conduct protected by the Free Exercise

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

17

7507650.1

Clause of the First Amendment and thus beyond the power of the State to control, *even under regulations of general applicability*"; "[a] regulation neutral on its face may, in its application, nonetheless offend the constitutional requirement for governmental neutrality if it unduly burdens the free exercise of religion." *Wisconsin v. Yoder*, 406 U.S. 205, 220 (1972)(emphasis added). "The state must show with . . . particularity how [that interest] would be adversely affected by granting an exemption to the Amish." *Id.* at 236.

The application of the law by the HRC is not narrowly tailored to achieve the anti-discrimination goals of the law. "[A] regulation neutral on its face may, in its application, nonetheless offend the constitutional requirement of government neutrality if it unduly burdens the free exercise of religion." *Fulton v. Philadelphia*, 593 U.S. ___, 141 S. Ct. 1868, 1890 (2021)(J. Alito concur)(quoting *Yoder*). "Insisting that Amish children abide by the compulsory attendance requirement was unconstitutional *even though it 'applie[d] uniformly to all citizens of the State* and d[id] not, on its face, discriminate against religions or a particular religion, [and was] motivated by legitimate secular concerns.'" *Id.* (emphasis in original); *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 642 (1943)(overruling *Minersville School Dist. v. Gobitis*, 310 U.S. 586 (1940), which held that religious

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

18

7507650.1

student objectors to flag salutes were "relieved . . . from obedience to a general [rule] not aimed at the promotion or restriction of religious beliefs").

### iv. Hybrid rights

That WLAD is a neutral law of general applicability, does not force rational basis review. Even if the Court is disinclined to acknowledge the substantial burden on the Plaintiffs' free exercise of religion by application of WLAD within this context, the hybrid nature of the claims points to review under strict scrutiny.

An exception to general laws of neutral applicability are hybrid claims. In the Ninth Circuit, a hybrid claim requires a free exercise claim with a colorable non-free exercise claim. *San Jose Christian College v. Morgan Hill*, 630 F.3d 1024, 1032-33 (9th Cir. 2004). Plaintiffs' free exercise claim should be tethered to either or both the association and free speech claims.

The defense that the Spa voluntarily "entered into commercial activity and thus forego their own constitutional rights through the imposition of statutory schemes to which all are bound" (ECF 13 at 17:26-18:1-2) is misguided and indeed has the chronology out of order. The Spa launched its business at least four years before the addition of "gender identity" to WLAD. RCW § 4.60.040(27). The State has added a classification that has moral and theological implications that contradict the free exercise rights of the Plaintiffs; accommodating that

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

19

7507650.1

classification would pose an undue burden and change the fundamental nature of services in this place of public or quasi-public accommodation.

The State attempts to trample the rights of one protected class in favor of another, while ignoring prohibitions on valid restrictions of access. By stating that "the least restrictive means to end discrimination is to prohibit it" (ECF 13 at 19:18-22), the State is engaging in an obscene attempt to impose the same standard of review on transgenderism as race. In so doing, the State is applying WLAD so that it violates the sincerely held religious beliefs of the Spa's owners, employees, and patrons. "A law that imposes a substantial burden on religious exercise can be sustained only if it is narrowly tailored to serve a compelling government interest." *Fulton v. Philadelphia*, 593 U.S. ___, 141 S. Ct. 1868, 1924 (2021)(J. Alito concur). The application of WLAD in these circumstances is not narrowly tailored and serves no compelling interest.

**D. Voluntary settlement**

The Defendant asserts that the Plaintiffs seek to "undo their prior settlement with HRC." ECF 13 at 1:16-17. Not true. First, most of the Plaintiffs were not parties to the settlement. As to the corporation, this action is brought in furtherance of the express terms of the settlement. The terms of the settlement specifically reserve the right to challenge the underlying law—WLAD (RCW § 49.60 et. seq.).

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

20

7507650.1

This is not an appeal of the complaint filed by Haven Wilvich and settled by HRC, but a challenge to the law itself. The underlying facts alleged in the Complaint provide the context for the challenge to the law by demonstrating: (1) the injury caused by application of the law (constitutional issues are not to be decided devoid of a factual context, *see*, *W.E.B. DuBois Clubs of Am. v. Clark*, 389 U.S. 309, 312 (1967); and (2) that the matter is ripe for review. The agreement is just between the HRC and the Spa—not Haven Wilvich.

**E. Nominal damages**

Nominal damages provide the necessary redress for a completed violation of a legal right under Article III. Because nominal damages were available at common law in analogous circumstances, a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 794 (2021). Should the Court find that nominal damages are not available as currently pled, the Plaintiffs seek leave to amend to add defendants in their individual capacities.

## V. CONCLUSION

The HRC has no compelling interest in ensuring preoperative transgender women access to nude females which can be narrowly tailored without trampling

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

21

7507650.1

the rights of the Spa, its employees, and its patrons. The regulation of individuals who remain in a state of undress for particularly lengthy periods of time, such as exists at the Spa, is for the safety, peace, and order of the operation of the Spa. The HRC violated the rights of Plaintiffs to speak, practice their religion, and associate freely as they choose, by favoring a statutorily protected class over a constitutionally protected class. HRC's application of WLAD to the Plaintiffs changes the fundamental nature of the Spa's business and is an undue burden on their religion and speech and on their clients' right to feel secure in their associations.

Respectfully submitted this 9th day of June 2022 in Pasco, Washington.

s/ Tracy Tribbett
Tracy Tribbett, WSBA #35922
PACIFIC JUSTICE INSTITUTE
6404 Three Rivers Drive
Pasco, WA. 99301
(509)-713-9868
ttribbett@pji.org

*Attorney for Plaintiffs*

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

22

7507650.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered users and that service of the parties will be effected by the appellate CM/ECF system.

Signed and dated this 9th day of June, 2022 in Pasco, Washington

  s/ Tracy Tribbett
Tracy Tribbett, WSBA #35922

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

23

7507650.1