UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLYMPUS SPA et al.,<br><br>                              Plaintiff(s),<br><br>               v.<br><br>SHARON ORTIZ,<br><br>                              Defendant(s). | CASE NO.<br>2:22–cv–00340–LK<br><br>STANDING ORDER FOR ALL<br>CIVIL CASES |

## PROCEDURES FOR ALL CIVIL CASES

This Order sets forth the procedures that govern all civil cases assigned to this Court. The procedures supplement the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Washington. In the event there is an inconsistency between the Local Rules and this Order, the terms of this Order control.

It is very important to read these procedures. Failure to comply with the procedures set forth in this Order may result in sanctions. The terms of this Order will have the force and effect of orders of the Court from this date forward. If the case was previously assigned to a different District Judge, these procedures replace those that previously controlled, but only as to filings and hearings from this date forward.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# CONTENTS

I. CASE SCHEDULING: THE 120–DAY RULE ..................................... 3

II. STIPULATIONS ............................................................................. 4

  A. Stipulated Dismissals ............................................................... 4

  B. Stipulations to Alter Deadlines ................................................ 4

    1. Deadline to Answer Complaint ........................................... 4

    2. Other Deadlines .................................................................. 4

  C. Stipulated Protective Orders ..................................................... 5

III. PROCEDURE UPON NOTIFICATION OF SETTLEMENT ................ 5

IV. MOTIONS ................................................................................... 5

  A. Structure and Typeface ............................................................. 5

  B. General Motions Practice: Noting Dates and Motion Length ..... 5

  C. Citations to Unpublished Washington State Court Cases .......... 6

  D. Courtesy Copies ....................................................................... 6

  E. Motions to Extend Deadlines .................................................... 6

  F. Dispositive Motions ................................................................. 6

  G. Motions in Limine .................................................................... 7

  H. Motions to Compel ................................................................... 7

  I. Motions to Seal ......................................................................... 7

  J. Motions for Default Judgment ................................................... 7

  K. Motions for Attorney's Fees ..................................................... 7

  L. Scheduling Oral Argument ....................................................... 7

V. PROPOSED ORDERS .................................................................... 8

VI. SEARCHABLE PDFs ................................................................... 8

VII. DEFAULT AND DEFAULT JUDGMENT ....................................... 8

VIII. DISCOVERY DISPUTES ............................................................ 9

IX. CIVIL TRIALS ........................................................................... 10

  A. Jury Instructions ...................................................................... 10

  B. Civil Jury Impanelment Procedures .......................................... 10

  C. The Court's General Voir Dire Questions ................................. 11

  D. Procedures for Submission of Deposition Designations ............ 13

  E. Procedures for Handling Exhibits ............................................. 13

    1. Non–Electronic Exhibits ..................................................... 13

    2. JEEP Jury Evidence Electronic Presenter ............................ 14

X. COMMONLY USED CIVIL FORMS ............................................... 15

XI. COURTROOM DECORUM .......................................................... 15

  A. Cellular Phones and Wireless Devices ...................................... 15

  B. Speaking at the Podium Not Required ....................................... 16

XII. PATENT CASES ........................................................................ 16

  A. Scheduling ............................................................................... 16

  B. Tutorial and/or Court–Appointed Neutral Expert and
    Claim Construction Hearing ..................................................... 16

XIII. GUIDANCE FOR PRO SE LITIGANTS IN CIVIL CASES ............. 17

1

## I.   CASE SCHEDULING: THE 120–DAY RULE

2

At any given time, the Court has scores of motions pending. To manage its docket and devote sufficient attention to each case, the Court has devised the following case scheduling template.

