# Exhibit 1



*( Second notice )*

# WASHINGTON STATE HUMAN RIGHTS COMMISSION
## COMPLAINT

**Complainant:**  Haven Wilvich

**Respondent:**  Olympus Spa
3815 – 196th Street SW #160
Lynnwood, WA 98036

I charge the above-named Respondent with an unfair practice and/or aiding and abetting in the commission of an unfair practice as defined by the Washington State Law Against Discrimination, Chapter 49.60.  This complaint arises from discrimination in public accommodation on the basis of sexual orientation.

**The following is a summary of my complaint:**

1.  I am a transgender woman.  Respondent is a place of public accommodation.

2.  In January 2020, I went to Respondent's spa for services. Respondent Owner denied me services and stated that transgender women without surgery are not welcome because it could make other customers and staff uncomfortable. I believe that Respondent denied me equal services due to my sexual orientation.

3.  I believe I have been discriminated against because of sexual orientation when Respondent denied me equal services based on my sexual orientation.

**I declare under penalty of perjury under the laws of the State of Washington that I have read the foregoing and that it is true and correct.**

_____          5/2/20
**Complainant's Signature**                                        **Date**

| This Box is for Commission Use Only | |
|---|---|
| HRC Case # : 3TFX-0188-20-1 | |
| EEOC Case #: N/A | |
| Date Filed: 2-13-2020 | Received by: JM |

# Exhibit 2

# WASHINGTON STATE HUMAN RIGHTS COMMISSION (WSHRC)

| | |
|---|---|
| *First notia* | **PERSON FILING COMPLAINT:** <br> **HAVEN WILVICH** |
| **Olympus Spa** <br> **3815 - 196TH ST. S.W., #160** <br> **Lynnwood, WA  98036** | **THIS PERSON** *(check only one)* <br> ☒   Claims To Be Aggrieved <br> ☐   Is a WSHRC Representative <br> **FILING DATE: 2/13/2020** |
| | **COMPLAINT No.(s)** <br> WSHRC: **31PX-0188-20-1** <br> EEOC: **N/A** |

## NOTICE OF COMPLAINT OF DISCRIMINATION

This is notice that a Complaint of discrimination has been filed against your organization:

☐   Title VII of the Civil Rights Act          ☒   Washington Law Against  Discrimination RCW 49.60

☐   The Americans with Disabilities Act (ADA)     ☐   The Age Discrimination in Employment Act (ADEA)

The boxes checked below apply to our handling of this Complaint:

1.  ☒  **No action is required by you at this time (this is for timely notification purposes only).  Please note you may receive a second Notice of Complaint with further instructions and/or actions required at a later date.**

2.  ☐  Please call the WSHRC Civil Rights Investigator listed below concerning the further handling of this charge.

3.  ☐  Please provide a written response to this Complaint by       , including a statement of your position of the issues covered by this Complaint, with copies of any supporting documentation to the Civil Rights Investigator listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will assist in the timely conclusion of the investigation.

4.  ☐  Please respond fully by       to the enclosed request for information (RFI) and send your response to the WSHRC Civil Rights Investigator listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will assist in the timely conclusion of the investigation.

5.  ☐  The WSHRC may assist the parties in early resolution of this Complaint through joint fact finding conferences and/or settlement negotiation which gives the parties an opportunity to resolve the issues of a Complaint without extensive investigation or expenditure of resources. If you like to participate please contact the Civil Rights Investigator listed below. If you <u>DO NOT</u> wish to try early resolution, you must respond to any request(s) made above by the date(s) specified.

CIRCUMSTANCES/BASIS OF THE ALLEGED DISCRIMINATION COMPLAINT:

☐ Race ☐ Color ☐ Creed/Religion ☐ National Origin ☐ Age ☐ Sex/Gender ☒ Sexual Orientation ☐ Disability ☐ HIV/Hep C

☐ Sex/Pregnancy ☐ Marital Status ☐ Retaliation ☐ Breast Feeding ☐ Veteran/Military Status ☐ Service Animal

SUMMARY OF ISSUES/ ALLEGED ADVERSE ACTIONS:   Complainant alleges discrimination based on Sexual Orientation.

For further inquiry on this matter, please use the WSHRC Complaint number shown above. Your written response, position statement, response to our request for information, or any inquiry you may have should be directed to:

| <u>Investigative Staff</u> <br> *WSHRC Civil Rights Investigator* <br> *Telephone* :   360.753.6770 | **Washington State Human Rights Commission** <br> 711 S. Capitol Way, Suite 402 <br> Olympia, WA  98504-2490 |
|---|---|

Enclosure:  ☐   Copy of Complaint     ☐   RFI Letter

| Date of Notice: <br> November 24, 2020 | Mailed by: <br> *J. Morris, Customer Service Rep* | Name / Title of Authorized Official: <br> **Sharon Ortiz, WSHRC Executive Director** |
|---|---|---|

*first notice*



STATE OF WASHINGTON

## HUMAN RIGHTS COMMISSION

711 South Capitol Way, Suite 402 • PO Box 42490 • Olympia, WA 98504-2490
360-753-6770 • 1-800-233-3247 • (Fax) 360-586-2282
www.hum.wa.gov

# Washington State Human Rights Commission NOTICE
## Duty to Preserve Documents, Computer and Electronic Files, Video Surveillance Files, and Other Potential Evidence

November 24, 2020

Case Name:  Wilvich, Haven v. Olympus Spa
Case Number: 31PX-0188-20-1

You have been named a Respondent in a complaint of discrimination that is being investigated by the Washington State Human Rights Commission. WAC 162-08-09501 provides that staff members of the Commission may obtain any information, not privileged, that is relevant to the complaint. Pursuant to this WAC, the Commission requests that you immediately take steps to preserve all evidence that may be relevant to this complaint.

