The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

OLYMPUS SPA, JANE DOE EMPLOYEE, JANE DOE PATRON 1,

Plaintiffs,

v.

ANDRETA ARMSTRONG, in her official capacity as Executive Director of the Washington State Human Rights Commission, MADISON IMIOLA, in her official and individual capacities as Civil Rights Investigator for the Washington State Human Rights Commission,

Defendants.

NO. 2:22-cv-00340-BJR

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

ORAL ARGUMENT REQUESTED



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs' Free Exercise Claim Fails Because the WLAD Is Neutral on Religion, Applies to Everyone, and Advances Washington's Legitimate Interest in Ensuring Equal Access to Public Accommodations .......... 1

B. Plaintiffs' Free Speech Claim Fails Because the WLAD Regulates Discriminatory Conduct .......... 2

C. The Association Between and Among the Spa's Employees and Customers Is Not the Type of Association Protected by the First Amendment .......... 3

D. The Spa Fails to State a Claim for Violation of Its Federal Due Process Rights .......... 4

1. The Spa fails to state a procedural due process claim .......... 4

2. The Spa also fails to state a substantive due process claim .......... 7

3. Ms. Imiola is entitled to qualified immunity .......... 8

E. Plaintiffs' New State-Law Constitutional Claim Must Be Dismissed .......... 9

III. CONCLUSION .......... 10




ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## I. INTRODUCTION

Plaintiffs' overlength[1] Response to Defendant's [*sic*] Motion to Dismiss, ECF 29 (Response), makes the same arguments that the Court already rejected with respect to Plaintiffs' First Amendment claims and provides no colorable basis to support their new due process and state-law claims. Put simply, Plaintiffs' Amended Complaint does not state cognizable claims and presents no new facts that would change this Court's prior dismissal of Plaintiffs' claims. This Court correctly relied on decades of U.S. Supreme Court precedent to conclude that Defendants' actions—enforcing the religiously neutral WLAD at a business serving strangers not engaged in expressive activity—cannot violate the First Amendment. Plaintiffs' new causes of action related to due process and the Washington Constitution likewise fail as a matter of law. Plaintiffs' Amended Complaint should be dismissed with prejudice. FaxAddres

## II. ARGUMENT

### A. Plaintiffs' Free Exercise Claim Fails Because the WLAD Is Neutral on Religion, Applies to Everyone, and Advances Washington's Legitimate Interest in Ensuring Equal Access to Public Accommodations

This Court already rejected the argument Plaintiffs make here, namely that the WLAD substantially burdens their religion and is not narrowly tailored to achieve the State's anti-discriminatory goals. ECF 21 at 29 n. 9; ECF 29 at 20-22.[2] Even if the WLAD substantially burdened Plaintiffs' right to freely exercise their religion,[3] which it does not, the WLAD is narrowly tailored to achieve a compelling governmental interest: preventing discrimination. *See*

[1] This Court's Standing Order for All Civil Cases provides that "[e]xcept for Motions for Summary Judgment, all other motions, oppositions, and objections shall not exceed **FIFTEEN (15) pages** (exclusive of the certificate of service)." Standing Order for All Civil Cases, Sec. II.A, ECF 18. (emphasis in original). Because Plaintiffs' Response is 25 pages, the Court may decline to consider the portion of the brief that is overlength. *See* LCR 7(e)(6).

[2] For ease of reference, Defendants cite to the ECF-generated page number at the top of documents in the Court's file, rather than to the page numbers at the bottom of documents.

[3] The WLAD does not substantially burden Plaintiffs' religion because it does not restrict Plaintiffs' conduct because of their religious beliefs. *See Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 533 (1993). Plaintiffs do not allege that their religion compels patrons of the Spa to be naked.



