1

2
UNITED STATES DISTRICT COURT
3
WESTERN DISTRICT OF WASHINGTON
SEATTLE
4

5
OLYMPUS SPA, MYOON WOON LEE, SUN          NO. 2:22-cv-00340-BJR
LEE, JANE DOE EMPLOYEE 1, JANE DOE
6
EMPLOYEE 2, JANE DOE EMPLOYEE 3,          PLAINTIFFS' RESPONSE TO
JANE DOE PATRON 1,                        DEFENDANT'S MOTION TO DISMISS
7
          Plaintiffs,
8
9
     v.                                   ORAL ARGUMENT REQUESTED
10
ANDRETA ARMSTRONG, in her official
11
capacity as Executive Director of the
Washington State Human Rights Commission,
12
MADISON IMIOLA, in her official and
individual capacities as a Civil Rights
13
Investigator for the Washington State Human
Rights Commission, HRC
14
          Defendant.
15

16

17

18

19

20

21

22

23

24

25

Plaintiffs' Response to Defendant's Motion to Dismiss 2:22-cv-       **Pacific Justice Institute**
00340-BJR                                                           6404 Three Rivers Drive
                                                                    Pasco, WA 99301
                                                                    (509) 713-9868

7507650.1

1

## TABLE OF CONTENTS

2

TABLE OF AUTHORITIES ...............................................................................iii

3

I.   INTRODUCTION.................................................................................... 1

4

II.  SUMMARY OF THE ARGUMENT ....................................................... 1

5
6

III. FACTS .................................................................................................... 2

7

IV. ARGUMENT ........................................................................................... 3

8

   A.  Claim(s) for relief are sufficiently stated .................................... 3

9

   B.  Citizens have constitutional rights while engaged in commercial enterprise........... 3

10

   C.  Constitutional rights of Plaintiffs (claims which are redressable) ......................... 4

11
12

      i. Olympus was censored by the state for posting the statement that "biological women are welcome" .................................................. 4

13

      ii. Free exercise of religion ....................................................... 8

14

      iii. Association ........................................................................... 9

15

      iv. Hybrid rights ....................................................................... 11

16

   D. Due Process ............................................................................... 11

17

      i. Substantive Due Process ....................................................... 11

18
19

      ii.  Procedural Due Process ....................................................... 12

20

   E.  §1983 Claims, Acting Under Color of Law ............................... 13

21

      i.  Deprivation of a Constitutional Right ................................... 14

22

      ii.  Clearly Established .............................................................. 15

23

VI. CONCLUSION ..................................................................................... 15

24
25

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

i

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

1

2

# TABLE OF AUTHORITIES

**CASES**

3

*303 Creative LLC v. Elenis*,
    143 S. Ct. 2298 (2023) ....................................................................................... 4, 5, 6

4

5

*Arlene's Flowers, Inc. v. Washington*,
    138 S. Ct. 2671 (2018) ............................................................................................. 10

6

7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 3

8

9

*Bach v. Sarich*,
    74 Wn.2d 575 (1968) ............................................................................................... 13

10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 3

11

12

*Board of Cty. Comm'rs v. Brown*,
    520 U.S. 397 (1997) ................................................................................................. 14

13

14

*Board of Dirs. of Rotary Int'l v. Rotary Club of Duarte*,
    481 U.S. 537 (1987) ................................................................................................. 10

15

16

*Boy Scouts of Am. v. Dale*,
    530 U.S. 640 (2000) .......................................................................................... 4, 5, 10

17

*Burwell v. Hobby Lobby Stores, Inc.*,
    573 U.S. 682 (2014) ................................................................................................... 4

18

19

*Church of Lukumi Babalu Aye v. City of Hialeah*,
    508 U.S. 520 (1993) ................................................................................................... 9

20

21

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ................................................................................................. 14

22

*Danielson v. Seattle 45 Wn. APP. 235,244* ....................................................................... 12

23

24

*Douglas v. Jeannette*,
    319 U.S. 157 (1943) ................................................................................................. 14

25

*Employment Div. v. Smith*,
    494 U.S. 872 (1990) ................................................................................................. 11

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

ii

*Erznoznik v. City of Jacksonville*,
　422 U.S. 205, 211 (1975) ................................................................. 6