| Event | Date |
|---|---|
| JURY TRIAL SET FOR 9:00 a.m. on | **Trial Date** |
| Length of trial | ___ days |
| Deadline for joining additional parties | 28 days from scheduling order |
| Deadline for filing amended pleadings | 56 days from scheduling order |
| Disclosure of expert testimony under FRCP 26(a)(2) due | TR – 7 mos |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | 30 days from above |
| All motions related to discovery must be filed by | TR – 6 mos |
| Discovery completed by | TR – 5 mos |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)). Such motions must be noted for consideration no later than the fourth Friday thereafter (*see* LCR 7(d)). | TR – 4 mos |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | TR – 2 mos |
| All motions in limine must be filed by | TR – 35 days |
| Proposed jury instructions (for jury trials) and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | TR – 21 days |
| Trial briefs, deposition designations, proposed voir dire questions (for jury trials), and proposed findings of fact and conclusions of law (for bench trials) due | TR – 14 days |
| Pretrial conference scheduled at 10:00 a.m. on | TR – 10 days |

As shown above, the Court has instituted a "120–day rule" for dispositive motions. Because dispositive motions are fourth–Friday motions, the Court sets the dispositive motion deadline 120 days prior to trial to allow sufficient time following the noting date to issue a decision on the motion prior (ideally, at least three weeks prior) to the deadline for motions in limine (due 35 days before trial).

Similarly, the motion in limine deadline is set sufficiently in advance of the pretrial conference to allow the Court to consider and, ideally, rule on such motions prior to the pretrial conference.

All other dates are specified in the Local Civil Rules.

## II.      STIPULATIONS

Stipulations do not excuse compliance with applicable law and rules. Parties must not caption a submission as a "stipulation" if all parties do not sign it.

### A.      Stipulated Dismissals

The Court expects strict compliance with applicable law regarding voluntary dismissals, including but not limited to Federal Rule of Civil Procedure 41(a). If a party files a "stipulated" dismissal of part of an action subject to Rule 41(a)(1)(A)(ii), but one or more parties do not sign the "stipulation," the Court will re–note the submission as a motion pursuant to Local Civil Rule 7(d) and Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### B.      Stipulations to Alter Deadlines

#### 1.      <u>Deadline to Answer Complaint</u>

The answer deadline is of importance to the parties, but not to the Court. Absent extraordinary delay or other special circumstances, the deadline for answering a complaint matters only to a plaintiff, who may move for default if a defendant does not timely answer. The parties are free to agree among themselves to extend the answer deadline.

#### 2.      <u>Other Deadlines</u>

Even where the parties stipulate to modify deadlines in a case, with the exception of the deadline to answer a complaint (see above), the Court expects such stipulated motions to comply with applicable law and rules, including but not limited to this Standing Order and Local Civil Rules 7(j) and 16(b)(6). *See also* Section IV.E (deadlines remain operational until the Court has ruled on a motion to extend those deadlines, and Judge King will not decrease the amount of time between the dispositive motion reply deadline and the trial date, or between the motion in limine deadline and the trial date, unless the parties set forth an extraordinary basis for doing so); Section I (describing the "120–day rule").

### C.        Stipulated Protective Orders

LCR 26(c) discusses and contains a link to the district's model protective order, which the parties are encouraged to use and which is also available on the Western District Court's website. The rule requires that when parties submit a stipulated protective order for the Court's approval, they must also provide the Court with a redlined version, identifying departures from the model. LCR 26(c)(2). The redlined version should be submitted to kingorders@wawd.uscourts.gov.

## III.        PROCEDURE UPON NOTIFICATION OF SETTLEMENT

In most cases, the Court will take one of two courses when parties notify it of settlement. If the parties agree, the Court will enter a **standard order of post–settlement dismissal**, which will contain the language below.

The parties have notified the Court that they have reached a settlement of this case. The Court accordingly DISMISSES this case with prejudice and without court–ordered costs or attorney fees to any party. Any trial date and pretrial dates previously set are hereby VACATED and any pending motion is hereby STRICKEN. If the parties are unable to perfect their settlement, they may move to reopen this case within 60 days of this order.

This is the Court's preferred course of action.

Absent the parties' agreement to the Court's preferred course of action, the Court will impose a deadline (typically 30 days from the notification of settlement) for the parties to submit a stipulated dismissal. If the parties do not submit a stipulated dismissal by that deadline, the Court will enter its standard order of post–settlement dismissal.