This evidence may include, but is not limited to: personnel files; employment and pay records; interview notes; interview questions and answers; interview scoring sheets; exam scores; job applications; complaints; disciplinary records; investigation interviews, notes, and reports; incident reports; policies, procedures, workplace rules, and employee handbooks; medical records; performance evaluations and improvement plans; demographic and affirmative action data; email communications; written correspondence and letters; phone records; voice mail messages; text messages; video surveillance recordings; social media posts; and drug test results.

If information requested during the investigation of this case is not turned over to the Commission upon request, the party refusing to turn over the information will be subject to a subpoena and order compelling production of the information. WAC 162-08-09501, WAC 162-08-097.

Thank you for your anticipated cooperation.

# Exhibit 3

# WASHINGTON STATE HUMAN RIGHTS COMMISSION (WSHRC)

*(handwritten, circled)* Second notice

*(handwritten)* Mailed 3/25/21

*(handwritten)* Emailed copy 3/24/21

| | |
|---|---|
| **OLYMPUS SPA**<br>3815 - 196TH ST. S.W., #160<br>LYNNWOOD, WA 98036 | **PERSON FILING COMPLAINT:**<br>**HAVEN WILVICH** |
| | **THIS PERSON** *(check only one)*<br>☒   Claims To Be Aggrieved<br>☐   Is a WSHRC Representative<br>FILING DATE: **2/13/2020** |
| | **COMPLAINT No.(s)**<br>WSHRC: **31PX-0188-20-1**<br>EEOC: **N/A** |

## NOTICE OF COMPLAINT OF DISCRIMINATION

This is notice that a Complaint of discrimination has been filed against your organization:

☐   Title VII of the Civil Rights Act          ☒   Washington Law Against  Discrimination RCW 49.60

☐   The Americans with Disabilities Act (ADA)          ☐   The Age Discrimination in Employment Act (ADEA)

The boxes checked below apply to our handling of this Complaint:

1. ☐   No action is required by you at this time (this is for timely notification purposes only).  Please note you may receive a second Notice of Complaint with further instructions and/or actions required at a later date.

2. ☐   Please call the WSHRC Civil Rights Investigator listed below concerning the further handling of this charge.

3. ☒   **Please provide a written response to this Complaint by 3/29/2021,  including a statement of your position of the issues covered by this Complaint, with copies of any supporting documentation to the Civil Rights Investigator listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will assist in the timely conclusion of the investigation.**

4. ☐   Please respond fully by          to the enclosed request for information (RFI) and send your response to the WSHRC Civil Rights Investigator listed below. Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will assist in the timely conclusion of the investigation.

5. ☒   **The WSHRC may assist the parties in early resolution of this Complaint through joint fact finding conferences and/or settlement negotiation which gives the parties an opportunity to resolve the issues of a Complaint without extensive investigation or expenditure of resources. If you like to participate please contact the Civil Rights Investigator listed below.  If you <u>DO NOT</u> wish to try early resolution, you must respond to any request(s) made above by the date(s) specified.**

CIRCUMSTANCES/BASIS OF THE ALLEGED DISCRIMINATION COMPLAINT:

☐ Race  ☐ Color  ☐ Creed/Religion  ☐ National Origin  ☐ Age  ☐ Sex/Gender  ☒ Sexual Orientation  ☐ Disability  ☐ HIV/Hep C

☐ Sex/Pregnancy  ☐ Marital Status  ☐ Retaliation  ☐ Breast Feeding  ☐ Veteran/Military Status  ☐ Service Animal

SUMMARY OF ISSUES/ ALLEGED ADVERSE ACTIONS:  Complainant alleges discrimination based on Sexual Orientation.

For further inquiry on this matter, please use the WSHRC Complaint number shown above. Your written response, position statement, response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Madison Imiola** *(handwritten)* @ Hum. Wa. gov.<br>*WSHRC Civil Rights Investigator*<br>*Telephone :*  (360) 359-4933 | **Washington State Human Rights Commission**<br>711 S. Capitol Way, Suite 402<br>Olympia, WA  98504-2490 |

Enclosure:    ☒     Copy of Complaint          ☐   RFI Letter

| Date of Notice:<br>March 12, 2021 | Mailed by:<br>*John Morris, Customer Service Specialist 2* | Name / Title of Authorized Official:<br>**Sharon Ortiz, WSHRC Executive Director** |
|---|---|---|

*Second notice*

# WASHINGTON STATE HUMAN RIGHTS COMMISSION
## COMPLAINT

**Complainant:**   Haven Wilvich

**Respondent:**    Olympus Spa
3815 – 196th Street SW #160
Lynnwood, WA 98036

I charge the above-named Respondent with an unfair practice and/or aiding and abetting in the commission of an unfair practice as defined by the Washington State Law Against Discrimination, Chapter 49.60.  This complaint arises from discrimination in public accommodation on the basis of sexual orientation.

**The following is a summary of my complaint:**

1. I am a transgender woman.  Respondent is a place of public accommodation.

2. In January 2020, I went to Respondent's spa for services. Respondent Owner denied me services and stated that transgender women without surgery are not welcome because it could make other customers and staff uncomfortable. I believe that Respondent denied me equal services due to my sexual orientation.

3. I believe I have been discriminated against because of sexual orientation when Respondent denied me equal services based on my sexual orientation.

**I declare under penalty of perjury under the laws of the State of Washington that I have read the foregoing and that it is true and correct.**

| | |
|---|---|
| _____ | 5/2/20 |
| **Complainant's Signature** | **Date** |

**This Box is for Commission Use Only**

| | |
|---|---|
| HRC Case # : 31PX-0188-20-1 | |
| EEOC Case #: N/A | |
| Date Filed: 2-13-2020 | Received by: JM |

# Exhibit 4

March 25, 2021

I am writing in response to the Washington Human Rights Commission (HRC) complaint of Haven Wilvich against Olympus Spa dated February 13, 2020 alleging violation of RCW 49.60.260, discrimination in a place of public accommodation (complaint #31PX-0188-2-1). Our position is that we deny and dispute that our women-only rule (set forth above) violates RCW 49.60.