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

*Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 533–34 (1993) (a law, like the WLAD here, is neutral when it does not target religious conduct on its face or through its Legislative intent); Wash. Rev. Code § 49.60.010 (statement of WLAD's legislative purpose). In its prior Order dismissing Plaintiffs' claims, this Court recognized that courts "routinely" find that a state has a compelling interest in eradicating discrimination against protected classes. ECF 21 at 29. And the WLAD is narrowly tailored to achieve that purpose because the least restrictive means to end discrimination is to prohibit it. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 733 (2014) ("The Government has a compelling interest in providing an equal opportunity to participate in the workforce without regard to race, and prohibitions on racial discrimination are precisely tailored to achieve that critical goal").

Since the WLAD is narrowly tailored to advance a compelling governmental interest, there is no basis to entertain Plaintiffs' standalone Free Exercise claim—or their hybrid rights claim—requesting an exemption from the WLAD. Defendants are simply applying Washington's antidiscrimination law without regard to Plaintiffs' religion. This Court again should dismiss Plaintiffs' Free Exercise and hybrid rights claims.

**B. Plaintiffs' Free Speech Claim Fails Because the WLAD Regulates Discriminatory Conduct**

Plaintiffs want to broadcast their "biological women only" policy, which they admit allows the Spa to refuse service to transgender women and serves to discourage transgender women from going to the Spa. But the WLAD expressly prohibits such conduct that discriminates based on gender identity in places of public accommodation like the Spa. Plaintiffs counter that the WLAD unlawfully prohibits them from expressing their message "that God made women distinct in form and that the Spa seeks to serve those women, in a traditional Korean way, for health, wellness, and restoration." ECF 29 at 20. The Spa's services, however, are not inherently expressive like a bespoke website, a beauty pageant, or a parade, where the product itself communicates a message to the public. *See, e.g.*, *303 Creative LLC v. Elenis,* 143



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

S. Ct. 2298, 2312 (2023) (website designer creates websites that communicate ideas and qualify as "pure speech"); *Green v. Miss USA, LLC*, 52 F.4th 773, 780 (9th Cir. 2022) ("As with theater, cinema, or the Super Bowl halftime show, beauty pageants combine speech with live performances such as music and dancing to express a message."); *Hurley v. Irish-American Gay, Lesbian and Bisexual Grp. of Boston, Inc.*, 515 U.S. 557, 568 (1995) (parades have "inherent expressiveness" such that "'if a parade or demonstration receives no media coverage, it may as well not have happened'") (citation omitted). Plaintiffs allege no facts reasonably indicating that anyone receiving or viewing the Spa's services perceived any message, let alone the "biological women only" message that Plaintiffs wish to convey. *See Tagami v. City of Chicago*, 875 F.3d 375, 378 (7th Cir. 2017), *as amended* (Dec. 11, 2017). In any case, as this Court noted, "discriminatory exclusion of protected persons from places of public accommodation [ ] is not the kind of 'inherently expressive' conduct to which First Amendment protection extends." ECF 21 at 32 n. 12 (citations omitted). Moreover, a holding that the Spa were an expressive entity would allow a vast swath of businesses to discriminate against protected classes and thoroughly gut anti-discrimination laws in places of public accommodation. This Court should dismiss Plaintiffs' Free Speech claim for the same reason it did before: The WLAD regulates Plaintiffs' conduct that discriminates based on gender identity. ECF 21 at 31-35.

**C. The Association Between and Among the Spa's Employees and Customers Is Not the Type of Association Protected by the First Amendment**

In its prior Order, this Court correctly recognized the two constitutionally protected freedoms of association: freedom of intimate association and freedom of expressive association. ECF 21 at 36. This Court dismissed Plaintiffs' Free Association claim because, while the Spa's services may implicate privacy concerns, "there is simply nothing private about the relationship between Olympus Spa, its employees, and the random strangers who walk in the door seeking a massage." ECF 21 at 38. In other words, the relationships at issue here are not personal at all, and are far too attenuated to qualify as the type of intimate association that the First Amendment