*Fair Hous. Council v. Roommate.com, LLC*,
　666 F.3d 1216 (9th Cir. 2012) ........................................................ 10

*Fulton v. Philadelphia*,
　593 U.S. ___, 141 S. Ct. 1868 (2021) ........................................ 4, 8

*Goodisman v. Lytle*,
　724 F.2d 818, 820-21 (9th Cir. 1984); [***15] ...............................12

*Gonzales v. Google LLC*,
　2 F.4th 871(9th Cir. 2021) ............................................................... 3

*Green v. Miss USA, LLC*,
　52 F.4th 773 (2022) ......................................................................... 7

*In re Borchert*,
　57 Wn.2d 719 (1961) ..................................................................... 13

*Jamison v. Texas*,
　318 U.S. 413 (1943) ...................................................................... 14

*Levitt v. University of Tex.*,
　759 F.2d 1224, 1230 (5th Cir.) ......................................................12

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*,
　140 S. Ct. 2367 (2020) .................................................................... 7

*Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*,
　138 S. Ct. 1719 (2018) .......................................................4, 7, 8, 10

*Mathews v. Eldrige*,
　424 U.S. 319 (1976) ................................................................. 11, 12

*Mercado v. City of Orlando*,
　407 F.3d 1152 (11th Cir. 2005) ..................................................... 15

*Miller v. Reed*,
　176 F.3d 1202 (9th Cir. 1999) ....................................................... 11

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

iii

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978) ..................................................................................... 13

*New York State Club Ass'n, Inc. v. City of New York,*
    487 U.S. 1 (1988) ......................................................................................... 9

*Oviatt v. Pearce,*
    954 F.2d 1470 (9th Cir. 1992) .................................................................... 14

*Polk Cty. v. Dodson,*
    454 U.S. 312 (1981) ..................................................................................... 14

*Reed v. Town of Gilbert,* 576 U.S. 155, 163 (2015) ........................................... 4

*Rendell-Baker v. Kohn,*
    457 U.S. 830 (1982) ..................................................................................... 13

*Roberts v. U.S. Jaycees,*
    468 U.S. 609 (1984) ....................................................................................... 6

*Roth v. United States,*
    354 U.S. 476 (1957) ....................................................................................... 6

*Rumsfeld v. Forum for Academic & Institutional Rights, Inc.,*
    547 U.S. 47 (2006) ......................................................................................... 6

*San Jose Christian Coll. v. City of Morgan Hill,*
    360 F.3d 1024 (9th Cir. 2004) .................................................................... 11

*Saucier v. Katz,*
    533 U.S. 194 (2001) ..................................................................................... 15

*Schneider v. State,*
    308 U.S. 147 (1939) ..................................................................................... 14

*Sherbert v. Verner,*
    374 U.S. 398 (1963) ....................................................................................... 9

*Shroyer v. New Cingular wireless Servs., Inc.,*
    622 F.3d 1035 (9th Cir. 2010) ...................................................................... 3

*Snyder v. Massachusetts,*
    291 U.S. 97 (1934) ....................................................................................... 12

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

iv

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

*State ex rel. McFerran v. Justice Court*,
    32 Wn.2d 544 (1949) ................................................................ 13

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014) .................................................................. 5

*United States v. Albertini*,
    472 U.S. 675 (1985) ............................................................. 5, 8

*United States v. Caceres*,
    440 U.S. 741, 59 L. Ed. 2d 733, 99 S. Ct. 1465 (1979) .............. 12

*United States v. Classic*,
    313 U.S. 299, 326 (1941)……………………………….....14

*United States v. O'Brien*,
    391 U.S. 367 (1968) ....................................................... 5, 7, 8

*Ward v. Rock Against Racism*,
    491 U.S. 781 (1989) .................................................................. 7

*Wash. v. Glucksberg*,
    521 U.S. 702 (1997) ................................................................ 11

*West v. Atkins*,
    487 U.S. 42 (1988) .................................................................. 14

*Williams v. Seattle*,
    607 F. Supp. 714 (W.D. Wash. 1985) …………………………….. 12

*Wisconsin v. Yoder*,
    406 U.S. 205 (1972) .................................................................. 8

## STATUTES, AND RULES

42 USC § 1983 ........................................................................ 13

Fed. R. Civ. P. 8(a)(2) ............................................................... 3