## IV.        MOTIONS AND OTHER BRIEFING

### A.        Structure and Typeface

A motion and the legal argument supporting the motion must be filed as a single document. Motions do not need to include a table of authorities.

Substantive information and discussion must appear in the body of the brief; footnotes are to be reserved for explanatory and supplemental information. Citations should be in Blue Book format and must be included in the body of the briefing – **the Court does not allow citations in footnotes or endnotes**, with the exceptions of citations for explanatory and supplemental information.

Filings that do not comply with these instructions may be summarily denied or stricken.

### B.        General Motions Practice: Noting Dates and Motion Length

Judge King follows Local Civil Rule ("LCR") 7 in scheduling matters for consideration by the court. Parties should follow the guidelines specified in LCR 7(d). The Court may re–note or strike motions that have been improperly noted for consideration or may take other appropriate action. The Court may also re–note motions

as needed to manage its docket.

Parties must comply with the length restrictions specified in LCR 7(e). The Court may decline to consider arguments presented beyond the specified limits. Motions to exceed the limitations will be granted only where the matter is one of extraordinary complexity.

Motions for leave to file overlength briefs must be filed and noted for consideration to provide the Court sufficient time to rule on the motion before the brief at issue is due. Parties must not file a motion for leave to file an overlength brief concurrently with the overlength brief.

## C.     Citations to Unpublished Washington State Court Cases

"Because Washington courts have made the judgment that 'unpublished' state court decisions should not shape their decisions, this court follows their lead." *Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, No. C10–1987 RAJ, 2011 WL 3583226, at *4 (W.D. Wash. Aug. 15, 2011); *see also* GR 14.1(a) ("Unpublished opinions of the Court of Appeals have no precedential value and are not binding upon any court.")

## D.     Courtesy Copies

Judge King does not require courtesy copies.

## E.     Motions to Extend Deadlines

With the exception of the deadline to answer a complaint (*see* Section II.B.1), deadlines remain operational until the Court has ruled on a motion to extend those deadlines, so parties should file motions to extend a deadline well in advance of the deadline in accordance with LCR 7(j). The Court will not prioritize such motions simply because the parties have waited until a deadline is imminent before filing a motion to extend.

In proposing new deadlines, the parties should endeavor to comport with the Court's scheduling template. *See* Section I, "The 120–Day Rule." Judge King will not decrease the amount of time between the dispositive motion reply deadline and the trial date, or between the motion in limine deadline and the trial date, unless the parties set forth an extraordinary basis for doing so.

## F.     Dispositive Motions

Parties must make a meaningful effort to confer prior to filing a dispositive motion. Such motions must contain a certification of conferral. The certification should be clearly visible within either the first substantive paragraph or the final paragraph of the motion. Parties should provide for at least three business days between attempts to confer and a motion's filing and must explain their specific efforts to comply in the certification if contact was not successfully made.

A motion pursuant to FRCP 12(b) is discouraged if the defect can be cured by filing an amended pleading. Parties must endeavor not to oppose timely motions to amend.

Parties must propose a briefing schedule if they plan on filing cross–motions for summary judgment. As noted in LCR 7(k), the Court may order parties filing cross motions for summary judgment to combine their memoranda and forego reply briefs in exchange for an enlarged response brief.

### G.     Motions in Limine

Before filing motions in limine, a party must make a good faith effort to meet and confer with the opposing party, and must comply with all other requirements of Local Rule 7(d)(4). Parties are discouraged from filing motions in limine that do not identify specific evidence or exhibits to be excluded, which request relief at a high level of generality, or which merely ask the Court to apply the Federal Rules of Evidence.

### H.     Motions to Compel

*See* Section VIII, Discovery Disputes.