My name is Sun Lee.  I am the president of our MWBE family-owned women's Korean traditional health spa, Olympus Spa, with locations in Lynnwood and Tacoma.  We have been in business for more than 20 years.  The business was started by my parents.   We are interested in women's physical health and equally interested in spiritual health. There is an old Korean saying, **"All of one's physical illnesses come from one's mind."**

We exclusively employ females at all of our Spa facilities.  Our staff includes licensed massage therapists, licensed estheticians and nail artists.  Nudity is required for certain procedures as well as in our pool/spa areas.  Customers range in age from minors (13 and over) up to senior citizens.  Our attendance rules limit guests to females only, including post-operative transsexuals (MTF).  We firmly believe it is essential for the safety, legal protection and well-being of our customers and employees that we maintain adherence to this adaptation of a females-only rule.

The cultural underpinnings of the unique services offered at Olympus Spa, originated in Korean spa therapy and body massage (requiring nudity)  that goes back many generations.  Our spa services are closely tied to the Korean tradition known as "jjimjilbang" (Korean for steamed-quality room') This holistic health therapy is offered in a sex-segregated public bathhouse furnished with hot pools, showers, Korean traditional kiln saunas and massage tables. An essential part of the experience requires full nudity during hot pools and massage/exfoliation therapies.  The traditional body scrubs known as "seshin" cannot be undertaken while clothed because an inseparable and necessary component of this age-old body scrub technique requires lengthy soaking, fully nude, in a warm pool to soften skin in order to allow and enhance total skin exfoliation.

We firmly believe that our nudity requirement fits squarely within the "Dress and grooming standards." provision adopted by the WHRC in WAC 162-32-050.

**WAC 162-32-050 Dress and grooming standards.** (1) **Standards allowed.** Covered entities may require standards of dress or

```
grooming that serve a reasonable business or institutional
purpose, such as promoting safety, developing a company
identity, or projecting a professional, positive public image.
```

It is our position that nudity and females-only, which includes post-operative MTF transsexuals, coupled with the presence of minors as young as 13, cannot be segregated from the cultural requirements for "seshin" services at our spas.  We firmly believe and assert that this policy serves legitimate and reasonable business purposes in keeping with WAC 162-32-050, as well as fosters a safe, secure  and  legally compliant  environment for our customers and staff.  Allowing female minors to be exposed to naked male genitalia could potentially and unwittingly give rise to criminal liability for staff and/or guests.

The state's indecent exposure law makes it a misdemeanor to **"make any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm."**( Emphasis Added)  Furthermore, the law defining what constitutes "Contributing to the delinquency of a minor...." states, in part,

B. It is unlawful for any parent, parents or legal guardian of a child under the age of 18 to:
1. Neglect or inflict cruelty or depravity upon such child; or...........

C. Failure to supervise a child is a misdemeanor.

In addition, the Snohomish County Code reads, in part,

10.04.025 Lewd conduct.

(1)  A person is guilty of lewd conduct if in a public place and under circumstances where such conduct is likely to be observed by a member of the public the person intentionally:

(a)  Exposes any of the following body parts of the person without a full and opaque covering in other than a public place provided or set apart for nudity:...........................
**(emphasis added)**

10.04.035 Facilitating lewd conduct.
The owner, lessee, manager, operator, or other person in charge of a public place is guilty of facilitating lewd conduct if the person knowingly permits, encourages, or causes to be committed lewd conduct as defined in SCC 10.04.025. (Emphasis Added)

## 10.04.740 Public indecency.

A. Public Indecency Prohibited. Notwithstanding anything in the Lynnwood Municipal Code to the contrary, a person who knowingly or intentionally, in a public place:....................

    3. Appears in a state of nudity in a public place other than a public place provided or set apart for nudity; or

    4. Fondles the genitals of himself, herself or another person;

commits the crime of public indecency. Public indecency is a misdemeanor.

Perhaps the argument for criminal liability stemming from permitting male genitalia to be viewed by minors doesn't present a likely outcome of an WHRC determination that our modified female-only rule violates RCW49.60, nevertheless, it is conceivable under a literal reading of the laws. We are unwilling to take that risk or place ourselves, our employees or our customers in legal jeopardy. Our assertion is that there are historical, cultural, practical and legal reasons to allow Olympus Spa to continue to offer our services in a "biological female" only environment, with an exception for post-operative MTF transsexuals.  We believe it is just as legitimate as bona fide occupational requirements limiting hiring of a certain sex.  They are parallel exceptions allowing public accommodations and employers to recognize reasonable limitations notwithstanding  pursuit of a non-discriminatory, gender-neutral, society.

Finally, in the current environment of frequent and often brutal attacks on Asian Americans, this complaint feels like another attack on an Asian-owned business trying to offer and preserve a culturally genuine health therapy for women, in a safe setting. While we remain willing to consider a review of our current biological females only policy, we are unwilling to remake the "jjimjilbang" haven we have worked so hard over many years to build and preserve, simply for the sake of promoting gender neutrality.

Respectfully Submitted


Sun Lee
President, Olympus Spa

# OLYMPUS Spa Entry Policy

"Biological women are welcome

It is the policy of Olympus Spa not to discriminate on the basis of race, color, national origin, sex, age, or disability in its programs or activities, as required by applicable laws and regulations."