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

protects. Plaintiffs do not appear to seek First Amendment protection by arguing that the Spa's employees and patrons associate to engage in activities protected by the First Amendment—such as speech, a petition for the redress of grievances, or the exercise of religion. In any case, there are no facts alleged that could support this argument. This Court should again dismiss Plaintiffs' Free Association claim**.**

### D. The Spa Fails to State a Claim for Violation of Its Federal Due Process Rights

Plaintiffs' Amended Complaint raises new claims against Human Rights Commission (HRC) investigator Madison Imiola in her official and personal capacities for alleged violations of the Spa's due process rights under the Fourteenth Amendment. The Spa's Response fails to allege a colorable due process claim and almost entirely ignores the arguments and authorities cited by Defendants in their Motion to Dismiss.

#### 1. The Spa fails to state a procedural due process claim

As Defendants noted in their Motion, a procedural due process claim has two elements: "(i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." ECF 28 at 9 (quoting *Reed v. Goertz*, 143 S. Ct. 955, 961 (2023)). The Spa fails to satisfy either element.

On the first element, neither Plaintiffs' Amended Complaint or Response identifies any constitutionally protected life, liberty, or property interest of which they have been deprived. *See* ECF 24-1 ¶¶ 86-92; ECF 29 at 28-29; *see also* ECF 28 at 13 (noting "Ms. Imiola's conduct did not deprive the Spa of any constitutionally-protected liberty or property interests"). That failure alone requires dismissal of the procedural due process claim. *See, e.g.*, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, *and if so* we ask whether the procedures followed by the State were constitutionally sufficient.") (emphasis added); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995) ("A due process claim is cognizable only if there is a recognized liberty or property



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

interest at stake" and "[a]bsent a protected liberty interest, [plaintiff] cannot state a due process claim.").

Even if the Court reaches the second element, the Spa does not dispute it had the opportunity to adjudicate HW's complaint through the extensive process provided by the WLAD, which includes the right to a hearing before an administrative law judge (ALJ) and the right to seek judicial review of an ALJ's decision. *See* ECF 28 at 10-11 (describing the process provided by WLAD for complaints filed with HRC). Instead, the Spa chose to forego those procedural rights by voluntarily entering into a pre-finding settlement (PFS) with HRC. As Defendants noted, a plaintiff who fails to take advantage of adequate processes available to them cannot maintain a procedural due process claim. ECF 28 at 11 (quoting *Brogan v. San Mateo Cnty.*, 901 F.2d 762, 762 (9th Cir. 1990)); *Bignall v. N. Idaho Coll.*, 538 F.2d 243, 246 (9th Cir. 1976); *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). The Spa offers no response to this fundamental point, which is dispositive of its procedural due process claim. *See, e.g.*, *Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 817 (9th Cir. 1981) ("This court has held that where adequate administrative procedures exist, a person cannot state a claim for denial of procedural rights when he has elected to forego a complete hearing.") (citing *Bignall*, 538 F.2d at 247).

The Spa instead asserts that Ms. Imiola did not follow proper investigative procedures (ECF 29 at 28), and suggests that Ms. Imiola "gave the appearance of bias in refusing to investigate the allegations for truth." *Id.* at 29. But the Spa does not (and cannot) dispute that it admitted to Ms. Imiola during the investigation that it maintained the "biological women only" policy that was the basis of HW's complaint. Given the Spa's explicit admission that it discriminated against transgender women who had not had bottom surgery, Ms. Imiola had clear reason to believe there was reasonable cause for the complaint and to propose that the Spa enter



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

into a pre-finding settlement, as authorized by Washington Administrative Code § 162-08-099(3).[4]