Wash. Admin. Code § 162-08 .................................................... 12

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

v

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

Wash. Admin. Code § 162-08-061 ..................................................................... 13

Wash. Ct. Rule § 12(b)(1) ................................................................................ 2

Wash. Ct. Rule § 12(b)(6) ............................................................................... 2

Wash. Rev. Code § 4.24.795 ........................................................................... 13

Wash. Rev. Code § 49.60 ........................................................................... 4, 12

Wash. Rev. Code § 49.60.120 ......................................................................... 12

Wash. Rev. Code § 49.60.230(1)(a) ................................................................ 12

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

vi

1

2

## I.     INTRODUCTION

3

4

Plaintiff Olympus Spa is a commercial enterprise with two locations in Lynnwood and

5

Tacoma serving the greater Washington area. The Spa is a traditional Korean spa performing

6

*jjimjilbang, ddemiri*, and *sheshin* procedures which require full nudity, and which is not

optional. The procedures are intimate, lengthy, and precise. The Spa has always had a

7

"female" only policy and discriminated on the basis of sex. Olympus will allow anyone who

8

presents as female in the nude into their spa, but only those who present female in the nude

9

are allowed. This is a business, religious, and cultural choice in consideration of normative

10

societal standards regarding nudity.

11

Under these premises, a complaint was filed claiming violations by the HRC of religion,

12

speech, association, and due process in their investigation of a complaint lodged by a

13

complainant who was born male but identifies as female under the protected class of gender

14

identity within the Washington Law Against Discrimination (WLAD). The complaint alleged

15

a failure to accommodate the complainant due to presenting male in the nude, but never-the-

16

less identified as a woman.

17

## II. SUMMARY OF THE ARGUMENT

18

19

Commercial enterprise(s) have constitutional rights in the business sphere. Olympus Spa

20

was deprived of their constitutional rights when compelled to speak the message of the state on

21

their website and in their policy. The Plaintiffs' religious beliefs run counter to the pre-finding

22

settlement (PFS) they were required to sign. The implications of such forced messaging violated

23

the right to freely associate, or not associate, within the establishment. The actions of the HRC

24

deprived Olympus Spa of their due process rights in that the investigator was entirely incurious

25

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-
00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

as to the truth of the allegations, the veracity of which was called into question. The defense that the complaints of allegations never occurred is absolute. The HRC cannot maintain a position of neutrality when their procedures and policy substantially burden the First Amendment religious rights of the owners, employees, and patrons of Olympus Spa, and violate the same.

### III. FACTS[1]

Olympus Spa has always had restrictions on entry related to age and sex. This restriction is due to the fact that the *jjimjilbang, ddemiri* and *sheshin* are experienced while nude. The faith of the owners requires of them that men and women not be nude together outside of marriage, and, further, that employees who are female not be forced to touch the naked body of the male sex.[2] Olympus Spa will not agree or otherwise state that a person who presents male in the nude is a woman.

The Spa experience begins with a check-in at the front desk where the patron must enter their information prior to admittance. Thereafter, the women are ushered into the locker room and designated a locker, robe, and slippers. Once changed, a woman enters the inner rooms of the Spa.  The heart of the spa contains pools, saunas, and massage tables which are open to all and where the female staff perform the body scrubs (*ddemiri*). The women disrobe and remain completely nude as they move from pool to pool, sauna to sauna, and to the massage tables for

---

[1] For purposes of a 12(b)(6), facts must be construed in a light most favorable to the Plaintiff. As such, each fact is posed as true.
[2] For purposes of this brief the Plaintiffs use sex and gender as separate and distinct classes/groups which have defining characteristics. Sex is defined as a male or female with corresponding genitalia or the appearance of such genitalia, surgery notwithstanding. For complete definitions see Amended Complaint, ECF 24-1at

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

2

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

treatment. The staff rubs a special mixture upon the bodies of the women to remove dead skin cells. ECF 1, 3, 15. The service is prolonged, intimate, and deeply personal.

The all-female staff are trained to work exclusively on a female body and are not trained in the treatment of a male body as that has never been contemplated by the traditional *jjimjilbang/ddemiri*.  The Olympus website read that "biological women are welcome". Amended Complaint, ECF 24-2, Ex. 4.