### I.     Motions to Seal

Judge King expects strict compliance with Local Civil Rule 5(g). It is the Court, not the parties, that determines whether a document can be filed under seal. The Court will only permit filings under seal if the party seeking to seal the information demonstrates why the public's traditional right of access to court documents and the public policies favoring disclosure are outweighed by good cause (if the motion is tangentially related to the merits of the case) or compelling reasons (if the motion is more than tangentially related to the merits of the case) that support keeping the information under seal. The fact that a party has designated a particular document "Confidential" is not sufficient to convince the Court that good cause or compelling reasons exist to seal that document.

### J.     Motions for Default Judgment

*See* Section VII, Default and Default Judgment.

### K.     Motions for Attorney's Fees

All motions seeking attorney's fees must be accompanied by an appropriate declaration that attaches all relevant timesheets and costs. The Court will not award fees for non–compensable time. *See, e.g., Eve Nevada, LLC v. Derbyshire*, No. 21–0251–LK, 2022 WL 279030, at *9–11 (W.D. Wash. Jan. 31, 2022); *Johnson v. Peter*, No. C21–1602–LK, 2023 WL 22021, at *7–9 (W.D. Wash. Jan. 3, 2023).

### L.     Scheduling Oral Argument

After briefing has been completed, the Court will decide whether to grant a request for oral argument. Should oral argument be allowed, the Court will contact the parties to schedule a date and time.

1

## V.    PROPOSED ORDERS

2

3    Under Local Rule 7(b)(1), any motion requiring the signature of the Court must be presented along with a proposed order. The Parties must comply with this rule for all motions except dispositive motions, for which Judge King does not require proposed orders.

4

5    Pursuant to the WAWD's Electronic Filing Procedures, the moving party must email a Microsoft Word version of a proposed order to kingorders@wawd.uscourts.gov at the time of filing. The subject heading of the email should include the case number, the case name, and the title of the motion (it should not simply read "Proposed Order").

6

7    See Local Rule 10(e)(7) for guidance on the form of proposed orders.

8

## VI.    SEARCHABLE PDFs

9

10    Before filing a document in the Electronic Filing System, a party must verify its legibility, and the document must be in "searchable" Portable Document Format (PDF) unless the file cannot be rendered searchable. A file is considered searchable when it has been either saved directly from a word processor into PDF format, or else has had Optical Character Recognition (OCR) performed on the document before filing.

11

12    Documents that do not comply with these instructions may be summarily stricken or otherwise not considered by the Court.

13

## VII.    DEFAULT AND DEFAULT JUDGMENT

14

15    Under Federal Rule of Civil Procedure 55(a) and LCR 55(a), default is a two–step process. To obtain default judgment under Rule 55, a plaintiff must first request entry of default from the Clerk of the Court and then, after the Clerk has issued an entry of default, apply to the Court for default judgment. The motion for default judgment should be filed promptly after the Clerk of Court grants the entry of default.

16

17    Under LCR 7(b)(1), all motions for default and default judgment, just like all other motions, must be properly supported in order to receive the relief requested. Judge King will deny motions for default judgment that do not provide sufficient information for the Court to enter judgment. For examples of relevant information, *see Eve Nevada, LLC v. Derbyshire*, No. 21–0251–LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022); *Johnson v. Peter*, No. C21–1602–LK, 2023 WL 22021 (W.D. Wash. Jan. 3, 2023). Specifically:

18

19

20

21    1. The movant must establish subject matter jurisdiction and personal jurisdiction.

22

23    2. The movant must support a motion for default judgment with a declaration.

24    3. The movant must address the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

25

26

4. The movant must separately state the amounts owing on the principal claim, liquidated damages (if applicable), pre– and post–judgment interest on the principal claim (if applicable), and reasonable attorney's fees (if applicable).

5. The movant must provide a concise explanation of how all amounts were calculated, and must support this explanation with adequate evidence establishing the amount of the principal claim, the interest owing, the attorney's fees, and other relevant amounts.

6. If the claim is based on a contract, the movant must provide the Court with a copy of the contract and draw the Court's attention to the relevant provisions.

7. If an interest rate other than that provided by 28 U.S.C. § 1961 applies, the movant must state the rate and the reasons for applying it, and include all interest calculations.