# Exhibit 5



STATE OF WASHINGTON
HUMAN RIGHTS COMMISSION

711 South Capitol Way, Suite 402 • PO Box 42490 • Olympia, Washington 98504-2490
(360) 753-6770 • 1-800-233-3247 • Fax (360) 586-2282
www.hum.wa.gov

April 14, 2021

Olympus Spa
Attn: Sun Lee, President
3815 196th St. SW, #160
Lynnwood, WA 98036

RE:   Wilvich, Haven v. Olympus Spa
      WSHRC CASE NO:  31PX-0188-20-1


Dear Sun Lee:

As you know, the Washington State Human Rights Commission (WSHRC) is in the process of investigating the above-referenced complaint of discrimination. After reviewing the response you submitted on behalf of Olympus Spa, the evidence in this investigation supports that your company's "biological women" policy is not compliant with the Washington Law Against Discrimination (WLAD), RCW 49.60, which prohibits discrimination on the basis of gender identity in places of public accommodation.

As such, I am writing to offer Olympus Spa the opportunity to enter into a Pre-Finding Settlement (PFS) Agreement. A PFS is a standardized agreement used to resolve the issues of a complaint prior to completing the investigative process. The PFS would contain a provision precluding the Complainant, Haven Wilvich, from taking further action on the issues of the complaint in any other forum. Additionally, the PFS does not require an admission of guilt, and the WSHRC would take no further action on the issues of the complaint. This case presents an opportunity for you to revise your policies and practices with the assistance of our agency to bring you into compliance with the law, avoid the costs of non-compliance and litigation, and reduce the likelihood of future complaints.

Olympus Spa cited WAC 162-32-050 as its defense for denying transgender women who have not had surgery access to the spa. However, this WAC is not an applicable defense in this case. When dress and grooming standards are applied only to a protected class and are applied specifically *because of* the protected class status, the standards are discriminatory. This is the case with Olympus Spa's policy, which denies services to transgender women who have not had surgery specifically because their physical appearance is not 'consistent' with the traditional understanding of biological women. 'Gender identity' is defined in law as "having or being perceived as having a gender identity, self-image, appearance, behavior, or expression, whether or not that gender identity, self-image, appearance, behavior, or expression is different from that traditionally associated with the sex assigned to that person at birth" [RCW 49.60.040(27)]. This

definition does not use genitals to define gender identity and it recognizes that a person's gender identity can be different from the biological sex assigned to that person at birth.

However, Olympus Spa's 'biological women' policy focuses on the genitals of patrons rather than allowing transgender women to access your facilities based on their gender identity, as required by WAC 162-32-060. Additionally, any dress and grooming standards Olympus Spa cites are clearly applied unequally to patrons of the spa, as cisgender women are allowed to be fully nude in the spa while transgender women who have not had surgery are prohibited from even entering the spa. This practice is clearly discriminatory and violates the WLAD.

For the reasons set forth above, I encourage Olympus Spa to consider settlement of this case. Please respond within ten business days of the date of this letter (April 14, 2021) to let me know if you are interested in negotiating settlement terms. If I do not hear from you within ten business days, I will conclude that Olympus Spa is not interested in settling the case and will proceed accordingly by preparing the case for referral to the Attorney General's Office for prosecution.

If you have any questions or concerns, please contact me at 360-359-4933 or Madison.Imiola@hum.wa.gov. Thank you for your cooperation in this investigation.

Sincerely,

Madison Imiola
Civil Rights Investigator

# Exhibit 6

Attachment:

May 17, 2021
Madison Imiola
Civil Rights Investigator
Washington State Human Rights Commission
711 South Capitol Way, Suite 402
PO Box 42490
Olympia, Washington 98504-2490

RE: Wilvich, Haven v. Olympus Spa
WSHRC CASE NO: 31PX-0188-20-1

Dear Ms. Imiola,
Thank you for your inquiry/notice. We have reviewed our records for January 2020, the time that Haven
Wilvich states that discriminatory action was taken. We have no records of Haven Wilvich having come
in and have discussed with our staff who have no recollection of such a dialogue/interaction. We have had
many guests who identify differently over the years and have never had an issue.
If Haven could give more information or the name(s) of who was spoken to we may be able to better
assist in ensuring that no person, especially Haven, feels discriminated against.
Thank you,
Best Regards



Sun Lee, President
Olympus Spa

# Exhibit 7



STATE OF WASHINGTON
**HUMAN RIGHTS COMMISSION**

711 South Capitol Way, Suite 402 • PO Box 42490 • Olympia, Washington 98504-2490
1-800-233-3247 • Fax (360) 586-2282
www.hum.wa.gov

June 7, 2021

Olympus Spa
Attn: Sun Lee, President
3815 196th St. SW, #160
Lynnwood, WA 98036

RE:   <u>Wilvich, Haven v. Olympus Spa</u>
      WSHRC CASE NO:   <u>31PX-0188-20-1</u>

Dear Sun Lee:

Thank you for your response letter. In this letter, you wrote about wanting to ensure that no person, including Haven Wilvich, feels discriminated against. The time to ensure that Haven Wilvich does not feel discriminated against has passed, as Ms. Wilvich has already filed a complaint of discrimination with the Washington State Human Rights Commission (WSHRC). Additionally, as I wrote in my previous letter, dated April 14, 2021, the WSHRC has already identified that Olympus Spa's "biological women" entry policy is not compliant with the Washington Law Against Discrimination (WLAD), RCW 49.60, which prohibits discrimination on the basis of gender identity in places of public accommodation.

However, Olympus Spa still has an opportunity to correct its policies and the issues alleged in Ms. Wilvich's complaint. As I mentioned in my previous letter, now is the time for Olympus Spa to strongly consider entering into a Pre-Finding Settlement (PFS) agreement in order to resolve this matter. If you decline to take advantage of this opportunity, Olympus Spa will miss out on the benefits of entering into a PFS agreement. These benefits include: an opportunity to avoid the costs of non-compliance and litigation; a reduction in the likelihood of future complaints against Olympus Spa; and the ability to resolve the complaint without an admission of guilt or formal findings of fact entered against Olympus Spa.

Please respond within ten business days from the date of this letter (June 7, 2021) to let me know if Olympus Spa is interested in entering a Pre-Finding Settlement agreement. If you do not respond or if you are not interested in entering a PFS agreement, I will proceed accordingly by preparing the case for referral to the Attorney General's Office for prosecution.