Without citation to authority, the Spa also asserts that "[u]nder procedural due process, the right to be heard must include the presentation of evidence that the predicate act never occurred." ECF 29 at 29. But even assuming the validity of this argument, the Spa ignores the fact that it *did* present evidence to Ms. Imiola to support its assertion that HW had not physically attempted to visit the Spa. *See* ECF 24-2, Ex. 6 (May 17, 2021 letter to Madison Imiola asserting that the Spa had no records of HW "having come in" to the Spa in January 2020). The Spa has no grounds to complain that it was denied the right to present any evidence that it wished to offer during the investigation of HW's complaint. In addition, if the Spa had not voluntarily chosen to enter a PFS, and if the HRC had then proceeded to issue a finding of reasonable cause based on HW's complaint, the Spa would have had the right to present that same evidence at a hearing before an ALJ. *See* Wash. Rev. Code § 49.60.250; Wash. Admin. Code § 162-08-292(1) (setting forth general rules on admissibility of evidence for administrative hearings of HRC complaints).

Finally, the Spa also alleges that Ms. Imiola violated its procedural due process rights by denying the Spa a presumption of innocence. ECF 24-1 ¶ 90. But as Defendants noted in their Motion, courts have repeatedly held that there is no procedural due process right to a presumption of innocence in a non-criminal proceeding. ECF 28 at 11 (collecting cases). The Spa does not dispute this point and offers no authority suggesting that a party in a non-criminal proceeding has a procedural due process right to a presumption of innocence.

---

[4] Contrary to Plaintiffs' suggestions, Ms. Imiola was not acting in a "quasi-judicial" role as an HRC Investigator. Neither Ms. Imiola nor the HRC have the authority to adjudicate complaints. As Defendants explained in their opening brief, the Washington Administrative Code specifically provides that "[a] finding [by HRC] that there is or is not reasonable cause for believing that an unfair practice has been or is being committed is not an adjudication of whether or not an unfair practice has been or is being committed." ECF 28 at 10 n.8 (quoting Wash. Admin. Code § 162-08-098(5)).



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

In short, the Spa fails to respond to the arguments and authorities presented by Defendants in support of their motion to dismiss the Spa's new procedural due process claim against Ms. Imiola. This claim should be dismissed with prejudice.

**2. The Spa also fails to state a substantive due process claim**

The Spa fares no better in its response to Defendants' motion to dismiss its substantive due process claim against Ms. Imiola. A substantive due process claim must assert a deprivation of life, liberty, or property "in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." ECF 28 at 13 (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)). Such a claim must also include a "careful description" of the asserted fundamental liberty interest. ECF 28 at 13 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). The Spa fails to meet these requirements.

In its Response, the Spa asserts "a fundamental right to a fair and impartial examination of the complaint lodged against it" and argues that the PFS that it voluntarily signed was somehow "arbitrary and capricious because the PFS did not relate to the facts as alleged in the complaint by the complainant." ECF 29 at 26-28. But as discussed earlier, the Spa itself admitted during the investigation that it maintained the discriminatory "biological women only" policy that was the basis of HW's complaint. The Spa has no basis to claim that Ms. Imiola acted unfairly or in an "arbitrary and capricious" manner by proposing a PFS in light of the Spa's admission, which on its face violates the WLAD's prohibition of discrimination based on gender identity by places of public accommodation. *See* Wash. Rev. Code §§ 49.60.040(27), .215; Wash. Admin. Code § 162-32-060. And of course, if the Spa wished to dispute it violated the WLAD or believed that Ms. Imiola overlooked any relevant facts, it had the full opportunity to adjudicate the complaint in an administrative hearing before an independent ALJ—an opportunity that the Spa chose to forego.

In support of its substantive due process claim, the Spa also asserts that it "has a fundamental right . . . to speak freely in accord with their faith." ECF 29 at 26-27. However,



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

such rights arise under the First Amendment's Speech and Free Exercise Clauses,[5] and cannot also serve as the basis for a substantive due process claim. *See, e.g.*, *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001) ("If, in a § 1983 suit, the plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'") (quoting *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996) (en banc)); *see also Ramirez v. Butte-Silver Bow Cnty.*, 298 F.3d 1022, 1029 (9th Cir. 2002) (noting that "the Supreme Court has held that plaintiffs cannot 'double up' constitutional claims"). The Spa's new substantive due process claim against Ms. Imiola should be dismissed with prejudice.