## IV. ARGUMENT

**A. Claim(s) for relief are sufficiently stated.**

Dismissal under Rule § 12(b)(6) is appropriate "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). The Court must accept as true all factual allegations in the complaint and construe them in a light most favorable to Olympus Spa. *Gonzales v. Google LLC,* 2 F.4th 871, 885 (9th Cir. 2021). The plaintiff's complaint contains a sufficient amount of factual matter, accepted as true, to "state a claim to relief that is plausible on the face of the pleadings." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2).

**B.      Citizens have constitutional rights while engaged in commercial enterprise.**

The issue, as it relates to commercial enterprise, is whether or not Olympus Spa has constitutional rights. They do. The State's position is that Olympus Spa is a place of public accommodation and, because of this, has waived its constitutional rights. Not true. Three times in recent years the Supreme Court has ruled that public accommodation laws do not abrogate constitutional rights. Last term the Supreme Court rejected attempts by Colorado to limit the

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

speech rights of a web designer through public accommodation laws. *303 Creative LLC v. Elenis*, 143 S. Ct. 2298 (2023). To no avail, the City of Philadelphia made similar arguments against  Catholic Charities. *Fulton v. Philadelphia*, 141 S. Ct. 1868, 1880 (2021).  New Jersey did no better in its attempts to limit the constitutional rights of the Boy Scouts. *Boy Scouts of Am. v. Dale*, 530 U.S. 640 (Reversing, the Third Circuit High Court found that a for-profit commercial enterprise enjoyed First Amendment rights).  The Supreme Court has clearly stated that persons engaged in commercial enterprise have constitutional rights. *Burwell v. Hobby Lobby Stores*, Inc., 573 U.S. 682, 710. A baker has free exercise rights, and a web designer has free speech rights in their business pursuits. *See*, *e.g.*, *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719 (2018). Plaintiffs do not cede their constitutional rights by entering the stream of commerce.

Having established that business entities do not leave their constitutional liberties when they enter into commercial endeavors with the public, this brief turns to a discussion of those liberties.

**C. Constitutional rights of Plaintiffs (claims which are redressable)**

**i. Olympus was censored by the State for posting the statement that "biological women are welcome."**[3]

As a starting point, HRC's censorship of the Spa's message on its website is a content-based restriction and presumptively unconstitutional.  *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015) The restriction on the Spa's communication to the public is subject to strict scrutiny.

---

[3] ECF 24-2, Ex. 4.

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

4

Because of this, the burden shifts to the State to plead and prove a compelling state interest which is narrowly tailored. *Id*. 163 This the HRC has not done.

But for the threat made by the HRC, Plaintiffs would not have been compelled to adopt the messaging of the State in their website and policy. While the law is free to promote all sorts of conduct in place of harmful behavior, it is not free to interfere with speech for no better reason than promoting an approved message or discouraging a disfavored one, however enlightened either purpose may strike the government. *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 643 (2000). More recently, the Supreme Court decided that commercial enterprises need not convey a message that defies [their] beliefs and may not be compelled to speak a message that [they] did not wish to produce. *303 Creative LLC v. Elenis,* 143 S. Ct. 2298 (2023) (citing *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 159 (2014)).

The censorship of the Spa does not even pass intermediate scrutiny. Construing the facts alleged in a light most favorable to Plaintiff the court must note the following: Ms. Imiola threatened Olympus Spa with referral to the AG office if they failed to change their website and policy (speech); Plaintiffs were not allowed to speak freely the truth of the male and female biology/sex related to their world view; the right to be nude is not a fundamental liberty interest; the State, through Ms. Imiola, suppressed the message of Olympus' website even after the complaint was found to have been a fabrication. ECF 22-2, p. 16, 18, 20, 22. Here, the actions of the HRC fail intermediate scrutiny under the four-part *Albertini/O'Brien* test because the speech burden is not incidental and the actions of the HRC further no substantial or important government interest. *United States v. Albertini,* 472 U.S. 675, 687-88 (1985) (using and quoting the *O'Brien* test, *United States v. O'Brien,* 391 U.S. 367, 377 (1968)).