8. In diversity cases, the movant must address what jurisdiction's law applies to their substantive claims and remedies.

The Court urges movants to take care to sufficiently address all relevant information; it will not award fees incurred as a result of an order to show cause or otherwise correcting mistakes. *See Stephens v. Marino, White, O'Farrell & Gonzalez*, No. C10–5820BHS, 2011 WL 4747920, at *4 (W.D. Wash. Oct. 7, 2011); *Johnson v. Peter*, No. C21–1602–LK, 2023 WL 22021, at *8 (W.D. Wash. Jan. 3, 2023); *Duby Indus. One, LLC v. Goldenwest Laundry & Valet Servs., Inc.*, No. SACV151545AGKESX, 2016 WL 11744426, at *2 (C.D. Cal. Sept. 26, 2016) ("[T]he Court is not inclined to award fees for unnecessary time spent correcting mistakes made in seeking default judgment.").

## VIII.       DISCOVERY DISPUTES

Before filing a motion to compel, a party must make a good faith effort to meet and confer with the opposing party. *Parties are encouraged to submit discovery disputes jointly through the procedure set forth in Local Rule 37(a)(1)(B).*

When presented with disputes regarding discovery issues that are particularly time–sensitive, counsel may *jointly* contact the Courtroom Deputy, Natalie Wood, by email at natalie_wood@wawd.uscourts.gov to request, and if granted, make arrangements for a telephone or virtual conference with the Court.

Discovery disputes must be raised in a timely manner so as to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior.

A party who serves discovery requests on third parties must provide notice of these discovery procedures to such parties. These parties will be expected to comply with these

procedures.

## IX.      CIVIL TRIALS

### A.        Jury Instructions

Judge King instructs every jury twice: prior to opening statements and at the conclusion of the evidence.

The Court recommends the latest version of the <u>Ninth Circuit Model Jury Instructions</u> as the preferred proposed instructions. Between the pretrial conference and the date and time set for hearing on jury instructions, counsel will be expected to submit to the Court (1) copies of any further instructions upon which the opposing parties have conferred and agreed and (2) cited and uncited copies of each side's proposed jury instructions upon which no agreement has been reached.

It is the Court's preference that proposed jury instructions be submitted in electronic form via e−mail. Instructions should be sent to kingorders@wawd.uscourts.gov and natalie_wood@wawd.uscourts.gov. Each side's set of proposed instructions should also include a proposed verdict form.

Prior to trial, the Court will issue a set of proposed opening instructions. Prior to the Court giving these instructions to the jury, each side will be permitted to take exceptions to the Court's proposed instructions. Each juror is given a set of instructions to keep with them throughout the trial.

At the conclusion of the case, the Court will prepare with counsel the final and controlling set of instructions. Counsel is then given a second opportunity to take exceptions. The first set of instructions is returned and the second, final set is substituted and read to the jury. Each juror is given a set of final instructions to use during deliberations.

### B.        Civil Jury Impanelment Procedures

This summary is provided to acquaint counsel with the procedure for impaneling a civil jury in Judge King's court.

Before a jury panel is brought into the courtroom, counsel will be given copies of the juror information forms. These forms contain basic information about each prospective juror. Counsel will also receive a list of jurors in the order that they will be seated. The list, and therefore the order in which the jurors are seated, has been randomized by computer. The jurors will have been assigned a juror number and been seated according to that number.

The initial voir dire examination is done by the court, utilizing the Court's general voir dire questions (*see* Section IX.C). The Court will briefly describe the case to the panel, will ask any pro se litigants and counsel to introduce themselves and any clients present in court.

The Court will use questions to screen for hardship and familiarity with the case and witnesses. Questions proposed by counsel in advance of trial may also be used. The

questions are asked of the entire panel, and any juror whose answer would be "yes" or "probably yes" is asked to raise their juror number. The Court and lawyers may make note of that juror's number for possible follow–up questions.