If you have any questions or concerns, please contact me at Madison.Imiola@hum.wa.gov or 360-359-4933. Thank you for your cooperation and anticipated response.

Sincerely,

Madison Imiola
Civil Rights Investigator

# Exhibit 8

Dear Madison Imiola,

Thank you for your letter. Olympus Spa would like to take the opportunity to, as you say, "correct its policies and the issues alleged in Ms. Wilvich's complaint." Although we have told you that we have never had Ms. Wilvich on the premises, nor denied entry we understand that these responses have fallen on deaf ears. We have removed the language you alleged as discriminatory from our website and would like to see the Pre-Finding Settlement details.

Please forward that information to us at your earliest convenience.


Sincerely,

Sun Lee

Exhibit 9



# STATE OF WASHINGTON
# HUMAN RIGHTS COMMISSION

711 South Capitol Way, Suite 402 • PO Box 42490 • Olympia, Washington 98504-2490
1-800-233-3247 • Fax (360) 586-2282
www.hum.wa.gov

July 14, 2021

Olympus Spa
Attn: Sun Lee, President
3815 196th St. SW, #160
Lynnwood, WA 98036

RE:   <u>Wilvich, Haven v. Olympus Spa</u>
      WSHRC CASE NO: <u>31PX-0188-20-1</u>

Dear Sun Lee:

Thank you for your most recent letter. I am writing to provide you with additional details about the pre-finding settlement (PFS) agreement as you requested. The Washington State Human Rights Commission (WSHRC) has identified three settlement terms that are of interest moving forward with the resolution of this case. These terms are outlined below:

- Olympus Spa has already addressed the first proposed term by changing the language on its website to remove references to "biological women". The PFS agreement would memorialize this change and acknowledge Olympus Spa made the change prior to signing the PFS agreement.
- Secondly, the WSHRC would like to provide Olympus Spa with training materials to ensure Olympus Spa's understanding of the Washington Law Against Discrimination (RCW 49.60), give you resources for future reference, and assist Olympus Spa with maintaining legal compliance going forward.
- The third and final term we propose is for the WSHRC to review Olympus Spa's policies to ensure they comply with the Washington Law Against Discrimination (RCW 49.60).

Please let me know within ten business days from the date of this letter if these terms are agreeable to Olympus Spa. If so, I will draft the PFS agreement and provide it to Olympus Spa for signature. The PFS agreement would be a two-party settlement with both Olympus Spa and the WSHRC as signatories.

If you have any questions or concerns, please contact me at Madison.Imiola@hum.wa.gov or 360-359-4933. Thank you.

Sincerely,

Madison Imiola

# Exhibit 10



### STATE OF WASHINGTON
### HUMAN RIGHTS COMMISSION

711 South Capitol Way, Suite 402 • PO Box 42490 • Olympia, Washington 98504-2490
1-800-233-3247 • Fax (360) 586-2282
www.hum.wa.gov

August 2, 2021

Olympus Spa
Attn: Sun Lee, President
3815 196th St. SW, #160
Lynnwood, WA 98036


RE:     Wilvich, Haven v. Olympus Spa
        WSHRC CASE NO: 31PX-0188-20-1

Dear Sun Lee:

Thank you for your most recent communication via email in which you indicated that Olympus Spa is ready to receive the drafted Pre-Finding Settlement (PFS) Agreement. Enclosed in this letter is the PFS Agreement with the terms of settlement I proposed in my last letter, dated July 14, 2021.

Please review the document and return a signed copy to me by email or mail within ten (10) business days. You may also wish to keep a copy of the agreement for your records.

Once I receive a signed copy of the agreement, our agency will provide Olympus Spa with training materials and the affidavit referenced in section I.B.i of the agreement. Please let me know if you prefer to receive these training materials electronically via email or as a hardcopy via regular mail.

If you have any questions or concerns, please contact me at Madison.Imiola@hum.wa.gov or 360-359-4933. Thank you.

Sincerely,

Madison Imiola

SETTLEMENT AGREEMENT

between

THE WASHINGTON STATE HUMAN RIGHTS COMMISSION

and

Olympus Spa

HRC #: 31PX-0188-20-1          Filed:  2/13/2020

The above-referenced complaint has been filed pursuant to Chapter 49.60 RCW, the Washington State Law Against Discrimination.  The parties indicated above have entered into this agreement voluntarily and in full settlement of this complaint.  This agreement will become effective upon approval by the Washington State Human Rights Commission.

## I.  OBLIGATIONS OF THE PARTIES

A.  In consideration of the Respondent's compliance in full with the terms of this agreement, the Human Rights Commission agrees to close this complaint. The parties agree that in the event of non-compliance, the Commission may proceed to investigate and prosecute this complaint as if this agreement did not exist. The parties agree that this release and closure of this complaint does not apply to any other complaints or matters of compliance that may be pending before the Commission.

B.  In exchange for the performance of obligations by the Commission, the Respondent shall:

i.  Complete training on the Washington State Law Against Discrimination (RCW 49.60) with an emphasis on gender identity and equal treatment of transgender individuals in places of public accommodation within sixty (60) days of receiving Notice of Final Commission Action. Respondent is responsible for reporting the completion of its training to the Commission's Compliance Unit by submitting a signed affidavit to the Compliance Specialist, Janice Whitman, via e-mail at jwhitman@hum.wa.gov, or the following mailing address:

> Washington State Human Rights Commission
> Compliance Unit
> PO Box 42490
> 711 S. Capitol Way – Suite 402
> Olympia, WA 98504-2490

ii.  Implement and/or revise existing company policies as necessary to ensure their compliance with the Washington State Law Against Discrimination (RCW 49.60), Respondent agrees that, during the investigation of this complaint and prior to execution of this agreement, it has adopted new language on its website reflecting a non-discriminatory policy that comports with RCW 49.60 and affirms equal access, services and treatment for all customers in its place of public accommodation without regard to protected class, such as sexual orientation or gender identity. Respondent will provide verification of these actions to the Compliance Unit identified above under item I.B.i. within sixty (60) days of receiving Notice of Final Commission Action.

    iii.     Respondent agrees to contact the Compliance Unit at jwhitman@hum.wa.gov or 360-359-4922 with questions regarding compliance with this agreement.