**3. Ms. Imiola is entitled to qualified immunity**

Even if the Court were to find that the Spa has stated a due process claim, which it has not, Ms. Imiola would be entitled to qualified immunity for civil damages because her alleged conduct did not violate any clearly established procedural or substantive due process rights. *See* ECF 28 at 14-15 (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), *and District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). In its Response, the Spa simply argues that "[f]ree speech is so well-contoured in our country it is not open to debate that Ms. Imiola could not understand she was abridging speech." ECF 29 at 34. But the Spa fails to point to any clearly established law that would have put Ms. Imiola on notice that her alleged conduct violated the Spa's procedural or substantive due process rights (or any other federal constitutional or statutory rights). The Spa's broad and highly general argument falls far short of the requirements for demonstrating the violation of clearly established law. *See e.g.*, *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) ("We have repeatedly told courts – and the Ninth Circuit in particular – not to define clearly established law at a high level of generality.") (internal citation omitted); *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (the inquiry as to whether the law is clearly established

[5] As demonstrated above, Plaintiffs' First Amendment claims fail on multiple grounds.

"must be undertaken in light of the specific context of the case, not as a broad general proposition.") (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

**E. Plaintiffs' New State-Law Constitutional Claim Must Be Dismissed**

Defendants argued in their Motion that both the Eleventh Amendment and Washington state law bar Plaintiffs' new claim for alleged violation of their right to religious freedom under the Washington State Constitution. ECF 28 at 15-17. Plaintiffs do not address these arguments at all in their Response; instead, Plaintiffs assert that their new state-law claim has a "common nucleus of facts" with their federal claims. ECF 29 at 34. But Plaintiffs' Response ignores the black-letter authorities that require dismissal of Plaintiffs' new state constitutional claim, regardless of whether this claim shares a common nucleus of facts with their federal claims.

The Eleventh Amendment to the U.S. Constitution bars Plaintiffs from pursuing a state-law claim in federal court against Defendants in their official capacities. *See* ECF 28 at 15-16 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465, U.S. 89, 106 (1984), *and Pena v. Gardner,* 976 F.2d 469, 473 (9th Cir. 1992)). In addition, Washington law does not permit claims for damages (even nominal damages) against state officials in their personal capacities for alleged violations of the Washington State Constitution. ECF 28 at 16 (citing *Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. App. 2001)). As a result, Plaintiffs' state-law claim for violation of the Washington State Constitution must be dismissed with prejudice.

Furthermore, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state constitutional claim because all of their federal claims should be dismissed. As the Court knows, when all federal claims are dismissed before trial, federal courts should generally decline to exercise jurisdiction over remaining state-law claims. ECF 28 at 16-17 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343. 350 n.7 (1988), *and Horton v. Americool Heating & A/C LLC*, No. 2:22-cv-1838-BJR, 2023 WL 3168612, at *7-8 (W.D. Wash. May 1, 2023)).



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Complaint (ECF 24-1) should be dismissed. Because Plaintiffs have already been given one opportunity to amend their complaint and have offered no suggestion that the defects in their Amended Complaint could be cured through further amendment, the Court should dismiss the Amended Complaint with prejudice.

DATED this 18th day of September, 2023.

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General of Washington

/s/ Neal Luna

NEAL LUNA, WSBA No. 34085
DAVID WARD, WSBA No. 28707
Assistant Attorneys General
Wing Luke Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 287-4189
neal.luna@atg.wa.gov
david.ward@atg.wa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED this 18th day of September, 2023, in Seattle, Washington.

Logan Young
Legal Assistant



ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744