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

5

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

1    The HRC has no power to regulate speech as it relates to the Spa's expression of services

2    on their website; therefore, the first *Albertini/O'Brien* prong cannot be satisfied. The second

3    prong fairs no better, the Government has no [substantial or important] interest in ensuring

4    nudity. An MTF [pre-operative] trans person has no fundamental right to be nude and the State

5    cannot lay hold of a valid argument that forbidding the co-mingling of sexes in the nude is an

6    "invidious [act of] discrimination" that warrants government interest. *See e.g., Roberts v. U.S.*

7    *Jaycees*, 468 U.S. 609, 628 (1984). It is not malicious, hostile, or damaging to separate males

8    and females who are nude and refuse to force employees to engage in touching a naked male

9    body. Nudity, per se, is not constitutionally protected conduct/activity. *Erznoznik v. City of*

10   *Jacksonville*, 422 U.S. 205, 211 n. 7 (1975) (quoting *Roth v. United States*, 354 U.S. 476 (1957)

11   (Douglass, J., dissenting)) ("[N]o one would suggest that the First Amendment permits nudity in

12   public places."). Even if the Court could conclude that ensuring the right to nudity as between

13   the sexes "added to the effectiveness" of the government's interest in safeguarding civil rights, it

14   could not propound that goal by forcing Olympus Spa to speak their message under the auspices

15   of the WLAD. *See, Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 67

16   (2006).

17         Under the third prong, the governmental interest displayed here unquestionably relates to

18   the suppression of free speech when it forces a message that the speaker fundamentally disagrees

19   with and may not be forced to speak. *303 Creative*, 143 S. Ct. 2298 (2023). The State's

20   suppression of speech was the sole aim of the investigation following the presentation of

21

22

23

24

25

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

6

evidence that the complainant lied.[4] ECF 24-1 ¶ 40, 41. Among alternative courses of action, the

HRC chose the most restrictive of the speech rights of the plaintiff. All three requirements in the

PFS involved speech and thought policing: 1. change the website language; 2. undergo "training"

to ensure the Plaintiffs properly understood the messaging of the State and complied with their

thinking; 3. allow the State to determine policies of Olympus by review. *Id*. at 47.

Finally, the imposition of WLAD on the Plaintiffs' constitutional rights is far afield from

incidental. *United States v. O'Brien*, 391 U.S. 367 (1968). The restriction on speech is

calculated, deliberate, premeditated, and predictably suppresses the free expression of plaintiffs.

Madison Imiola began a review of the website and did not want the business to express

themselves.

> No one could seriously claim that there would be no 'substantial' effect on religious
> exercise if the Little Sisters of the Poor were required to provide only a single
> contraceptive, *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*,
> 140 S. Ct. 2367, 2376, 207 L. Ed. 2d 819 (2020); if a Seventh-Day Adventist was
> forced to work only a single Sabbath, *Sherbert v. Verner*, 374 U.S. 398, 403, 83 S.
> Ct. 1790, 10 L. Ed. 2d 965 (1963); or if a Christian baker were ordered to bake a
> custom wedding cake for only one homosexual couple, *Masterpiece Cakeshop, Ltd.
> v. Colo. C.R. Comm'n*, 138 S. Ct. 1719, 1724, 201 L. Ed. 2d 35 (2018).

*Green v. Miss USA, LLC*, 52 F.4th 773, 786-787 (2022). There is no government interest here.

The State cannot prove that their actions serve a purpose unrelated to regulating the content of

Plaintiff's expressive rights, and for this reason, the actions are not neutral nor incidental. *See*

*e.g., Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989).

---

[4] Complainant stated in the complaint they came to the spa, then gave a TV interview and stated that it
was a call to the Spa. Plaintiff contends that none of the employees recollect speaking to any caller on
such topics and the complainant alleged speaking to the owner which Plaintiff also denies. Malicious
lying ought to be viewed by the court as sufficiently based in animus as against Olympus.ECF 24-1. P. 10
¶34-35, 24-2 Ex. 4.

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-
00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

None of the *Albertini/O'Brien* requirements are met in this case. *Albertini*, 472 U.S. 675, (1985), *O'Brien*, 391 U.S. 367 (1968). For the foregoing reasons, the actions of the HRC against Olympus Spa cannot pass intermediate scrutiny.