When the court has finished asking questions of the entire panel, an effort is made to provide an opportunity for voir dire by the lawyers. Counsel for each side may ask questions of the whole panel, of individual jurors, or both. Each side (not party) will be subject to time limits set by the Court at the pretrial conference. Parties are permitted to ask for additional time if they believe they need it.

Challenges for cause and peremptory challenges are made following the conclusion of counsel's voir dire, outside the presence of the panel. Peremptory challenges continue until both sides are satisfied with the jurors seated, or until those challenges are exhausted. A form is provided which counsel, starting with plaintiff, pass back and forth and on which they write down their peremptory challenges. This assures that neither side will waste a challenge on a juror already excused by the other side. When each side has completed its challenges (or waived any further challenges), the form is signed and given to the clerk. The Courtroom Deputy then reads the names and numbers of the jurors who will remain and places them in the jury box. The jury is sworn and impaneled and the panelists who will not be serving are thanked and excused. The Court will not indicate to the panel who made a challenge.

Under Federal Rule of Civil Procedure 48, the jury will consist of not fewer than six and not more than 12 members. There will be no alternates. The court will advise counsel how many jurors will be impaneled. No jury will be seated with fewer than seven members to ensure that the panel can deliberate should a juror be excused during the trial. The jurors will be the panelists with the lowest number remaining after all challenges have been exercised.

This method of impanelment usually produces a jury rapidly and fairly. Counsel are, of course, free to request modifications of this procedure.

### C.      The Court's General Voir Dire Questions

1. This trial is expected to last for __ days. However, there is no time limit on the amount of time that any particular jury may deliberate. Is there any juror who cannot be here for the anticipated duration of the trial? (**explain hardship**)

2. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

3. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

4. The court previously introduced the plaintiff and the plaintiff's attorney. Does anyone know the plaintiff or the plaintiff's attorney in this case?

5. The court previously identified the defendant and the defendant's attorney. Does anyone know of the defendant or the defendant's attorney in this case?

6. Have any of you heard or read anything about this case?

7. I will now ask counsel for the plaintiff to list all of the witnesses that are expected to be called to testify. Please raise your card if you believe that you know any of these witnesses. (Counsel reads names.)

8. I will now ask counsel for the defendant to list all of the witnesses that are expected to be called to testify. Please raise your card if you believe that you know any of these witnesses. (Defense counsel reads names.)

9. Do you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc?

10. Do you have any training or work experience in the field of law?

11. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?
    a. If so, have you ever served as the foreperson?

12. Have you ever testified before in any court proceeding (and by "court proceeding," I am not referring to a deposition)?

13. Does anyone know any of the other jurors from any contact other than your meeting this morning?

14. Does any juror have strong feelings, either positive or negative, regarding our system of compensating individuals with money damages for injuries?

15. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

16. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

17. If you were the plaintiff or defendant in this case, is there anyone who would <u>not</u> want a juror with your present state of mind sitting on the jury?

18. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

Thank you, everyone. I will now permit the lawyers to have __ minutes per side to ask additional voir dire questions.

### D.      Procedure for Submission of Deposition Designations

Pursuant to Local Civil Rule 32, if a party intends to offer a deposition in lieu of or in addition to live testimony at trial, the party must provide to all other parties a transcript of the deposition with the relevant portions highlighted. Other parties may offer other portions of the deposition by highlighting them, using a different color.

No later than the deadline designated by the Court, the parties must file on the docket an electronic copy of the deposition transcript, setting forth all designated highlighted testimony, and indicating any objections and responses in the chart format found on Judge King's chambers website (https://www.wawd.uscourts.gov/judges/king-procedures).

A failure to designate objections as set forth above will constitute a waiver, even if the objection was previously stated at the deposition.

After the court has ruled on the objections, the Court's rulings on the objections will be filed on the docket so the record is clear as to what evidence the Court considered by way of deposition testimony.