C. Further, Respondent agrees not to retaliate against or interfere with the Complainant, or any other person who participated in this proceeding, as a result of their exercise of any rights or privileges provided for in Chapter 49.60 RCW.

D. The Respondent's signature on this document does not constitute an admission of any violation of Chapter 49.60 RCW. Furthermore, this agreement does not constitute a determination by the Commission that any violation of Chapter 49.60 RCW has or has not occurred.

## II. ENFORCEMENT AND BREACH

A. It is understood and agreed that the Commission may seek enforcement of this agreement pursuant to RCW 49.60.260. It is further understood and agreed that the Commission shall determine whether the Respondent has fully complied with the terms of this agreement.

B. In the event of a breach of this agreement, the Commission shall, upon receiving notice of such breach, send a written notice to the breaching party specifying the nature of the breach. The breaching party shall have fifteen days from receipt of the notice to remedy the breach. If the breach is not remedied within that time, the Commission may take action including, among other remedies, continuing its investigation or bringing an action in court for specific performance of this agreement.

## III. ENTIRE AGREEMENT

This agreement comprises the entire agreement of the parties with respect to this complaint. No other agreement, statement, or promise made by any party with respect to this complaint, which is not included in this agreement, shall be binding or valid. The terms of this agreement may be modified or amended only by a written amendment signed by all of the parties and approved by the Washington State Human Rights Commission.

## IV. SEVERABILITY

The provisions of this agreement are intended to be severable. If any term or provision of this agreement is illegal or invalid for any reason, the validity of the remainder of the agreement will not be affected.

## V. LAWS GOVERNING

This agreement shall be governed by the laws of the State of Washington and any question arising from the agreement shall be construed or determined according to such law.

## VI. PUBLIC RECORD

This agreement is a public record and is subject to public disclosure or release.

## VII. PARTIES BOUND

This agreement shall apply to and be binding upon the heirs, successors, agents, employees, and assignees of the parties.

## VIII.   OPPORTUNITY TO OBTAIN LEGAL ADVICE BEFORE SIGNING

All parties acknowledge that they have been advised to seek the advice of legal counsel of their own choosing and have had adequate opportunity to obtain such advice prior to signing this agreement.

**The undersigned hereby acknowledge that they have read, understand and agree to the terms of this agreement and that they have the authority to sign this agreement on behalf of the indicated parties.**

_____          _____

Respondent: Sun Lee on behalf of Olympus Spa                      Date

_____          _____

Investigator: Madison Imiola                                                    Date

_____          _____

Operations Manager: Jerry Lee                                               Date



Official agreement mailed 9/22/4 (final)

SETTLEMENT AGREEMENT

between

THE WASHINGTON STATE HUMAN RIGHTS COMMISSION

and

Olympus Spa

HRC #: 31PX-0188-20-1          Filed: 2/13/2020

---

The above-referenced complaint has been filed pursuant to Chapter 49.60 RCW, the Washington State Law Against Discrimination. The parties indicated above have entered into this agreement voluntarily and in full settlement of this complaint. This agreement will become effective upon approval by the Washington State Human Rights Commission.

## I.      OBLIGATIONS OF THE PARTIES

A. In consideration of the Respondent's compliance in full with the terms of this agreement, the Human Rights Commission agrees to close this complaint. The parties agree that in the event of non-compliance, the Commission may proceed to investigate and prosecute this complaint as if this agreement did not exist. The parties agree that this release and closure of this complaint does not apply to any other complaints or matters of compliance that may be pending before the Commission.

B. In exchange for the performance of obligations by the Commission, the Respondent shall:

i.      Complete training on the Washington State Law Against Discrimination (RCW 49.60) with an emphasis on gender identity and equal treatment of transgender individuals in places of public accommodation within sixty (60) days of receiving Notice of Final Commission Action. Respondent is responsible for reporting the completion of its training to the Commission's Compliance Unit by submitting a signed affidavit to the Compliance Specialist, Janice Whitman, via e-mail at jwhitman@hum.wa.gov, or the following mailing address:

> Washington State Human Rights Commission
> Compliance Unit
> PO Box 42490
> 711 S. Capitol Way – Suite 402
> Olympia, WA 98504-2490

ii.      Implement and/or revise existing company policies as necessary to ensure their compliance with the Washington State Law Against Discrimination (RCW 49.60), Respondent agrees that, during the investigation of this complaint and prior to execution of this agreement, it has adopted new language on its website reflecting a non-discriminatory policy that comports with RCW 49.60 and affirms equal access, services and treatment for all customers in its place of public accommodation without regard to protected class, such as sexual orientation or gender identity. Respondent will provide verification of these actions to the Compliance Unit identified above under item I.B.i. within sixty (60) days of receiving Notice of Final Commission Action.

    iii.    Respondent agrees to contact the Compliance Unit at jwhitman@hum.wa.gov or 360-359-4922 with questions regarding compliance with this agreement.

C.   Further, Respondent agrees not to retaliate against or interfere with the Complainant, or any other person who participated in this proceeding, as a result of their exercise of any rights or privileges provided for in Chapter 49.60 RCW.

D.   The Respondent's signature on this document does not constitute an admission of any violation of Chapter 49.60 RCW.  Furthermore, this agreement does not constitute a determination by the Commission that any violation of Chapter 49.60 RCW has or has not occurred.