### ii. Free exercise of religion

The application of WLAD by the HRC to Olympus Spa substantially burdens their free exercise rights. A regulation neutral on its face may, as applied, offend the constitutional requirement of government neutrality if it unduly burdens the free exercise of religion. *Wisconsin v. Yoder,* 406 U.S. 205, 220 (1972), *Fulton v. Philadelphia 593 U.S. 141 S. Ct. 1868, 1890 (2021) (*J. Alito concur) (quoting Yoder). The burden on the Spa is substantial. The HRC cannot show how their interest would be adversely affected by granting an exemption [to the Spa]. *Yoder,* 406 U.S. 205, 220 (1972). In fact, they are already attempting to grant an exemption to the group they favor, transgendered individuals. The HRC's favoritism towards this minority group shows animus against other protected groups (i.e., men). *Cf. Masterpiece Cakeshop, Ltd.,* 138 S. Ct. at 1729.

The HRC, through its agents, has created a carve-out for individualized exemptions for favored minority groups, such as transgender individuals, to the exclusion of other protected groups such as males. ECF ¶ 58, 43. The creation of a formal mechanism for granting exceptions renders a policy not generally applicable, regardless of whether any exceptions have been given, because it "invite[s]" the government to decide which reasons for not complying with the policy are worthy of solicitude, *Smith,* 494 U.S., at 884—here, at the [Government Agent's] "sole discretion." *Fulton,* 141 S. Ct. 1868, 1879 (2021).

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

8

Therefore, the actions of the HRC are subject to strict scrutiny and fail. A government policy can survive strict scrutiny only if it advances "interests of the highest order" and is narrowly tailored to achieve those interests. *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 546 (1993) (internal quotation marks omitted). First, nudity is not an interest of the highest order, and, second, to uphold the assertion that HRC seeks to "dispense with invidious discrimination" they cannot create carve-outs for favored groups to the exclusion of other dis-favored groups. To put it another way, the HRC would have to require Olympus Spa to admit any person who wanted access/admission in order to contend that their enforcement is narrowly tailored to achieve the goals of WLAD. The HRC's carve-outs deny them this contention, and their actions fail strict scrutiny review.

### iii. Association

As applied, the WLAD violates the rights of association of employees (Jane Doe Employee 1), and clients (Jane Doe Client 1). Those whom Olympus Spa offers services to, have a singular characteristic which is required: presenting as female while nude. The expression of the association is far removed from the prying eyes of the public and there are multiple doors through which an entrant must pass before the critical aspects of the relationship may be partaken of, that is to say, it is not accessible to the public. Unlike restaurants or other places of public accommodation, the setting is private and removed from public admittance. *See generally*, *New York State Club Ass'n, Inc. v. City of New York,* 487 U.S. 1, 12 (1988).

Entrance is not casual as evidenced by the preliminary requirement of signing in and waiting in an ante-room before the entrance to a private changing room, before entry into the main area where the hallways lead to the restaurant and sweat rooms, and finally, the spa where

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

9

the whirlpools, saunas, and services are located. *See, e.g., Fair Hous. Council v. Roommate.com, LLC*, 666 F.3d 1216, 1221 (9th Cir. 2012). Entrants are vetted at each entry point to ensure they are female. Many relationships which are amongst strangers are deemed intimate: all religious associations, all fraternal and sororal relationships, even the Boy Scouts have little associative activity beyond their small "den." The criteria employed to select those who may gain entry is sufficient in that the sex of the patron is inquired from the beginning and throughout the treatment specifically and by observation. *See, Board of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 547 (1987). Protection of the right to association is especially important in preserving … cultural diversity and in shielding dissident expression from suppression by the majority. Government actions that may unconstitutionally burden this freedom may take many forms, one of which is intrusion into the internal structure or affairs of an association. *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 643 (2000). Nude segregation always has and always will be recognized, acceptable, and related to the norms of society in America.

Unlike the provision of services which are short in duration and in which the "commercial enterprise" is not required to partake in the activity, the services offered by the Spa are very interactive and hands-on as well as lengthy. A person who is baking a cake or arranging flowers can do so without being forced to attend a ceremony or actively partake in the messaging, event, or activity of the customer/client. *See, e.g., Masterpiece Cakeshop, Ltd. V. Colo. C.R. Comm'n*, 138 S. Ct (2018), *Arlene's Flowers, Inc. v. Washington*, 138 S. Ct. 2671 (2018). Not so in the case of Olympus. They will be forced to not only accept but express a reciprocating message that those with a penis are a woman whom their business model expressly provides for.