If a party intends to offer a video deposition instead of live testimony, the party must, in addition to complying with the provisions above, submit a copy of the video deposition on a thumb drive to chambers and to all other parties no later than the deadline for filing deposition designations. The party offering the video is responsible for being familiar with the courtroom technology necessary to play it and for ensuring that the video is edited appropriately after the Court makes its rulings on any objections.

### E.      Procedures for Handling Exhibits

#### 1.      <u>Non-Electronic Exhibits</u>

Exhibit stickers/labels/tags can be obtained from the clerk at the pretrial conference or from the Clerk's Office. Exhibit tags generated electronically are also acceptable.

1

2

All trial exhibits must be pre–marked by counsel. Each exhibit must be clearly marked.

3

4

Plaintiff(s)' exhibits must be numbered consecutively beginning with 1; defendant(s)' exhibits must be numbered consecutively beginning with 500. Duplicate documents must not be listed twice. Once a party has identified an exhibit on the exhibit list or in the pretrial order, any party may use it.

5

6

7

Each set of exhibits must be submitted in a three–ring binder with appropriately numbered tabs. The original and one copy of the trial exhibits are to be delivered to Natalie Wood, Courtroom Deputy, seven days before the trial date. If JEEP (Jury Electronic Evidence Presentation) is being used, only one set of paper exhibits is required.

8

9

If the exhibit list, pretrial order, or witness list is revised at any time after it is filed with the Court, counsel must file a revised exhibit list with the court and provide the Courtroom Deputy with a redlined version indicating the changes.

10

11

If additional exhibits are marked in the course of trial (for example, for impeachment purposes), counsel must provide extra copies of the exhibits for opposing counsel and for the Court.

12

13

14

Jurors have high expectations about the lawyers' ability to operate the evidence presentation devices in the courtroom. Training is strongly encouraged. See https://www.wawd.uscourts.gov/attorneys/trial–support for more information. At the pretrial conference, the parties must make arrangements with the Courtroom Deputy to schedule a time to test any equipment that the parties wish to use at trial.

15

## 2.    JEEP Jury Evidence Electronic Presenter

16

17

18

The Court has implemented a program to use for jury trials known as JEEP (Jury Evidence Electronic Presenter). The IT Department for the US District Court will provide a laptop computer that has been prepared specifically for presentation of electronic exhibits to jurors. This laptop will not have any network access, internet browsing capability, nor tools for opening files that are not specific to viewing or hearing evidence. A mouse and AC power adaptor will also be provided with the computer.

19

20

The IT Department will also provide a portable 42" flat screen monitor and a pair of computer speakers, in a location in the jury room that will allow all jurors to have a clear view of the content on the screen.

21

22

23

The laptop, loaded with all admitted exhibits, will be brought into the courtroom by IT and hooked into the courtroom display system. This will allow the attorneys and court staff to confirm inclusion of the proper admitted exhibits. Once counsel has agreed to the content, the laptop will be presented to the jurors and a brief tutorial will be given.

24

25

Copies of the admitted exhibits portfolio will be provided to counsel at the conclusion of the trial.

26

**Submitting Electronic Evidence**

Exhibits must be delivered to the Courtroom Deputy prior to the trial date. Exhibits are to be delivered in the following format:

- Exhibits must be on a CD or thumb–drive or uploaded to the Court's Box.com folder in PDF format.

- Each exhibit must be a single PDF document.

- PDF documents should be scanned using Optical Character Recognition if possible and encoded as a searchable PDF.

- Exhibits that contain audio or video must be playable in Windows Media Player.

- Exhibits must be numbered as follows:

| Plaintiff: | 001 | Defendant: | 500 |
|---|---|---|---|
| | 002 | | 501 |
| | 003 | | 502 |
| | 004 | | 503 |

- An exhibit list in Microsoft Word format must be emailed to the Courtroom Deputy at natalie_wood@wawd.uscourts.gov prior to the trial date.

Questions should be directed to natalie_wood@wawd.uscourts.gov.