## II.  ENFORCEMENT AND BREACH

A.   It is understood and agreed that the Commission may seek enforcement of this agreement pursuant to RCW 49.60.260.  It is further understood and agreed that the Commission shall determine whether the Respondent has fully complied with the terms of this agreement.

B.   In the event of a breach of this agreement, the Commission shall, upon receiving notice of such breach, send a written notice to the breaching party specifying the nature of the breach.  The breaching party shall have fifteen days from receipt of the notice to remedy the breach.  If the breach is not remedied within that time, the Commission may take action including, among other remedies, continuing its investigation or bringing an action in court for specific performance of this agreement.

C.   This agreement does not preclude Respondent, its employees, or patrons from exercising their constitutional rights to seek a change in the law through legislation or bringing a legal challenge as to the constitutionality of any term or provision in this agreement, the operative statutes, including but not limited to RCW 49.60, et seq., implementing regulations, and related policies of the Washington State Human Rights Commission.

## III.   ENTIRE AGREEMENT

This agreement comprises the entire agreement of the parties with respect to this complaint.  No other agreement, statement, or promise made by any party with respect to this complaint, which is not included in this agreement, shall be binding or valid.  The terms of this agreement may be modified or amended only by a written amendment signed by all of the parties and approved by the Washington State Human Rights Commission.

## IV.   SEVERABILITY

The provisions of this agreement are intended to be severable.  If any term or provision of this agreement is illegal or invalid for any reason, the validity of the remainder of the agreement will not be affected.

## V.   LAWS GOVERNING

Except as inconsistent or superseded by federal law, this agreement shall be governed by the laws of the State of Washington and any question arising from the agreement shall be construed or determined according to such law.

## VI.    PUBLIC RECORD

This agreement is a public record and is subject to public disclosure or release.

## VII.    PARTIES BOUND

Except for any term or provision of this agreement found illegal or invalid per Section IV, this agreement shall apply to and be binding upon the heirs, successors, agents, employees, and assignees of the parties.

## VIII.    OPPORTUNITY TO OBTAIN LEGAL ADVICE BEFORE SIGNING

All parties acknowledge that they have been advised to seek the advice of legal counsel of their own choosing and have had adequate opportunity to obtain such advice prior to signing this agreement.

The undersigned hereby acknowledge that they have read, understand and agree to the terms of this agreement and that they have the authority to sign this agreement on behalf of the indicated parties.

Respondent: Sun Lee on behalf of Olympus Spa                    Date  9/21/2

Investigator: Madison Imiola                    Date

Operations Manager: Jerry Lee                    Date

# Exhibit 11



STATE OF WASHINGTON
## HUMAN RIGHTS COMMISSION
711 South Capitol Way, Suite 402 • PO Box 42490 • Olympia, WA  98504-2490
360-753-6770 • 1-800-233-3247 • (Fax) 360-586-2282
www.hum.wa.gov

## NOTICE OF COMMISSION ACTION

| **COMPLAINANT** | **RESPONDENT** |
|---|---|
| Haven I Wilvich | Olympus Spa |
| 22919 19th Ave S | 3815 - 196th St. S.W., #160 |
| Des Moines, WA  98198 | Lynnwood, WA  98036 |

**Case Number:**   31PX-0188-20-1          **Date Filed:**  February 13, 2020

**DATE AND MAILING OF THIS NOTICE:**   OCT 2 9 2021

**COMMISSION ACTION:   PRE-FINDING SETTLEMENT**

Final Commission action has been taken on the above referenced complaint. Enclosed you will find a copy of the Finding, Pre-Finding Settlement, and the Board Order setting forth the terms of agreement.

Sincerely,

Deborah Gonzales
Commission Clerk

31PX-0188-20-1                                                                                    *ActionLetter*

# WASHINGTON STATE HUMAN RIGHTS COMMISSION

## INVESTIGATIVE FINDING/CLOSURE RECOMMENDATION

**CASE NAME:**   Wilvich, Haven v. Olympus Spa
**CASE #:**   31PX-0188-20-1
**EEOC #:**   N/A
**FILING DATE:**   2/13/2020

**COMPLAINANT:**  Haven Wilvich
**RESPONDENT:**   Olympus Spa

PURSUANT TO RCW **49.60.240**, THIS COMPLAINT WAS ASSIGNED TO COMMISSION STAFF FOR INVESTIGATION AND ASCERTAINMENT OF THE FACTS ALLEGED IN THE COMPLAINT. THE RESULT OF THE INVESTIGATION IS SUMMARIZED BELOW.

THIS COMPLAINT FILED WITH THE COMMISSION IS RECOMMENDED FOR CLOSURE DUE TO THE FOLLOWING REASON:

PRE-FINDING SETTLEMENT: The Respondent and the Commission have entered into a Pre-Finding Settlement Agreement which satisfactorily resolves the issue(s) of the complaint. [WAC 162-08-099(3)]

EXPLANATION OF FINDING:  A case may be settled before findings of fact are made when the Commission's Staff and Respondent have entered into a written settlement agreement. [WAC 162-08-99(3)]

_____   10/6/2021
Investigator:  Madison Imiola   Date

_____   10/7/21
Deputy Director:  Cheryl Strobert   Date

SETTLEMENT AGREEMENT

between

THE WASHINGTON STATE HUMAN RIGHTS COMMISSION

and

Olympus Spa

HRC #: 31PX-0188-20-1          Filed:  2/13/2020

---

The above-referenced complaint has been filed pursuant to Chapter 49.60 RCW, the Washington State Law Against Discrimination.  The parties indicated above have entered into this agreement voluntarily and in full settlement of this complaint.  This agreement will become effective upon approval by the Washington State Human Rights Commission.

## I.   OBLIGATIONS OF THE PARTIES

A.  In consideration of the Respondent's compliance in full with the terms of this agreement, the Human Rights Commission agrees to close this complaint. The parties agree that in the event of non-compliance, the Commission may proceed to investigate and prosecute this complaint as if this agreement did not exist. The parties agree that this release and closure of this complaint does not apply to any other complaints or matters of compliance that may be pending before the Commission.