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

10

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

### iv.  Hybrid rights

Plaintiffs' free exercise claim dovetails with their free speech and association claim(s). Under *Smith*, the Supreme Court accepted "hybrid rights" review from a rational basis and elevated those cases that involve Free Exercise and other constitutional protections, i.e., speech, press, and association, to a strict scrutiny review. *See, San Jose Christian Coll. v. City of Morgan Hill,* 360 F.3d 1024, 1031 (9th Cir. 2004); *Employment Div. v. Smith*, 494 U.S. 872 (1990). A plaintiff must present a colorable claim under a companion right with their free exercise claim. *Miller v. Reed,* 176 F.3d 1202, 1207 (9th Cir. 1999). The facts as alleged, viewed in a light most favorable to Plaintiff(s), sufficiently present hybrid rights claims. Plaintiffs plausibly allege they were censored, (ECF 24-1 ¶ 47, 59-66), and were forced to violate their sincerely held beliefs. *Id*. at 23, 25, 27, 28, 53-58.

### D. Due Process

The Fourteenth Amendment "forbids the government to infringe… 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Wash v. Glucksberg, 521 U.S. 702, 720-721 (1997). Removing the language "biological" from the website does not achieve the goal of the HRC to end discrimination on the basis of gender. The HRC did not give the Spa a meaningful investigation, and heard nothing the Plaintiff had to say. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A compelling state interest cannot be used to compel speech.

### i. Substantive Due Process

Substantive due process claims have two primary features: first, that [the Due Process Clause] specifically protects those fundamental rights and liberties which are, objectively, deeply

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

11

rooted in the Nation's history and tradition," and, second, requires a "careful description" of the

asserted fundamental liberty interest. *Snyder v. Massachusetts,* 291 U.S. 97, 105 (1934). The

asserted liberty interest, freedom of speech, religion, and association, must be heard in a

meaningful manner. *Mathews,* 424 U.S. 319, 333 (1976).  An administrative agency's failure to

follow its own procedure violates the Constitution only when (1) the agency violates minimal

constitutional requirements, or (2) its resulting decision is so arbitrary and capricious that it

amounts to a violation of substantive due process.  *See Goodisman v. Lytle,* 724 F.2d 818, 820-

21 (9th Cir. 1984); [***15]  *Levitt v. University of Tex.,* 759 F.2d 1224, 1230 (5th Cir.), *cert.*

*denied,* U.S., 88 L. Ed. 2d 578, 106 S. Ct. 599 (1985). *See also United States v. Caceres,* 440

U.S. 741, 59 L. Ed. 2d 733, 99 S. Ct. 1465 (1979). In *Williams v. Seattle,* 607 F. Supp. 714

(W.D. Wash. 1985*) Danielson v. Seattle, 45 Wn. App. 235, 244.* The HRC failed to follow the

law tasking it with its investigative powers under RCW §49.60, and the WAC, §162-08 from

which its procedures derive. Rather than investigate the truth of the complaint Ms. Imiola

compelled speech in a PFS of her own design. The PFS was arbitrary and capricious because the

PFS did not relate to the facts as alleged in the complaint by the complainant.

### ii. Procedural Due Process

The duties of Ms. Imiola are to: receive, impartially investigate, and pass upon

complaints alleging unfair practices. RCW § 49.60.120. The complaint is to be filed under oath

or by declaration, RCW § 49.60.230(1)(a). The complainant lied on a written declaration

provided to the State, the grounds upon which the investigation began. An HRC investigator is to

ascertain the facts in order to make an *impartial* finding of "reasonable cause" or "no reasonable

cause." The "unfair practice," if found, is then to be remediated by a means that is up to the

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-
00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

12

Executive Director (ED) or other staff persons pursuant to the ED's direction. The speech that was forced failed to put the complainant in any better position. It is fundamental to our system of justice that judges be fair and unbiased. *See, e.g.*, *Bach v. Sarich*, 74 Wn.2d 575, 582 (1968); *In re Borchert*, 57 Wn.2d 719, 722-23 (1961); *State ex rel. McFerran v. Justice Court*, 32 Wn.2d 544, 549-50 (1949). Here, Ms. Imiola was incurious as to the truth of the accusation leveled against Olympus.