## X.      COMMONLY USED CIVIL FORMS

The example forms below can be found on https://www.wawd.uscourts.gov/judges/king–procedures:

- Pretrial Conference Checklist (Civil Jury Trial)

- Pretrial Conference Checklist (Civil Bench Trial)

- Objections to Designations of Deposition Excerpts

- Trial Exhibit List

- Peremptory Challenges of Jurors

## XI.      COURTROOM DECORUM

### A.      Cellular Phones and Wireless Devices

All cellular telephones and wireless devices must be turned off or turned to airplane mode during all proceedings. Simply silencing these devices is insufficient,

as they interfere with the courtroom audio system. Individuals whose devices interrupt proceedings may be sanctioned.

### B.        Speaking at the Podium Not Required

Counsel and pro se litigants are required to stand when addressing the Court, a witness, or the jury unless the need for a disability– or health–related accommodation is obvious or requested and granted. *See* https://www.wawd.uscourts.gov/visitors/access for information regarding accommodations. However, counsel and pro se litigants are not restricted to speaking at the podium unless the judge, court reporter, witness, counsel, or a juror indicates that they are unable to hear.

## XII.        PATENT CASES

### A.        Scheduling

Unless another time schedule is necessitated by information provided in the Joint Status Report ("JSR"), the Court generally follows the schedule laid out in the Local Patent Rules.

Please note that the Court will not rule on dispositive motions that raise issues of claim construction prior to the Markman Hearing, unless special circumstances warrant and leave of Court is obtained in advance of filing.

### B.        Tutorial and/or Court–Appointed Neutral Expert and Claim Construction Hearing

The Court or the parties can request that the Court have a tutorial on the subject matter of the patent(s) at issue prior to the Hearing. In those instances, the Court will schedule a tutorial to occur two to four weeks prior to the Hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial, including a summary and explanation of the subject matter at issue. The length of the tutorial will depend upon the subject matter. Visual aids and suggestions for reading materials are encouraged.

Alternatively, depending on the technology involved, the Court may determine that the assistance of a neutral expert would be helpful. In such an instance, the Court may direct the parties to confer and, if possible, reach an agreement as to three experts in the field that would be appropriate to act as neutral expert to assist the Court during the claim construction proceedings and/or the trial of this matter. The Court will then choose one to appoint as a neutral expert pursuant to Federal Rule of Evidence 706. In such a situation, the parties will split the cost of the expert equally.

The claim construction hearing will be set for one full trial day (5 hours). If more or less time is required, the parties are instructed to inform Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov.

The parties are directed to address any specific concerns with the foregoing schedule in their joint status report. Pursuant to Federal Rule of Civil Procedure 16, a schedule set forth in accordance with this order may be modified upon a showing of good cause.

## XIII.        GUIDANCE FOR PRO SE LITIGANTS IN CIVIL CASES

Parties who represent themselves in civil litigation, i.e., appear pro se, should be aware that the Court extends no special consideration to pro se litigants and holds these parties to the same standards to which it holds attorneys.

The following links may be helpful to those representing themselves in civil matters:

- General information on forms, fees, and how to file a motion for appointment of counsel can be found at:
  https://www.wawd.uscourts.gov/representing–yourself–pro–se

- Local Civil Rules for the Western District of Washington can be found at:
  https://www.wawd.uscourts.gov/local–rules–and–orders

- Federal Rules of Civil Procedure can be found at:
  https://www.uscourts.gov/rules–policies/current–rules–practice–procedure/federal–rules–civil–procedure

- Legal citation guide:
  http://dionneanthon.com/bbu/Anthon%20Bluebook%20Uncovered%20(21st%20Edition%20of%20Bluebook)%202020.08.06.pdf

- Federal Bar Association's Federal Civil Rights Legal Clinic: a weekly clinic as described here – https://fba–wdwash.org/wp–content/uploads/2021/03/FBA–Seattle–Color–Flyer–2021–Final–1.pdf

- To inquire into a lawyer referral, pro se parties can contact either the Washington State Bar Association at www.wsba.org or the King County Bar Association at www.kcba.org

**SO ORDERED.**

January 23, 2023


_____
Lauren King
United States District Judge