B.  In exchange for the performance of obligations by the Commission, the Respondent shall:

i.   Complete training on the Washington State Law Against Discrimination (RCW 49.60) with an emphasis on gender identity and equal treatment of transgender individuals in places of public accommodation within sixty (60) days of receiving Notice of Final Commission Action. Respondent is responsible for reporting the completion of its training to the Commission's Compliance Unit by submitting a signed affidavit to the Compliance Specialist, Janice Whitman, via e-mail at jwhitman@hum.wa.gov, or the following mailing address:

> Washington State Human Rights Commission
> Compliance Unit
> PO Box 42490
> 711 S. Capitol Way – Suite 402
> Olympia, WA 98504-2490

ii.   Implement and/or revise existing company policies as necessary to ensure their compliance with the Washington State Law Against Discrimination (RCW 49.60), Respondent agrees that, during the investigation of this complaint and prior to execution of this agreement, it has adopted new language on its website reflecting a non-discriminatory policy that comports with RCW 49.60 and affirms equal access, services and treatment for all customers in its place of public accommodation without regard to protected class, such as sexual orientation or gender identity. Respondent will provide verification of these actions to the Compliance Unit identified above under item I.B.i. within sixty (60) days of receiving Notice of Final Commission Action.

      iii.     Respondent agrees to contact the Compliance Unit at jwhitman@hum.wa.gov or 360-359-4922 with questions regarding compliance with this agreement.

C.  Further, Respondent agrees not to retaliate against or interfere with the Complainant, or any other person who participated in this proceeding, as a result of their exercise of any rights or privileges provided for in Chapter 49.60 RCW.

D.  The Respondent's signature on this document does not constitute an admission of any violation of Chapter 49.60 RCW. Furthermore, this agreement does not constitute a determination by the Commission that any violation of Chapter 49.60 RCW has or has not occurred.

## II. ENFORCEMENT AND BREACH

A.  It is understood and agreed that the Commission may seek enforcement of this agreement pursuant to RCW 49.60.260. It is further understood and agreed that the Commission shall determine whether the Respondent has fully complied with the terms of this agreement.

B.  In the event of a breach of this agreement, the Commission shall, upon receiving notice of such breach, send a written notice to the breaching party specifying the nature of the breach. The breaching party shall have fifteen days from receipt of the notice to remedy the breach. If the breach is not remedied within that time, the Commission may take action including, among other remedies, continuing its investigation or bringing an action in court for specific performance of this agreement.

C.  This agreement does not preclude Respondent, its employees, or patrons from exercising their constitutional rights to seek a change in the law through legislation or bringing a legal challenge as to the constitutionality of any term or provision in this agreement, the operative statutes, including but not limited to RCW 49.60, et seq., implementing regulations, and related policies of the Washington State Human Rights Commission.

## III. ENTIRE AGREEMENT

This agreement comprises the entire agreement of the parties with respect to this complaint. No other agreement, statement, or promise made by any party with respect to this complaint, which is not included in this agreement, shall be binding or valid. The terms of this agreement may be modified or amended only by a written amendment signed by all of the parties and approved by the Washington State Human Rights Commission.

## IV. SEVERABILITY

The provisions of this agreement are intended to be severable. If any term or provision of this agreement is illegal or invalid for any reason, the validity of the remainder of the agreement will not be affected.

## V. LAWS GOVERNING

Except as inconsistent or superseded by federal law, this agreement shall be governed by the laws of the State of Washington and any question arising from the agreement shall be construed or determined according to such law.

## VI.  PUBLIC RECORD

This agreement is a public record and is subject to public disclosure or release.

## VII.  PARTIES BOUND

Except for any term or provision of this agreement found illegal or invalid per Section IV, this agreement shall apply to and be binding upon the heirs, successors, agents, employees, and assignees of the parties.

## VIII.  OPPORTUNITY TO OBTAIN LEGAL ADVICE BEFORE SIGNING

All parties acknowledge that they have been advised to seek the advice of legal counsel of their own choosing and have had adequate opportunity to obtain such advice prior to signing this agreement.

**The undersigned hereby acknowledge that they have read, understand and agree to the terms of this agreement and that they have the authority to sign this agreement on behalf of the indicated parties.**

Respondent: Sun Lee on behalf of Olympus Spa          Date  9/21/21

Investigator: Madison Imiola          Date  10/6/2021

Operations Manager: Jerry Lee          Date  10/7/21

## BEFORE THE WASHINGTON STATE HUMAN RIGHTS COMMISSION

| | | |
|---|---|---|
| **COMPLAINANT(S):** | ) | CASE NUMBER: **31PX-0188-20-1** |
| | ) | |
| **Wilvich, Haven** | ) | |
| V. | ) | COMPLAINT DATED: **February 13, 2020** |
| | ) | |
| **RESPONDENT(S):** | ) | **ORDER SETTING FORTH TERMS** |
| | ) | **OF PRE-FINDING SETTLEMENT** |
| Olympus Spa | ) | |
| | ) | |

Pursuant to RCW 34.05.060 and WAC 162-08-099 (3), the Respondent, the Complainant and the Commission's staff have reached and signed an agreement to resolve this case. A copy of the agreement dated October 7th, 2021 is attached. The language and terms of the agreement are incorporated into this Order as if fully copied out.

All parties have agreed that the terms of the agreement may be set out in an order pursuant to RCW 49.60.240, without the necessity of entry of findings.

Therefore, IT IS ORDERED that the Respondent shall comply with the terms of the agreement incorporated in the Order.

DONE IN OPEN MEETING at 08:00, in Olympia, Washington, this 28th day of October, 2021.

WASHINGTON STATE HUMAN RIGHTS COMMISSION

**Deborah Cook**
**Commission Chair**

**Deborah Gonzales**
**Commission Clerk**