### E. §1983 Claims, Acting Under Color of Law

Madison Imiola, acting under the procedures and policy implemented by Andreta Armstrong of the HRC, violated the rights of plaintiffs. 42 USC § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837-838 (1982). The facts of this case fall squarely within the protections of § 1983 which are not barred under the Eleventh Amendment. Investigators have quasi-judicial authority. WAC § 162-08-061. The investigation is to have a preliminary evaluation of the complaint: § 94 states that *if* the complaint *is true*. The code does not speak to an action wherein a complaint is deemed false and what an investigator is to do. In this case, Ms. Imiola: (1) used the HRC official policy to determine the investigative procedure(s) used, (2) followed the pervasive practice of allowing quasi-judicial authority to investigators to enter PFS, (3) actions were completed without any clear means implemented to supervise Ms. Imiola's authority, and (4) the PFS was a final, authoritative, quasi-judicial act. [5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

---

[5] In the previous order the Court discusses at length the issue of standing and determined that the Plaintiff had suffered harm or threat thereof at the hand of the HRC, ECF 21 p. 15-23.

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

13

(1978).The "deliberate actions" of [Ms. Imiola] are directly attributable to the HRC which caused the deprivation of federal rights. *See*, *e.g.*, *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397 (1997). The defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also*, *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981).

"In order to hold [the Government] liable under § 1983, Plaintiff can show: (1) they possessed a constitutional right of which [they] were deprived; (2) that the [State] had a policy; (3) that the policy 'amounts to deliberate indifference' to [Olympus Spa's] constitutional rights; and (4) that the policy is the 'moving force' behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

### i. Deprivation of a Constitutional Right

"Due Process Clause of the Fourteenth Amendment, violation which the [special relationship] of the Fourteenth Amendment to the rights of freedom of speech. . . . and religion guaranteed by the First. We have repeatedly held that the Fourteenth Amendment has made applicable to the states the guarantees of the First." *Schneider v. State*, 308 U.S. 147, 160, n. 8 (1939); *Jamison v. Texas*, 318 U.S. 413 (1943). "Allegations of fact sufficient to show deprivation of the right of free speech under the First Amendment are sufficient to establish deprivation of a constitutional right guaranteed by the Fourteenth, . . . . whenever it appears that the abridgment of the right is effected under color of a state statute or ordinance." *Douglas v. Jeannette*, 319 U.S. 157, 161-162 (1943).

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

14

### ii. Clearly Established

The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [government agent] that [their] conduct was unlawful in the situation confronted. The right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established. *Saucier v. Katz,* 533 U.S. 194, 197 (2001). When conduct so obviously violates the Constitution, no prior case with a similar factual narrative is necessary to remove qualified immunity. *Mercado v. City of Orlando,* 407 F.3d 1152, 1159 (11th Cir. 2005). Free speech is so well-contoured in our country it is not open to debate that Ms. Imiola could not understand she was abridging speech.

### V. CONCLUSION

The Plaintiffs have alleged sufficient facts for this Court to draw the conclusion that issues material thereto remain. The allegations are not conclusory but well supported within the complaint. The facts stated must be viewed in a light most favorable to the Spa. The Spa has claims which are redressable based on the deprivation of rights described herein. For all of the foregoing reasons, the Court may and ought to find in favor of Plaintiffs and deny Defendant's motion to dismiss.

Respectfully submitted this 27th day of October 2023 in Pasco, Washington.

/s/ Tracy Tribbett
Tracy Tribbett
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs*

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

Pacific Justice Institute
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

15

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered users and that the service of the parties will be affected by the appellate CM/ECF system.

Signed and dated this 27th day of October 2023 in Pasco, Washington

/s/ Tracy Tribbett
Tracy Tribbett, WSBA #35922

Plaintiffs' Response to Defendants' Motion to Dismiss 2:22-cv-00340-LK

Plaintiff's Response, MTD, 2:22-cv-00340-BJR

**Pacific Justice Institute**
6404 Three Rivers Drive
Pasco, WA 99301
(509) 713-9868

16